IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DYAMONE WHITE, *et al.*            PLAINTIFFS

V.            NO: 4:22-CV-62-M-RP

STATE BOARD OF ELECTION
COMMISSIONERS, *et al.*            DEFENDANTS

## ORDER OF RECUSAL

The above styled and numbered cause was assigned to United States District Judge Michael P. Mills on April 25, 2022. Plaintiffs challenge "the district boundaries used in Mississippi's State Supreme Court elections [as diluting] the voting strength of Black Mississippians in violation of the Voting Rights Act and the United States Constitution." (Compl., ECF No. 1, PageID.1-2.) Plaintiffs note that Mississippi "has used the same three at-large voting districts to elect its nine Supreme Court justices since 1987" and observe that "[t]hose districts were drawn by the Legislature over the objections of Black lawmakers, who protested the dilutive effect the proposed plan would have." (*Id.*, PageID.2.) The Complaint expressly references the 1987 legislation that established the district boundaries, stating that "lawmakers offered an amendment to the [legislative] plan that would have created a majority-Black District 1, but the proposal was defeated." (*Id.*, PageID.20; *see also* PageID.47-48.) Plaintiffs also point out that as lawmakers began to consider shifting from partisan to non-partisan judicial elections, "some Black lawmakers expressed opposition to the change, arguing that the move would lead to the election of fewer Black judges." (*Id.*, PageID.21.)

Judicial Canon 3(C)(1)(a) provides that a judge "shall disqualify himself or herself in a proceeding in which … the judge has … personal knowledge of disputed evidentiary facts

concerning the proceeding." I was a member of the Mississippi House of Representatives from 1984 to 1995. In 1987, I voted in favor of the unsuccessful amendment Plaintiffs reference that would have created a majority-Black district, and I voted in favor of the legislation that established the district boundaries Plaintiffs now challenge. Moreover, I authored and shepherded from start to finish the Mississippi Court Reform Act of 1994 which, among other things, established non-partisan judicial elections as well as creating the Mississippi Court of Appeals, numerous new Chancery and Circuit Judgeships, some of which were new majority-Black districts, and the Administrative Office of the Courts. I thus have personal knowledge regarding potentially disputed evidentiary facts, and recusal is appropriate under Judicial Canon 3(1)(a).

Accordingly, Judge Mills, on his own motion, hereby **RECUSES** himself from this cause. It is **ORDERED** that the Clerk of the Court is directed to transfer and re-assign this cause to another United States District Judge in the Northern District of Mississippi.

This the 3rd day of May, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**