**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 4:22-cv-00062-DMB-JMV** |
| **STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES** *in his official capacity as Governor of Mississippi*; **LYNN FITCH** *in her official capacity as Attorney General of Mississippi*; **MICHAEL WATSON** *in his official capacity as Secretary of State of Mississippi* | **DEFENDANTS** |

## ANSWER AND DEFENSES OF STATE DEFENDANTS TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW the defendants, State Board of Election Commissioners, Tate Reeves, in his official capacity as Governor of Mississippi, Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi, (hereinafter collectively "Defendants") by and through counsel, and file this their Answer and Defenses to the Complaint for Declaratory Judgment and Injunctive Relief [Dkt. #1] filed against them by the plaintiffs, Dyamone White, Derrick Simmons, Ty Pinkins, and Constance Olivia Slaughter Harvey-Burwell, (hereinafter collectively "Plaintiffs") herein, as follows:

### FIRST DEFENSE

Defendants allege a lack of subject matter jurisdiction and move for dismissal.

## SECOND DEFENSE

Defendants allege improper venue.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted, and Defendants move for dismissal.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to join necessary and/or indispensable parties, and Defendants move for joinder or, alternatively, for dismissal.

## FIFTH DEFENSE

Defendants allege a lack of standing in bar of Plaintiffs' claims.

## SIXTH DEFENSE

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

## SEVENTH DEFENSE

Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

## EIGHTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, Defendants answer and allege as follows:

1.      The allegations contained in Paragraph 1 of Plaintiffs' Complaint appear to be legal conclusions to which no response is required.  If, however, Defendants are mistaken in their belief and a response is required, Defendants deny all such allegations.

2.      Defendants deny that "Mississippi employs Supreme Court district boundaries that dilute the voting strength of Black Mississippians in Supreme Court elections" as alleged in Paragraph 2 of Plaintiffs' Complaint.  Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants admit that Mississippi's three at-large Supreme Court districts were drawn by the Mississippi Legislature and have been in place since 1987.  Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants deny the allegations contained in the final sentence of Paragraph 4 of Plaintiffs' Complaint and specifically deny any violation of Section 2 of the Voting Rights Act. Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore deny the same.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and specifically deny any violation of Section 2 of the Voting Rights Act.

9.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and specifically deny that Plaintiffs are entitled to any relief whatsoever in the premises.

11. Except to state that the Court has personal jurisdiction over Defendants, Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore deny the same.

14. Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants admit that Derrick Simmons is a state senator representing Mississippi Senate District 12, which includes portions of Bolivar, Coahoma, and Washington Counties. Defendants further admit that Bolivar and Washington Counties are in Supreme Court District 1, and that Coahoma County is in Supreme Court District 3. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore deny the same.

16. Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore deny the same.

4

18.    Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore deny the same.

20.    Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.    Except to state that the law governing the State Board of Election Commissioners, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.    Defendants admit that Tate Reeves is the Governor of the State of Mississippi and is a member of the State Board of Election Commissioners.  Plaintiffs' representation that Governor Reeves is sued in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.    Defendants admit that Lynn Fitch is the Attorney General of the State of Mississippi and is a member of the State Board of Election Commissioners.  Plaintiffs' representation that General Fitch is sued in her official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.    Defendants admit that Michael Watson is the Secretary of State of the State of Mississippi and is a member of the State Board of Election Commissioners.    Plaintiffs'

representation that Secretary Watson is sued in his official capacity is a statement of intent, and as such requires no response from Defendants. Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Except to state that the law, where applicable, and legislative history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 36 of Plaintiffs' Complaint and therefore deny the same.  Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Except to state that the law, where applicable, and Mississippi history, including past and present Supreme Court district maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Except to state that the law, where applicable, and Mississippi history, including past and present Supreme Court district maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants admit that Mississippi's current Supreme Court districts were adopted by the Mississippi Legislature in 1987.  Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendants admit that Mississippi's current Supreme Court districts were adopted by the Mississippi Legislature in 1987 and have been in place since that time.  Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendants admit that Justice Leslie D. King currently serves as Presiding Justice of the Mississippi Supreme Court.  Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Except to state that the law, where applicable, and Mississippi's voting demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Except to state that the law, where applicable, and Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendants admit that Mississippi's three Transportation Commissioners and three Public Service Commissioners are elected on a partisan basis using the same districts utilized for Supreme Court elections.  Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Except to state that the law, where applicable, and Mississippi history, including past and present congressional district maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Except to state that the Mississippi Supreme Court is located in the Carroll Gartin Justice Building, so named in honor of a "wartime combat army officer, two-term mayor and three-

