# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL**                                                    **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: 4:22-cv-62-DMB-JMV**

**STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES** *in his official capacity as Governor of Mississippi*; **LYNN FITCH in her** *official capacity as Attorney General of Mississippi*; **MICHAEL WATSON** *in his official capacity as Secretary of State of Mississippi*                                        **DEFENDANTS**

## RULE 16 INITIAL ORDER

The court will conduct a telephonic Case Management Conference (CMC) in this action on **JULY 19, 2022,** at **10:00 a.m.** before:

> Magistrate Judge Jane M. Virden
> 305 Main Street, Room 364
> Greenville, MS 38701
> Telephone Number to use for CMC: (662) 335-9214
> Email: judge_virden@msnd.uscourts.gov

UNLESS OTHERWISE AGREED, IT SHALL BE THE RESPONSIBILITY OF COUNSEL FOR THE PLAINTIFFS TO ARRANGE AND INITIATE THE CONFERENCE CALL AND ONCE ALL PARTIES ARE ON THE LINE PLACE THE CALL TO THE NUMBER ABOVE. THE MAGISTRATE JUDGE MAY REQUIRE COUNSEL AND THE PARTIES TO PARTICIPATE IN THE CMC.

**PLEASE NOTE:** Counsel must use the **latest version of the Case Management Order Form** on the court web site at https://www.msnd.uscourts.gov/forms/cs-mgmt-ordr as Form No. 1 in the Uniform Local Civil Rules, effective December 1, 2015, in discussions and preparation for the CMC. Because the Form is updated regularly, counsel should **always use the link to the**

**Form** rather than saving the Form to counsel's computer system. **Do NOT print the Form to PDF** before sending it to the court; instead, save the document and forward it to the court in that format so that the court can insert changes made at the Case Management Conference.

## FED. R. CIV. P. 26(F) ATTORNEY CONFERENCE

AT LEAST twenty-one days before the CMC, counsel must confer in person or telephonically and be prepared to report to the court:

1.      The principal factual and legal issues in dispute;

2.      The principal evidentiary basis for claims and defenses;

3.      The number of days required for trial, whether the parties intend to call experts, the total number and the fields of expertise likely to be necessary, and whether the case should be considered for Alternative Dispute Resolution (ADR);

4.      Any motions whose early resolution would have significant impact on the scope of discovery or other aspects of the litigation;

5.      What additional discovery is required beyond the voluntary disclosures and initial depositions of the parties, with designated time limitations;

6.      Each of the eleven discrete matters related to electronically stored information specified in L.U.CIV.R. 26(e)(2)(B);

7.      Whether all parties consent to jurisdiction by a magistrate judge;

8.      The appropriate time for a L.U.CIV.R. 16(g) settlement conference;

9.      Both settlement prospects and the costs of going through litigation and the appeal process, which counsel must explore fully with each other and their respective clients and represent to the court that they have done; and,

10.     The contents of a proposed case management order. The court will determine all deadlines at the Case Management Conference itself.

**PROPOSED CASE MANAGEMENT ORDER**
**CONFIDENTIAL SETTLEMENT MEMORANDA**

Counsel must submit a proposed case management order **by e-mail (NO FAXES)** to the magistrate judge, at **judge_virden@msnd.uscourts.gov**, no later than **JULY 5, 2022**. At the same time counsel must also submit a memorandum (3-page maximum) with a brief explanation of the case and a candid appraisal of the parties' respective positions, including possible settlement figures and a good faith estimate of the expense of carrying the litigation through trial and the appellate process, if not settled. Counsel must have discussed and will represent to the court that they have in fact discussed, these costs with their respective clients and must be prepared to candidly discuss them with the court. These memoranda are **not** to be exchanged, will be viewed only by the court, will not become a part of the record and will be destroyed upon the resolution of the case.

**CASE MANAGEMENT PLAN**

At the Case Management Conference, the court and the parties will:

1.  Identify the principal factual and legal issues in dispute;

2.  Identify the alternative dispute resolution procedure which counsel intend to use, or report specifically why no such procedure would assist in the resolution of the case;

3.  Indicate whether all parties consent to jurisdiction by a magistrate judge;

4.  Review the parties' compliance with their disclosure obligations and consider whether to order additional disclosures;

5.  Determine whether there is discoverable ESI and, if so, the means by which it will be obtained and produced;

6.  Determine whether early filing of any motions might significantly affect the scope of discovery or other aspects of the litigation, and provide for the staged resolution, or bifurcation of issues for trial consistent with FED.R.CIV.P. 42(b);

7.  Determine the plan for at least the first stage of discovery; impose limitations on each discovery tool, time periods and other appropriate matters;

8.  Determine the date for a settlement conference or mediation; and

9.  Set appropriate deadlines for completion of discovery and filing motions and dates for the final pretrial conference and trial.

## **CASE MANAGEMENT ORDER**

The court will enter a Case Management Order within seven days of the conference.

This, the 17th day of June, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**