IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
Greenville Division

| | |
|---|---|
| DYAMONE WHITE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE BOARD OF ELECTION COMMISSIONERS, et al., <br><br> *Defendants.* | ) <br> ) No. 4:22-cv-00062-SA-JMV <br> ) <br> ) **PLAINTIFFS' INITIAL DISCLOSURES** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs make the following initial disclosures. These disclosures are timely made as of August 9, 2022 by agreement of the parties and as reflecting in the operative Case Management Order.

## INITIAL DISCLOSURE QUALIFICATIONS

These initial disclosures are made upon information presently known to Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or at trial such data, information or documents as are: (a) subsequently discovered; (b) subsequently determined to be relevant for any purpose; or (c) subsequently determined to have been omitted from this and any supplemental disclosure statements. By making these disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness that may be relevant to the issues in this lawsuit, or on which Plaintiffs may rely in support of their claims or defenses. Nor do Plaintiffs waive their rights to object to the disclosure of any person, document, or thing on the basis of any applicable privilege, the work product doctrine, relevancy, competency, materiality, undue burden, hearsay, or any other valid objection in response to any discovery request or proceeding in this case. Further, Plaintiffs reserve all rights to present at trial or other hearing in



EXHIBIT A

this matter additional witnesses and evidence not presently identified or encompassed by these disclosures, and to present any rebuttal or impeachment evidence they deem appropriate.

## INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)

**(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following individuals are likely to have discoverable information that Plaintiffs may use to support their claims and/or defenses, not including information to be used solely for impeachment. The general subject matter of information does not in any way limit Plaintiffs' right to question or call any individual listed to testify regarding any other subject.

1. Dyamone White
   c/o American Civil Liberties Union of Mississippi Foundation
   233 East Capitol Street
   Jackson, MS 39201
   (601) 354-3408

   Ms. White may have information regarding:

   - Ms. White's voting history;
   - Demographic changes in the State;
   - Demographics of eligible voters in the State, including by race and ethnicity;
   - Voting patterns in the State by demographic, including by race and ethnicity;
   - The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
   - The extent to which Black Mississippians bear the effects of discrimination in the State;
   - Elected officials' lack of responsiveness to the particularized needs of Black voters;
   - Overt or subtle racial appeals in campaigns; and
   - Communities of interest within the State.

2. Ty Pinkins
   c/o American Civil Liberties Union of Mississippi Foundation
   233 East Capitol Street
   Jackson, MS 39201
   (601) 354-3408

Mr. Pinkins may have information regarding:

- Mr. Pinkins' voting history;
- Demographic changes in the State;
- Demographics of eligible voters in the State, including by race and ethnicity;
- Voting patterns in the State by demographic, including by race and ethnicity;
- The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
- The extent to which Black Mississippians bear the effects of discrimination in the State;
- Elected officials' lack of responsiveness to the particularized needs of Black voters;
- Overt or subtle racial appeals in campaigns; and
- Communities of interest within the State.

3. Senator Derrick Simmons
c/o American Civil Liberties Union of Mississippi Foundation
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408

Sen. Simmons may have information regarding:

- Mr. Simmons' voting history;
- Demographic changes in the State;
- Demographics of eligible voters in the State, including by race and ethnicity;
- Voting patterns in the State by demographic, including by race and ethnicity;
- The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
- The extent to which Black Mississippians bear the effects of discrimination in the State;
- Elected officials' lack of responsiveness to the particularized needs of Black voters;
- Overt or subtle racial appeals in campaigns;
- Communities of interest within the State;
- The State legislative process; and
- Past and contemplated legislative initiatives or proposals concerning redistricting.

4. Constance Burwell
c/o American Civil Liberties Union of Mississippi Foundation
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408

Ms. Burwell may have information regarding:

- Ms. Burwell's voting history;
- Demographic changes in the State;
- Demographics of eligible voters in the State, including by race and ethnicity;
- Voting patterns in the State by demographic, including by race and ethnicity;
- The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
- The extent to which Black Mississippians bear the effects of discrimination in the State;
- Elected officials' lack of responsiveness to the particularized needs of Black voters;
- Overt or subtle racial appeals in campaigns; and
- Communities of interest within the State.

5. Governor Tate Reeves
   c/o Mississippi Attorney General's Office
   550 High Street, Suite 1100
   Post Office Box 220
   Jackson, Mississippi 39205-0220

   Governor Reeves may have information regarding:

   - Gubernatorial appointments to the Supreme Court;
   - Enforcement of State election law;
   - The process, administration, and timeline of upcoming elections;
   - Demographics of eligible voters in the State, including by race and ethnicity;
   - Voting patterns in the State by demographic, including by race and ethnicity;
   - The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
   - The extent to which Black Mississippians bear the effects of discrimination in the State;
   - Elected officials' lack of responsiveness to the particularized needs of Black voters;
   - Policies, procedures and practices of the State Board of Election Commissioners; and
   - Past and contemplated legislative initiatives or proposals concerning redistricting.

