# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| DYAMONE WHITE, et al., | ) | No. 4:22-cv-00062-SA-JMV |
| *Plaintiffs,* | ) | |
| v. | ) | **PLAINTIFFS' RESPONSES AND** |
| | ) | **OBJECTIONS TO DEFENDANTS'** |
| STATE BOARD OF ELECTION | ) | **FIRST SET OF INTERROGATORIES** |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| *Defendant.* | | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, hereby respond and object to Defendants' First Set of Interrogatories.

These responses are based solely upon the information and documentation currently available and known to Plaintiffs. The responses and objections herein are those that Plaintiffs believe fairly represent their position at this stage in the litigation, and are based upon current discovery and investigation in the litigation. It is anticipated that further discovery, investigation, and legal analysis may supply additional facts, give new meaning to known facts, or entail new factual conclusions and legal contentions. Because discovery is continuing, and Plaintiffs have not completed preparation for trial, the responses and objections may be subject to omission or error. For the foregoing reasons, Plaintiffs reserve their right, without conceding any obligation beyond what may be imposed by law, to modify, supplement, clarify, or further explain such responses or objections at any time in the future, based upon further investigation or discovery.



EXHIBIT
B

## GENERAL OBJECTIONS

The following general objections apply to each of the Interrogatories and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the numbered interrogatories.

1.      Plaintiffs object to the Interrogatories because and to the extent they purport to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Rules.  Plaintiffs will respond to the Interrogatories as required by those Rules.

2.      Plaintiffs object to the Interrogatories because and to the extent that they are overbroad and unduly burdensome.

3.      Plaintiffs object to the Interrogatories because and to the extent that they seek information that is neither relevant to the allegations of the complaint nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to Defendants' Interrogatories because and to the extent that they would require Plaintiffs to search for and provide information that is not in Plaintiffs' possession, custody or control, or to create documents that are not currently in the possession of Plaintiffs.

5.      Plaintiffs object to Defendants' Interrogatories because and to the extent that they are vague, ambiguous and unclear, including Defendants' use of terms that are not defined and/or not otherwise susceptible to any single meaning.

6.      Plaintiffs object to Defendants' Interrogatories because and to the extent that they seek to impose obligations to compile or analyze publicly available information, or to compile or analyze information that is equally or more easily available to Defendants than it is to Plaintiffs.

7.      Plaintiffs object to Defendants' Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Plaintiffs' response to Defendants' Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity.

8.      The absence of a specific objection to any particular aspect of Defendants' Interrogatories is not, and should not be construed as, an admission that responsive information exists.

9.      One or more of these General Objections may be restated in whole or in part or more of Plaintiffs' Specific Objections and Responses to particular Interrogatories. However, the absence of such restatement in Plaintiffs' Specific Objections and Responses to other Interrogatories does not mean that these General Objections are inapplicable.

## Specific Objections and Responses

**INTERROGATORY NO. 1:** For each Plaintiff, state your full name, nicknames and any aliases, present address, the date and place of your birth, your social security number, and, if you have a driver's license, the state of issuance and your driver's license number.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiffs object to Interrogatory No. 1 to the extent it requests Plaintiffs' social security numbers, as this information is sensitive personal information that is not relevant to Plaintiffs' claims or Defendants' defenses. Plaintiffs also object to this interrogatory to the extent it requests Plaintiffs' driver's license numbers, as this information is sensitive personal information. Plaintiffs will provide driver's license numbers upon entry of a Protective Order.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows:

a) Dyamone White

3

      i.    Full Name: Dyamone LaKandia White

      ii.   Nicknames/Aliases: N/A

     iii.  Present Address: ██████████████████

     iv.  Date and Place of Birth: ██████████, Jackson, Mississippi

      v.  Driver's License, State of Issuance, and Driver's License Number: Mississippi

