# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| DYAMONE WHITE, et al., | ) |
| | ) No. 4:22-cv-00062-SA-JMV |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' RESPONSES AND** |
| | ) **OBJECTIONS TO DEFENDANTS'** |
| STATE BOARD OF ELECTION | ) **FIRST SET OF REQUESTS FOR** |
| COMMISSIONERS, et al., | ) **PRODUCTION OF DOCUMENTS** |
| | ) |
| Defendant. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, hereby respond and object to Defendants' First Set of Requests for Production of Documents:

## GENERAL OBJECTIONS AND QUALIFICATIONS

1. Plaintiffs object to each of the Requests to the extent that they purport to impose obligations inconsistent with or beyond those required by the Federal Rules of Civil Procedure, the Uniform Local Rules, or any other applicable rules (collectively, the "Applicable Rules").

2. Plaintiffs will produce only non-privileged documents and object to these Requests to the extent that they expressly or impliedly seek the production of documents protected from disclosure by any stipulation between the parties regarding expert discovery, the attorney-client privilege, the work product doctrine, the trial preparation privilege, or any other applicable privileges, protections, immunities or doctrines. Plaintiffs object to the Requests to the extent they seek privileged information. Inadvertent production of privileged information shall not constitute a waiver of any such privilege or protection.

3. To the extent Plaintiffs agree to produce documents in response to any specific request, Plaintiffs will only produce documents containing information that is confidential,



sensitive, or otherwise subject to protection from public disclosure subject entry of a protective order limiting the use and disclosure of such information.

4. Plaintiffs will produce documents within their possession, custody, or control and object to the Requests to the extent that they seek the production of documents outside their respective possession, custody, or control or that are publicly available or otherwise available to Defendants.

5. Plaintiffs have endeavored to interpret all vague or ambiguous terms reasonably and in good faith.

6. These General Objections and Qualifications should be deemed incorporated into each Specific Response and Objection below whether or not restated or referenced therein.

7. Plaintiffs are available to meet and confer with counsel for Defendants regarding their responses and objections to the Requests.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:** All documents identified or referred to in Plaintiffs' responses to Defendants' first set of interrogatories propounded to Plaintiffs.

**RESPONSE:** Plaintiffs object to this Request (a) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; and (b) to the extent that it calls for information protected by confidentiality restrictions.

**REQUEST FOR PRODUCTION NO. 2:** All documents, e-mails, photographs, charts, summaries, videos, audio recordings, books, treatises, brochures, pamphlets, articles, handbills, social media posts, journals, maps, or other writings or things, whether physical or electronic, that Plaintiffs intend to use or offer into evidence at the trial of this matter.

**RESPONSE:** Plaintiffs object to this Request (a) as premature given the Court's scheduling order; and (b) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties. Subject to and without waiving their objections, and based on their reasonable interpretation of the Request, Plaintiffs will produce documents they intend to use at trial on a rolling basis within the fact discovery period, and will provide disclosures related to expert discovery as required by applicable law and the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of or make available for inspection each demonstrative exhibit that Plaintiffs may use at the trial of this matter.

**RESPONSE:** Plaintiffs object to this Request as premature. Subject to and without waiving their objections, and based on their reasonable interpretation of the Request, Plaintiffs are willing to meet and confer with Defendants at a mutually agreeable time after the completion of discovery and dispositive motion practice, if any, regarding the exchange of trial demonstratives.

**REQUEST FOR PRODUCTION NO. 4:** A current and complete copy of the curriculum vitae of any expert witness expected to testify on behalf of Plaintiffs.

**RESPONSE:** Plaintiffs object to this Request as premature given the Court's scheduling order. Subject to and without waiving their objections, and based on their reasonable interpretation of the Request, Plaintiffs will provide curricula vitae responsive to this Request in connection with disclosure of Plaintiffs' testifying experts.

**REQUEST FOR PRODUCTION NO. 5:** Copies of all documents, data, and tangible and/or electronic things reviewed and/or used by any expert witness in formulating his/her opinions in this matter.

**RESPONSE:** Plaintiffs object to this Request as premature given the Court's scheduling order and as overbroad and unduly burdensome to the extent it purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure. Subject to and without waiving their objections, and based on their reasonable interpretation of the Request, Plaintiffs will provide documents responsive to this Request during expert discovery to the extent required under Federal Rule of Civil Procedure Rule 26.

**REQUEST FOR PRODUCTION NO. 6:** For each expert witness who will testify on behalf of Plaintiffs, please produce copies of all expert reports, written reports, and FRCP 26 expert reports prepared by each such expert in any prior actions filed or pending within the past 10 years in which the plaintiff(s) therein alleged any violation of (1) Section 2 of the Voting Rights Act of 1965, as amended; and/or (2) the Fourteenth or Fifteenth Amendments to the U.S. Constitution predicated on intentional racial discrimination.