term Lieutenant Governor" of Mississippi who died while serving as Lieutenant Governor, see MISS. CODE ANN. § 29-5-103, and except to further state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.     Except to state that Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Except to state that Mississippi's electoral demographics and voting patterns, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Except to state that Mississippi's electoral demographics and voting patterns, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Except to state that the law, where applicable, and Mississippi's voting demographics and electoral history, as determined from accurate sources and where applicable,

will speak for themselves, Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Except to state that Mississippi history and socioeconomic data, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Except to state that Mississippi history and socioeconomic data, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Except to state that Mississippi income and employment data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Except to state that Mississippi housing and homeownership data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Except to state that Mississippi education data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.     Except to state that Mississippi health data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.     Except to state that Mississippi criminal justice data, including incarceration rates, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Except to state that the law, where applicable, and Mississippi's voting demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

16

105.     Except to state that Mississippi history and voting demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.     Defendants admit that Mississippi's three Transportation Commissioners and three Public Service Commissioners are elected using the same districts utilized for Supreme Court elections.  Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.     Except to state that Mississippi history and demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint and specifically deny these allegations to the extent they state or imply that "Black voters [cannot] elect candidates of choice."

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.     Except to state that Mississippi's current Supreme Court districts have been in place since 1987, Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, and except to further state that the article cited in footnote 6 to Paragraph 124 of Plaintiffs' Complaint, to the extent applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.     Except to state that Mississippi's electoral history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.     Except to state that Mississippi's current Supreme Court districts have been in place since 1987, and except to further state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.     Defendants deny the allegations contained in the first sentence of Paragraph 128 of Plaintiffs' Complaint.  Except to state that the law, where applicable, and Mississippi history, as

determined from accurate sources and where applicable, will speak for themselves, Defendants deny the remaining allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.     Except to state that Mississippi's current Supreme Court districts have been in place since 1987, Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

## COUNT 1

140.     Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.     Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.     Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.     Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.     Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

## COUNT 2

145.    Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

Defendants deny the allegations contained in the unnumbered paragraph and Sub-paragraphs A. through G. thereunder, following Paragraph 151 of Plaintiffs' Complaint under the heading "PRAYER FOR RELIEF" and commencing "WHEREFORE," and Defendants further deny that Plaintiffs, or any of them, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, or costs, or to any sum or relief whatsoever of, from, or against Defendants, or any of them, herein.

**NINTH DEFENSE**

Defendants deny each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

**TENTH DEFENSE**

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

**ELEVENTH DEFENSE**

To the extent applicable, Defendants invoke the doctrines of res judicata and collateral estoppel in bar of Plaintiffs' claims.

**TWELFTH DEFENSE**

Some or all of Plaintiffs' claims are subject to 28 U.S.C. § 2284, and Defendants hereby invoke all applicable provisions and protections thereof in defense of Plaintiffs' claims.

**THIRTEENTH DEFENSE**

Defendants allege that Plaintiffs' claims sought to be asserted under Section 2 of the Voting Rights Act are barred for lack of a private right of action.

**FOURTEENTH DEFENSE**

To the extent Section 2 of the Voting Rights Act prohibits voting measures without proof of intentional discrimination, Section 2 exceeds the authority granted to Congress by the Fourteenth and/or Fifteenth Amendment(s) to the United States Constitution.

### FIFTEENTH DEFENSE

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

### SIXTEENTH DEFENSE

Plaintiffs' claims constitute a non-justiciable political question.

### SEVENTEENTH DEFENSE

To the extent applicable, Defendants invoke the *Rooker-Feldman* doctrine in bar of Plaintiffs' claims.

### EIGHTEENTH DEFENSE

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendants do not waive and further reserve any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against them herein, Defendants State Board of Election Commissioners, Tate Reeves, in his official capacity as Governor of Mississippi, Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 16th day of June, 2022.

24

Respectfully submitted,

STATE BOARD OF ELECTION
COMMISSIONERS, TATE REEVES, IN HIS
OFFICIAL CAPACITY AS GOVERNOR OF
MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
MISSISSIPPI, AND MICHAEL WATSON, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF
STATE OF MISSISSIPPI, DEFENDANTS

By:     LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:     s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Tel.:  (601) 968-5500
Fax:  (601) 944-7738
mbw@wisecarter.com

ATTORNEYS FOR DEFENDANTS STATE
BOARD OF ELECTION COMMISSIONERS,
TATE REEVES, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF MISSISSIPPI,  LYNN
FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI, AND
MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI

## <u>CERTIFICATE OF SERVICE</u>

 I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

 THIS the 16th day of June, 2022.

<u>s/Rex M. Shannon III</u>
REX M. SHANNON III

26