6. Secretary of State Michael Watson
   c/o Mississippi Attorney General's Office
   550 High Street, Suite 1100
   Post Office Box 220
   Jackson, Mississippi 39205-0220

Secretary of State Watson may have information regarding:

- Administration of State elections;
- State election records;
- Enforcement of State election law;
- The process, administration, and timeline of upcoming elections;
- Demographics of eligible voters in the State, including by race and ethnicity;
- Voting patterns in the State by demographic, including by race and ethnicity;
- The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
- The extent to which Black Mississippians bear the effects of discrimination in the State;
- Policies, procedures and practices of the State Board of Election Commissioners;
- Past and contemplated legislative initiatives or proposals concerning redistricting; and
- Elected officials' lack of responsiveness to the particularized needs of Black voters.

7. Attorney General Lynn Fitch
   c/o Mississippi Attorney General's Office
   550 High Street, Suite 1100
   Post Office Box 220
   Jackson, Mississippi 39205-0220

   Attorney General Fitch may have information regarding:

   - Enforcement of State election law;
   - The process, administration, and timeline of upcoming elections;
   - Demographics of eligible voters in the State, including by race and ethnicity;
   - Voting patterns in the State by demographic, including by race and ethnicity;
   - The impact of the current Supreme Court election districts on Black voters' ability to elect candidates of their choice;
   - The extent to which Black Mississippians bear the effects of discrimination in the State;
   - Policies, procedures and practices of the State Board of Election Commissioners;
   - Past and contemplated legislative initiatives or proposals concerning redistricting; and
   - Elected officials' lack of responsiveness to the particularized needs of Black voters.

8. In addition to the foregoing individuals, the following categories of persons may have relevant information regarding some or all of the topics identified in items 1-7 above:

- Current and former employees, officials, and staff of the Mississippi Governor's office, Secretary of State's office, Attorney General's office, and State Board of Election Commissioners.

- Current and former Justices of the Supreme Court and other Court personnel.

- Candidates for judicial office in Mississippi from past and upcoming judicial elections, particularly candidates for election to the position of Justice of the Supreme Court in District 1.

- Current and former Members and staff of the Mississippi Senate and House of Representatives with knowledge of prior or contemplated legislative initiatives or proposals concerning redistricting.

- Voters in Mississippi elections, particularly those residing in the Mississippi Delta region.

Plaintiffs may learn of the identities of additional individuals encompassed by Fed. R. Civ. P. 26(a)(1) that are presently unknown or whose relevance to this matter is presently not appreciated. Plaintiffs reserve the right, without taking on any obligation greater than that imposed upon Plaintiffs by applicable law, to supplement and/or amend the information set forth above in these Initial Disclosures.

  (ii) **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Documents, electronically stored information, and tangible things (if any) relevant to this matter are not personal to Plaintiffs. Plaintiffs, by and through counsel, will collect relevant information from Defendants, third parties, and public records during the discovery period to support Plaintiffs' claims or defenses. Such documents include the following categories of information. By identifying these categories, Plaintiff does not waive any objection, privilege, or protection and expressly reserves the right to challenge the relevance or admissibility of any document at trial or any other proceeding in this matter.

- Quantitative data regarding voting districts, demographics, voting patterns, and election returns in the State;

- Legislative and public records regarding drawing of current district lines and proposed changes, including news articles, legislative history materials, correspondence, and memoranda;

- Judicial campaign materials and public records related thereto, including news articles, legislative history materials, correspondence, and memoranda;

- Records concerning gubernatorial appointments of Supreme Court justices, including news articles, executive orders, proclamations, and similar records, correspondence, and memoranda;

- Data and historical records relevant to the factors enumerated in the Senate Report that accompanied the 1982 Voting Rights Act Amendments, S. Rep. No. 97-417, at 28-29 (1982);

- Documents concerning Defendants' alleged defenses; and

- Documents sufficient to establish Plaintiffs' costs and fees.

Plaintiffs will produce documents relating to the foregoing to the extent such documents are within Plaintiffs' possession, custody, or control and as required by the Court's Orders and the Federal and Local Rules. Plaintiffs may learn of additional documents encompassed by Fed. R. Civ. P. 26(a)(1) that are presently unknown, or for which the relevancy may later be appreciated. Plaintiffs reserve the right, without taking on any obligation greater than that imposed upon Plaintiffs by applicable law, to supplement and/or amend the categories and locations of documents described in these Initial Disclosures.

    **(iii) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs seek litigation costs (including expert witness fees) and reasonable attorneys' fees pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988, which cannot be calculated until the

7

conclusion of the case, as well as any other, further, or different relief that the Court may deem equitable and just. Plaintiffs will supplement this response as necessary.

      (iv)    **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

No claim for damages is asserted against Plaintiffs, and Plaintiffs therefore are not aware of any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment for damages that may be entered in the action or to indemnify or reimburse Plaintiffs for payments made to satisfy a judgment.

Dated: August 9, 2022

/s/ Joshua F. Tom
AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*
*Lcollier@aclu-ms.org*
*Vlyons@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood*
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*
*irethy@stblaw.com*

ACLU FOUNDATION
Ari J. Savitzky*
Samantha Osaki*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*sosaki@aclu.org*
*slakin@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard*
Liza Weisberg*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*liza.weisberg@splcenter.org*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Joshua Tom, hereby certify that on August 9, 2022, I emailed the foregoing to Counsel for Defendants, and simultaneously filed a Notice of Service of Initial Disclosures with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/: Joshua Tom
Joshua Tom, MSB # 105392