b) Derrick Simmons

      i.    Full Name: Derrick Terrell Simmons

      ii.   Nicknames/Aliases: N/A

     iii.  Present Address: ████████████████████

     iv.  Date and Place of Birth: ██████████, Greenville, Mississippi

      v.  Driver's License, State of Issuance, and Driver's License Number: Mississippi

c) Ty Pinkins

      i.    Full Name: Tyrone Cortez Pinkins

      ii.   Nicknames/Aliases: Ty

     iii.  Present Address: ██████████████████

     iv.  Date and Place of Birth: ██████████, Rolling Fork, Mississippi

      v.  Driver's License, State of Issuance, and Driver's License Number: Mississippi

d) Constance Olivia Slaughter Harvey-Burwell

      i.    Full Name: Constance Olivia Slaughter Harvey-Burwell

      ii.   Nicknames/Aliases: N/A

     iii.  Present Address: ███████████████████

     iv.  Date and Place of Birth: ██████████, Jackson, Mississippi

      v.  Driver's License, State of Issuance, and Driver's License Number: Mississippi

**INTERROGATORY NO. 2:** For each Plaintiff, please state each and every election you voted in since the year 2000.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiffs incorporate their general objections in response to Interrogatory No. 2. Plaintiffs further object to this interrogatory to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this Interrogatory seeks voter history information that is within the State's knowledge or possession. Plaintiffs object that the interrogatory requests individual voters to recollect their personal voting history, election-by-election, for the last two decades is burdensome, particularly insofar as such information is available to Defendants from more authoritative sources to which Defendants already have access. Plaintiffs respond to the best of their present recollection, and the omission of a particular election year below should not be interpreted as an affirmative assertion that each such Plaintiff did not vote in an election during such year. Further relevant information concerning additional elections may subsequently be recalled or discovered, and Plaintiffs reserve the right to supplement these interrogatories to reflect this, and to otherwise rely on additional evidence that may subsequently come to light.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs recall voting in elections in the following years between 2000 and 2021, inclusive:

a) Dyamone White

    i. 2010

    ii. 2011

    iii. 2012

    iv. 2013

   v.  2014

   vi.  2015

   vii.  2016

   viii.  2017

   ix.  2018

   x.  2019

   xi.  2020

   i.  2021

b) Derrick Simmons

   i.  2000

   ii.  2004

   iii.  2007

   iv.  2008

   v.  2010

   vi.  2011

   vii.  2012

   viii.  2014

   ix.  2015

   x.  2016

   xi.  2018

   xii.  2019

   xiii.  2020

c) Ty Pinkins

      i.    2000

      ii.    2004

      iii.    2008

      iv.    2012

      v.    2016

      vi.    2018

      vii.    2019

      viii.    2020

d) Constance Olivia Slaughter Harvey-Burwell

      i.    2000

      ii.    2004

      iii.    2008

      iv.    2012

      v.    2016

      vi.    2020

**INTERROGATORY NO. 3:** Identify all individuals who have knowledge of facts or discoverable information pertaining to the subject violation or the facts upon which you are relying or may rely in this case.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiffs incorporate their general objections in response to Interrogatory No. 3.

Subject to and without waiver of their general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures. Plaintiffs reserve the right to modify and supplement their response, as discovery is ongoing.

**INTERROGATORY NO. 4:** Without limiting the foregoing interrogatory, identify all individuals whom you may call as witnesses at trial.

**RESPONSE TO INTERROGATORY NO. 4:** Plaintiffs incorporate their general objections in response to Interrogatory No. 4. Plaintiffs also object to this interrogatory on the grounds that it is premature and purports to impose obligations greater than and different from those contemplated by applicable law.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs will disclose their trial witness list as required by the Court's scheduling order and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:** Identify each and every fact on which you rely in support of your allegation that there was a violation of Section 2 of the Voting Rights Act, as alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:** Plaintiffs incorporate their general objections in response to Interrogatory No. 5. Plaintiffs further object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "each any every fact" supporting their claims at the outset of discovery.