**RESPONSE:** Plaintiffs object to this Request (a) as premature given the Court's scheduling order; (b) to the extent that it seeks information that is not in Plaintiffs' custody, possession, or control, and/or as to which disclosure may be limited by rule or order of any court; (c) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; (d) as overbroad and unduly burdensome; and (e) to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will disclose prior expert engagements to the extent required under Federal Rule of Civil Procedure Rule 26.

**REQUEST FOR PRODUCTION NO. 7:** Copies of any documents you have obtained in response to any formal or informal public records request you have made in connection with this matter, including but not limited to any requests you have made pursuant to the Mississippi Public Records Act of 1983 for records pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce documents they may obtain that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:** To the extent not produced in response to any previous request for production, please produce copies of any documents you have obtained in response to any Freedom of Information Act request you have made in connection with this matter, including but not limited to any requests you have made to the U.S. Department of Justice for records pertaining to Mississippi elections, Mississippi electoral districting, and/or legislative bills submitted by or on behalf of the State of Mississippi for Section 5 preclearance.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce documents they may obtain that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:** Copies of any documents you have received in response to any subpoena duces tecum that you have caused to be served on any individual or entity during the course of the instant litigation.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce documents they may obtain that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:** To the extent not produced in response to any previous request for production, please produce copies of any documents you have obtained from any federal, state, or local governmental agency, department, commission, board, clerk, office, entity, and/or employee in connection with this matter, including but not limited to any records pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history obtained from the Mississippi Department of Archives and History.

**RESPONSE:** Plaintiffs object to this Request (a) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; (b) as overbroad and unduly burdensome; and (c) to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce copies of documents obtained in the course of this litigation other than through subpoena duces tecum or public records requests, to the extent (a) such materials are subject to disclosure under the provisions of Federal Rule of Civil Procedure 26 governing expert

discovery; or (b) Plaintiffs otherwise intend to introduce or make use of such documents in this matter.

**REQUEST FOR PRODUCTION NO. 11:** Copies of any documents you have received from any current or former member of the Mississippi Legislature related to this matter, including but not limited to any such documents pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history.

**RESPONSE:** Plaintiffs object to this Request (a) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; (b) as overbroad and unduly burdensome; (c) to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence; and (d) to the extent that it seeks documents or information protected by the attorney-client privilege, work product privilege, doctrine, immunity, rule of confidentiality, or protection from disclosure that may attach to the information requested. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce copies of documents obtained in the course of this litigation other than through subpoena duces tecum or public records requests, to the extent (a) such materials are subject to disclosure under the provisions of Federal Rule of Civil Procedure 26 governing expert discovery; or (b) Plaintiffs otherwise intend to introduce or make use of such documents in this matter.

**REQUEST FOR PRODUCTION NO. 12:** To the extent not produced in response to any previous request for production, please produce copies of any documents, brochures, pamphlets, handbills, and other materials you have obtained from or related to any election campaign of any candidate running for any federal, state, or county office in Mississippi since January 1, 1987,

including but not limited to any such documents pertaining to candidates for any Mississippi judicial elections.

**RESPONSE:** Plaintiffs object to this Request (a) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; and (b) to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce copies of documents obtained in the course of this litigation other than through subpoena duces tecum or public records requests, to the extent (a) such materials are subject to disclosure under the provisions of Federal Rule of Civil Procedure 26 governing expert discovery; or (b) Plaintiffs otherwise intend to introduce or make use of such documents in this matter.

**REQUEST FOR PRODUCTION NO. 13:** To the extent not produced in response to any previous request for production, please produce copies of any campaign and/or election finance documents you have obtained in connection with this matter, including but not limited to any such documents pertaining to any candidates for state or county office in Mississippi in any election occurring since January 1, 1987.

**RESPONSE:** Plaintiffs object to this Request (a) to the extent that it seeks information that is publicly available, otherwise equally accessible to Defendants, or more convenient and/or less burdensome to obtain from other parties; and (b) to the extent that it seeks information that is not relevant to any claim asserted in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving their objections, and based on their understanding and reasonable interpretation of the Request, Plaintiffs will produce copies of

documents obtained in the course of this litigation other than through subpoena duces tecum or public records requests, to the extent (a) such materials are subject to disclosure under the provisions of Federal Rule of Civil Procedure 26 governing expert discovery; or (b) Plaintiffs otherwise intend to introduce or make use of such documents in this matter.

* * *

/s/ *Joshua Tom*
AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*
*Lcollier@aclu-ms.org*
*Vlyons@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood*
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*
*irethy@stblaw.com*

* Admitted *pro hac vice*

ACLU FOUNDATION
Ari J. Savitzky*
Samantha Osaki*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*sosaki@aclu.org*
*slakin@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard*
Ahmed K. Soussi (*pro hac vice* forthcoming)
Sabrina Khan (*pro hac vice* forthcoming)
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

*Attorneys for Plaintiffs*