**INTERROGATORY NO. 6:** In Paragraph 1 of the Complaint, you allege that "the district boundaries used in Mississippi's State Supreme Court elections dilute the voting strength of Black Mississippians in violation of the Voting Rights Act and the United States Constitution" and that "th[e]se districts must be redrawn so that Black voters in Mississippi have a full and fair opportunity to elect candidates of their choice." Please identify all facts, witnesses, opinions, and documents that support these allegations and describe how you contend the districts must be redrawn so that black voters in Mississippi have a full and fair opportunity to elect candidates of their choice.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiffs incorporate their general objections in response to Interrogatory No. 6. Plaintiffs further object to this interrogatory on the grounds that it is compound, overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law. Plaintiffs further object to

this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Mississippi has used the same three at-large voting districts to elect its nine Supreme Court justices since 1987. Under the current district boundaries, Black voters, despite comprising a majority of the population in certain regions of the State, and despite comprising almost 40 percent of Mississippi's population, do not constitute a majority in any one Supreme Court district. The Mississippi Supreme Court has only had four Black justices in its entire history. Mississippi has a well-documented and ongoing record of voting discrimination that has been recognized by federal courts. *See, e.g., League of United Latin Am. Citizens v. Clements*, 999 F.2d 831, 866 (5th Cir. 1993); *Clark v. Calhoun County, Miss.*, 88 F.3d 1393, 1399 (5th Cir. 1996). With respect to the Supreme Court districting scheme, the degree of racially polarized voting means that, despite being numerous and compact enough to comprise a majority in at least one of three Supreme Court districts, the preferred candidates of Black voters will typically be defeated by a white majority in each of the districts under the current districting scheme. *See* Compl. ¶¶ 60, 61, 62.

Plaintiffs contend that District 1 could be redrawn to have a Black voting age majority, such that Black voters have an opportunity to elect candidates of choice, without changes to the overall three-district framework for Mississippi Supreme Court elections. The change would keep the State's overall districting scheme for Supreme Court elections intact, while also ensuring those elections comply with federal law. In its current configuration, the Black voting age population of District 1 is approximately 49%. This figure could be brought to over 50% in any number of configurations and without splitting any county lines or altering the overall orientation of the

districts, such that Black voters would have the opportunity to elect candidates of choice. The basis for this contention will be set forth in the course of expert discovery in this matter.

Plaintiffs further refer Defendants to Plaintiffs' Initial Disclosures for further identification of witnesses and documents relevant to Plaintiffs' claims.

**INTERROGATORY NO. 7:** In Paragraph 5 of the Complaint, you allege that "the district representing the center of the State—District 1—could readily be redrawn, in a manner consistent with traditional districting principles, to have a Black voting age majority, such that Black voters have an opportunity to elect candidates of choice." Please identify all facts, witnesses, opinions, and documents that support these allegations and provide a description of how you contend the districts should be redrawn in a manner consistent with traditional districting principles to have a black voting age majority such that black voters have an opportunity to elect candidates of choice.

**RESPONSE TO INTERROGATORY NO. 7:** Plaintiffs incorporate their general objections in response to Interrogatory No. 7. Plaintiffs further object to this interrogatory on the grounds that it is compound, overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Please see Plaintiffs' Response to Interrogatory No. 6. Plaintiffs will provide disclosures related to expert testimony under the Court's scheduling order and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 8:** In Paragraph 6 of the Complaint, you allege that "Mississippi's failure to draw new district lines that fairly reflect the voting strength of Black voters also violates the United States Constitution, which prohibits States from maintaining or reaffirming electoral structures for a discriminatory purpose. Here, the State has continued to use its Supreme Court districts even though their discriminatory effects are by now obvious and have long been understood. The same modest changes to District 1 would remedy this constitutional violation as well." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiffs incorporate their general objections in response to Interrogatory No. 8. Plaintiffs further object to this interrogatory on the

grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery.

**INTERROGATORY NO. 9:** In Paragraph 12 of the Complaint, you allege that "[t]he effects of the unlawful challenged districts are acutely experienced in this District—including in portions of Supreme Court District 1 that currently lie within the Northern District, and in portions of the Mississippi Delta region that also lie in the Northern District that would be part of Supreme Court District 1, if it was redrawn in conformity with the Voting Rights Act and the Constitution." Please identify all facts, witnesses, opinions, and documents that support these allegations and provide a description of how you contend Supreme Court districts should be redrawn to conform with the Voting Rights Act and the Constitution.

**RESPONSE TO INTERROGATORY NO. 9:** Plaintiffs incorporate their general objections in response to Interrogatory No. 9. Plaintiffs further object to this interrogatory on the grounds that it is compound, overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Please see Plaintiffs' Response to Interrogatory No. 7.

**INTERROGATORY NO. 10:** In Paragraphs 14, 16, 18, and 20 of the Complaint, you allege that you live "in a region where Black Mississippians form a cohesive political community that is sufficiently large and geographically compact to constitute a majority of eligible voters in a district in which Black voters would have the opportunity to elect candidates of their choice for the Mississippi Supreme Court. However, under the challenged Supreme Court districting scheme, candidates of choice for Black voters will typically be outvoted by the white majority in the district." Please identify all facts, witnesses, opinions, and documents that support these allegations; provide a geographic description of the cohesive political community that you maintain is sufficiently large and geographically compact to constitute a majority of eligible voters in a district in which black voters would have the opportunity to elect candidates of their choice for the Mississippi Supreme Court; and provide a list of all elections in which the choice of black voters has been outvoted by the white majority in the district.

**RESPONSE TO INTERROGATORY NO. 10:** Plaintiffs incorporate their general objections in response to Interrogatory No. 10. Plaintiffs further object to this interrogatory on the grounds that it is compound, overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs state that Mississippi's population is nearly 40% Black according to the 2020 Census, and that Black voters are particularly concentrated in certain areas of the State, including but not limited to the Mississippi Delta area and Hinds County, where Black voters form a substantial majority.

Consistent with that, there are numerous whole-county-only, three-district configurations that could yield a Black-voting-age-majority Supreme Court district in which Black voters would have an opportunity to elect candidates of choice. Notably, by way of example only, Mississippi's congressional map, a four-district system, has one district with a Black voting-age population of over 60% without even including all of majority-Black Hinds County.

Under the lines as drawn, Black-preferred candidates are typically outvoted by white bloc voting. Among other elections, this occurred in 2012 and in 2020, in the last two contested Supreme Court elections that involved a white candidate and a Black candidate. *See, e.g.*, Compl. ¶¶ 54, 55, 60. This also occurred in a number of recent biracial contests for Public Service Commission and Transportation Commission. *See, e.g.*, Compl. ¶ 61.

**INTERROGATORY NO. 11:** In Paragraph 58 of the Complaint, you allege that "Mississippi's Black population is sufficiently numerous and geographically compact to constitute a majority of the voting-age population in one of the three Supreme Court districts. In its current configuration, the Black voting age population of District 1 in particular is approximately 49%.

12

This figure could be brought over 50% in any number of configurations and without splitting any county lines or altering the overall orientation of the districts, such that Black voters would have the opportunity to elect candidates of choice in District 1." Please identify all facts, witnesses, opinions, and documents that support these allegations, and provide a description of how you contend Supreme Court District 1 could be re-configured without splitting county lines or altering the overall orientations of the districts such that black voters would have the opportunity to elect candidates of choice in District 1.

**RESPONSE TO INTERROGATORY NO. 11:** Plaintiffs incorporate their general objections in response to Interrogatory No. 11. Plaintiffs further object to this interrogatory on the grounds that it is compound, overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Please see Plaintiffs' Response to Interrogatory No. 10.

**INTERROGATORY NO. 12:** In Paragraph 59 of the Complaint, you allege that "voting is racially polarized across the state. Voting in Mississippi is highly polarized on the basis of race. In statewide elections, Supreme Court elections, and local contests, Black communities demonstrate substantial cohesion in voters' candidate preferences, and Black voters tend to vote similarly, comprising a politically cohesive minority voting bloc. Conversely, white voters typically vote cohesively against and, in the absence of a majority-Black population in the electoral district at issue typically defeat, Black-preferred candidates." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiffs incorporate their general objections in response to Interrogatory No. 12. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks

information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

**INTERROGATORY NO. 13:** In Paragraphs 63, 75, and 79 of the Complaint, you allege that, for various alleged reasons, "Black voters in Mississippi have less opportunity than white voters to participate in the political process and elect representatives of their choice," or words to that effect. Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 13:** Plaintiffs incorporate their general objections in response to Interrogatory No. 13. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs refer Defendants to their response to Interrogatory No. 10.

**INTERROGATORY NO. 14:** In Paragraph 80 of the Complaint, you allege that "Mississippi's electoral system maintains and has historically upheld voting procedures and practices—such as at-large elections and unusually large electoral districts—that exacerbate the dilution of political power for Black citizens." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 14:** Plaintiffs incorporate their general objections in response to Interrogatory No. 14. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of

discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs will provide disclosures related to expert testimony under the Court's scheduling order and the Federal Rules of Civil Procedure. Courts have repeatedly recognized Mississippi's "long history of official discrimination touching on the right of black citizens to vote and participate in the democratic process. This history has been judicially determined by federal courts at all levels." *Martin v. Allain*, 658 F. Supp. 1183, 1192 (S.D. Miss. 1987). The Fifth Circuit has found that it is "indisputable" that "Mississippi has a long and dubious history of discriminating against [B]lacks." *Teague v. Attala Cnty., Miss.,* 92 F.3d 283, 293–94 (5th Cir. 1996).

**INTERROGATORY NO. 15:** In Paragraph 95 of the Complaint, you allege that "race-based disparities burden the ability of Black voters to participate in politics, including elections for State Supreme Court justices. The existence of these pervasive disparities supports the conclusion that Black voters have less opportunity than white Mississippians to participate in the political process and elect representatives of their choice." Please identify all facts, witnesses, opinions, and documents that support these allegations; describe all race-based disparities that you contend burden the ability of black voters to participate in politics; and describe how you contend the alleged race-based disparities have resulted in black voters having less opportunity than white Mississippians to participate in the political process and elect representatives of their choice.

**RESPONSE TO INTERROGATORY NO. 15:** Plaintiffs incorporate their general objections in response to Interrogatory No. 15. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks

information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

**INTERROGATORY NO. 16**: In Paragraph 104 of the Complaint, you allege that "[t]he extensive and ongoing use of racial appeals in politics, including with respect to elected judicial offices, supports the conclusion that Black voters have less opportunity than white Mississippians to participate in the political process and elect representatives of their choice." Please identify all facts, witnesses, opinions, and documents that support these allegations; describe all judicial elections since the year 2000 in which you contend racial appeals have been used; and describe how you contend the use of alleged racial appeals have resulted in less opportunity for black voters than white Mississippians to participate in the political process and elect representatives of their choice.

**RESPONSE TO INTERROGATORY NO. 16**:  Plaintiffs incorporate their general objections in response to Interrogatory No. 16.  Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery.  Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows:  Plaintiffs will provide disclosures related to expert testimony under the Court's scheduling order and the Federal Rules of Civil Procedure.  Plaintiffs refer Defendants to the examples cited in Paragraphs 42, 50, and 98-103 of the complaint (ECF No. 1), which support the allegation that the extensive and ongoing use of racial appeals in politics, including with respect to judicial offices, supports the conclusion that Black voters have less opportunity than white Mississippians to participate in the political process and elect representatives of their choice. These examples are subject to supplementation.

**INTERROGATORY NO. 17**: In Paragraph 111 of the Complaint, you allege "[t]he pervasive barriers to Black candidates winning election outside of Black-majority districts support the conclusion that Black voters have less opportunity than white Mississippians to participate in the political process and elect representatives of their choice." Please identify all facts, witnesses, opinions, and documents that support these allegations and state all judicial elections since the year 2000 in which you contend a black-preferred candidate has unsuccessfully run for election.

**RESPONSE TO INTERROGATORY NO. 17**: Plaintiffs incorporate their general objections in response to Interrogatory No. 17. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

**INTERROGATORY NO. 18**: In Paragraph 116 of the Complaint, you allege "[t]hese few examples (among many others not detailed here) of non-responsiveness to the concerns of Black voters further supports the conclusion that Black voters are disadvantaged in the political process and in electing representative of their choice." Please identify all facts, witnesses, opinions, and documents that support these allegations; state all instances of non-responsiveness by Mississippi that you contend have disadvantaged black voters in the political process; and describe how you contend that such alleged instances of non-responsiveness resulted in black voters being disadvantaged in the political process and in electing representatives of their choice.

**RESPONSE TO INTERROGATORY NO. 18**: Plaintiffs incorporate their general objections in response to Interrogatory No. 18. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

**INTERROGATORY NO. 19:** In Paragraph 126 of the Complaint, you allege that "discrimination on the basis of race is, at least in part, a motivating factor in maintaining the State's Supreme Court districts." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 19:** Plaintiffs incorporate their general objections in response to Interrogatory No. 19. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery.

**INTERROGATORY NO. 20:** In Paragraph 128 of the Complaint, you allege that the State of Mississippi "apparently never submitted the 1987 district lines for preclearance by the DOJ . . . ." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 20:** Plaintiffs incorporate their general objections in response to Interrogatory No. 20. Plaintiffs further object to this interrogatory on the grounds that it seeks to produce publicly available information, or to produce information that is equally or more easily available to Defendants than it is to Plaintiffs.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs were unable to locate evidence that the 1987 district lines were evaluated for Section 5 preclearance or approved for Section 5 preclearance in any online source or in the case law. Furthermore, a query of a comprehensive scholarly database of Section 5 actions from 1982 through 2005 that is based on data provided by the U.S. Department of Justice from its "Submission Tracking and Processing System" indicated that the 1987 district lines were never submitted. *See, e.g.*, Fraga & Ocampo, *More Information Requests and the Deterrent Effect of Section 5 of the Voting Rights Act* at 54-56, *available at* https://www.law.berkeley.edu/files/ch_3_fraga_ocampo_3-9-07.pdf (describing

this database). Plaintiffs further acknowledge that documents produced by Defendants appear to show that the 1987 district lines were submitted.

**INTERROGATORY NO. 21:** In Paragraph 138 of the Complaint, you allege that there exists "a continued willingness and interest among state policymakers to leverage race for political purposes, including in particular with respect to the design of the State's Supreme Court districts." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 21:** Plaintiffs incorporate their general objections in response to Interrogatory No. 21. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery. Plaintiffs further object to this interrogatory because and to the extent it seeks information that is the subject of expert testimony, which will be disclosed consistent with the schedule set by the Court.

**INTERROGATORY NO. 22:** In Paragraph 139 of the Complaint, you allege that "it is clear that the State continues to maintain the districts with the purpose of diluting Black voting strength." Please identify all facts, witnesses, opinions, and documents that support these allegations.

**RESPONSE TO INTERROGATORY NO. 22:** Plaintiffs incorporate their general objections in response to Interrogatory No. 22. Plaintiffs object to this interrogatory on the grounds that it is overbroad and unduly burdensome and purports to impose obligations greater than and different from those contemplated by applicable law, insofar as it purports to require Plaintiffs to marshal "all facts, witnesses, opinions, and documents" supporting their claims at the outset of discovery.

**INTERROGATORY NO. 23:** Identify the date and substance of any and all communications between or among Plaintiffs, or their representatives, and the U.S. Department of Justice (including, but not limited to, the Voting Section of the Civil Rights Division of that department) relating or pertaining to the allegations contained in your Complaint.

**RESPONSE TO INTERROGATORY NO. 23:** Plaintiffs incorporate their general objections in response to Interrogatory No. 23.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs state that, on or about April 20, 2022, one of Plaintiffs' attorneys asked an attorney with the Voting Rights Section of the Civil Rights Division who at the U.S. Department of Justice was the proper person to direct an inquiry regarding preclearance records from the 1980s. Counsel was told that a formal request should be submitted through the Freedom of Information Act request (FOIA) process.

On or about April 25, 2022, one of Plaintiffs' attorneys emailed a copy of Plaintiffs' Complaint to attorneys in the Voting Rights Section of the Civil Rights Division of the U.S. Department of Justice.

On July 26, 2022, Plaintiffs' counsel submitted a FOIA request to April Freeman, FOIA Public Liaison for the Civil Rights Division of the U.S. Department of Justice, for records of submissions by the State of Mississippi from between 1985 to 1995 seeking Voting Rights Act Section 5 preclearance for the electoral districts used to elect the Mississippi Supreme Court.

**INTERROGATORY NO. 24:** Identify each person, not being offered as an expert, who will offer opinions within the scope of Rule 701, *Federal Rules of Evidence,* and provide the substance and basis of each such opinion.

**RESPONSE TO INTERROGATORY NO. 24:** Plaintiffs incorporate their general objections in response to Interrogatory No. 24. Plaintiffs object to this interrogatory on the grounds that it purports to impose obligations greater than and different from those contemplated by applicable law.

Subject to and without waiver of their specific and general objections and in accordance with Federal Rule of Civil Procedure 33, Plaintiffs respond as follows: Plaintiffs will disclose their witness list during pretrial proceedings as required by applicable law, and will identify

subjects of testimony of lay witnesses appearing on Plaintiffs' witness list as and to the extent required under applicable law, agreement of the parties, and/or order of the Court.

/s/ Joshua Tom
AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org
Lcollier@aclu-ms.org
Vlyons@aclu-ms.org

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood*
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
jyoungwood@stblaw.com
irethy@stblaw.com

* Admitted pro hac vice

ACLU FOUNDATION
Ari J. Savitzky*
Samantha Osaki*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
asavitzky@aclu.org
sosaki@aclu.org
slakin@aclu.org

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
jade.morgan@splcenter.org
leslie.jones@splcenter.org

Bradley E. Heard*
Ahmed K. Soussi (pro hac vice forthcoming)
Sabrina Khan (pro hac vice forthcoming)
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
bradley.heard@splcenter.org
ahmed.soussi@splcenter.org
sabrina.khan@splcenter.org

*Attorneys for Plaintiffs*

## <u>Verification</u>

I hereby declare under penalty of perjury that the responses contained in the foregoing Responses and Objections to Interrogatories propounded by Defendants, which were prepared with the assistance of counsel, are true and correct to the best of my knowledge, information, and belief.

[name]

## Verification

I hereby declare under penalty of perjury that the responses contained in the foregoing Responses and Objections to Interrogatories propounded by Defendants, which were prepared with the assistance of counsel, are true and correct to the best of my knowledge, information, and belief.

Derrick Terrell Simmons

## <u>Verification</u>

I hereby declare under penalty of perjury that the responses contained in the foregoing Responses and Objections to Interrogatories propounded by Defendants, which were prepared with the assistance of counsel, are true and correct to the best of my knowledge, information, and belief.

_____

Tyrone Cortez Pinkins

## Verification

I hereby declare under penalty of perjury that the responses contained in the foregoing Responses and Objections to Interrogatories propounded by Defendants, which were prepared with the assistance of counsel, are true and correct to the best of my knowledge, information, and belief.

_____
Dyamone LaKandia White