IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:22-cv-00062-SA-JMV |
| STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES *in his official capacity as Governor of Mississippi*; LYNN FITCH *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON *in his official capacity as Secretary of State of Mississippi* | DEFENDANTS |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF EXPERT DESIGNATION DEADLINE**

**INTRODUCTION**

The Court should extend Defendants' December 1, 2022, expert designation deadline by 60 days because all of the governing factors weigh in favor of the requested extension, and the benefit of any shorter extension will be negated by the intervening holidays. On October 3, 2022, Plaintiffs designated six testifying experts and served hundreds of pages of reports and supporting materials. Given Plaintiffs' extensive designation, their lack of disclosure of requisite factual information prior to October 3, and the absence of any prejudice to Plaintiffs, all four of the governing factors weigh in favor of extending Defendants' expert designation deadline. For these reasons and those set forth herein, the Court should extend Defendants' expert designation deadline by 60 days, *viz.*, from December 1, 2022, to January 30, 2023.

1

## STATEMENT OF FACTS

Plaintiffs filed a complaint against Mississippi's Governor, Attorney General, Secretary of State, and the State Board of Election Commissioners (hereinbefore and after collectively "Defendants") alleging that Mississippi's three Supreme Court districts "dilute the voting strength of Black Mississippians in violation of the Voting Rights Act and the United States Constitution." Complaint at 1-2, ¶ 1 (Dkt. #1). Plaintiffs allege that Mississippi's Supreme Court districts—which have been in place since 1987—"must be redrawn so that Black voters in Mississippi have a full and fair opportunity to elect candidates of their choice." *Id.* at 2, ¶ 1.

As against all of the defendants, Plaintiffs assert claims under Section 2 of the Voting Rights Act of 1965 (Count 1). *Id.* at 52-53, ¶¶ 140-44. As against the Governor, Attorney General, and Secretary of State, Plaintiffs assert claims of intentional discrimination under the Fourteenth and Fifteenth Amendments to the United States Constitution (Count 2). *Id.* at 53-55, ¶¶ 145-51. Both of the aforementioned counts are asserted pursuant to 42 U.S.C. § 1983. *See id.* at 52-53.

Plaintiffs seek to have this Court "[d]eclare the district boundaries and/or districting scheme used by the State of Mississippi in electing the justices of the Mississippi Supreme Court to be in violation of Section 2 of the Voting Rights Act and the United States Constitution[.]" *Id.* at 55, ¶ A. Plaintiffs further seek to "[p]reliminarily and permanently enjoin the Defendants and their agents from holding elections for the Mississippi Supreme Court under the existing districts[,]" and to compel Mississippi to adopt new Supreme Court districts. *Id.* at 55, ¶¶ B-D.

A previous Section 2 challenge to Mississippi's current Supreme Court districts failed, with Judge Barbour holding in 1992 that the current three-district configuration did not dilute black voting strength. *Magnolia Bar Ass'n, Inc. v. Lee*, 793 F. Supp. 1386 (S.D. Miss. 1992), *aff'd*, 994 F.2d 1143 (5th Cir. 1993), *cert. denied*, 510 U.S. 994 (1993). In a subsequent Section 2 case

challenging the identical three-district configuration in connection with elections for Supreme Court justices, public service commissioners, and transportation commissioners, the Fifth Circuit reaffirmed in 2001 that the current three-district configuration did not dilute black voting strength. *N.A.A.C.P. v. Fordice*, 252 F.3d 361, 364, 374 (5th Cir. 2001). In *Magnolia Bar* and *Fordice*, the district court considered the testimony of multiple expert witnesses, highlighting the importance of expert testimony in litigating Section 2 claims involving judicial districts.

On August 9, 2022, Plaintiffs served their initial disclosures, in which they identified no one with discoverable information beyond the parties to the lawsuit. Plaintiffs' Initial Disclosures (Ex. "A"). Plaintiffs did not produce any documents with their initial disclosures. *See id.*[1]

On August 18, 2022, in response to Defendants' interrogatories and requests for production of documents propounded to Plaintiffs on July 19, 2022, Plaintiffs provided no supporting documents and almost no information in support of the allegations contained in their 56-page, 151-paragraph complaint. *See* Plaintiffs' Responses to Interrogatories (Ex. "B"); Plaintiffs' Responses to Requests for Production of Documents (Ex. "C"). Rather, Plaintiffs objected or otherwise deferred response to numerous interrogatories and requests for production on the grounds that responsive information and documents would be the subject of expert witness disclosures. *See id.* Plaintiffs' discovery responses left Defendants no more informed about the substance of or factual basis for Plaintiffs' claims—and particularly the district boundaries that Plaintiffs claim to prefer—than they were upon reading Plaintiffs' complaint.

In response to an August 26, 2022, good faith letter from defense counsel, see 8/26/2022 Good Faith Letter (Ex. "D"), Plaintiffs produced copies of a number of legal authorities, several

---

[1] In response to a good faith request by defense counsel, Plaintiffs supplemented their initial disclosures on October 14, 2022.

articles, and two videos of Mississippi legislative proceedings—none of which provided any greater insight regarding the substance of or factual basis for Plaintiffs' claims than the complaint.

On September 16, 2022, Plaintiffs served supplemental interrogatory responses, many of which continued to defer response on the basis that responsive information and documents would be the subject of expert witness disclosures. *See* Plaintiffs' Supplemental Interrogatory Responses (Ex. "E"). In a follow-up good faith e-mail on September 22, 2022, defense counsel advised that in reliance on the representations contained in Plaintiffs' discovery responses, Defendants would in good faith await receipt of Plaintiffs' expert witness disclosures on October 3, 2022—the deadline for Plaintiffs to designate experts pursuant to the governing case management order. 9/22/2022 Good Faith E-mail (Ex. "F"); Case Management Order (Dkt. #47).

At 10:02 p.m. on October 3, 2022—Plaintiffs' expert designation deadline—Plaintiffs served their expert witness reports, by which Plaintiffs purport to designate a total of six testifying experts, as follows: Traci Burch, Ph.D., associate professor of political science; James T. Campbell, Ph.D., professor of history; William S. Cooper, demographer; Oliver E. Diaz, Jr., former Mississippi Supreme Court Justice; Marvin P. King, Jr., Ph.D., associate professor of political science; and Byron D'Andra Orey, Ph.D., professor of political science. 10/03/2022 Transmittal E-mail (Ex. "G"); Notice of Service (Dkt. #66). Plaintiffs' expert witness reports total 200 pages and are accompanied by dozens of exhibits/appendices (one report alone has 27 exhibits) and a 372-page data set. *See* Burch Report (Ex. "H"); Campbell Report (less 27 exhibits) (Ex. "I"); Cooper Report (Ex. "J"); Diaz Report (Ex. "K"); King Report (Ex. "L"); Orey Report (Ex. "M").

Although the only claim asserted in this case concerns the boundaries of Mississippi's central Supreme Court district, neither the complaint nor Plaintiffs' discovery responses disclose

4

any boundaries that Plaintiffs prefer. Thus, neither defense counsel nor Defendants' potential experts could analyze Plaintiffs' claim until Plaintiffs finally disclosed their preferred boundaries via their expert witness disclosures served on October 3, 2022.

For the reasons that follow, Defendants file the instant motion to extend their expert designation deadline by 60 days, i.e., until January 30, 2023.

## ARGUMENT

### I. THE COURT SHOULD GRANT DEFENDANTS AN ADDITIONAL 60 DAYS TO DESIGNATE EXPERT WITNESSES BECAUSE ALL FOUR OF THE GOVERNING FACTORS WEIGH IN FAVOR OF THE REQUESTED EXTENSION.

As with any deadline set forth in a case management order, a party's expert designation deadline "may be modified only for good cause and with the judge's consent." *See* FED. R. CIV. P. 16(b)(4). The Fifth Circuit has stated that trial courts must consider four factors ("the *Reliance Insurance* factors") in determining whether to grant an extension of a party's expert designation deadline, as follows: (1) the explanation for the requested extension; (2) the importance of the expert testimony; (3) potential prejudice in granting the extension; and (4) the availability of a continuance to cure any such prejudice. *See Avance v. Kerr-McGee Chem. LLC*, No. 5:04CV209, 2006 WL 2884930, at *3 (E.D. Tex. Oct. 10, 2006) (citing *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). *See also Clay v. Coldwell Banker Real Estate Corp.*, Civil Action No. 4:05CV173-P-A, 2008 WL 160631, at *1 (N.D. Miss. Jan. 15, 2008) (same).

In the case at bar, the Court should grant a 60-day extension of Defendants' expert designation deadline because (1) additional time is reasonable and necessary for Defendants to meet Plaintiffs' extensive designation of six testifying experts; (2) expert testimony is critical to

5

the defense of Plaintiffs' claims; (3) Plaintiffs will not be prejudiced by the requested extension; and (4) no continuance is necessary to accommodate the requested extension.

 A. **<u>Given the timing and scope of Plaintiffs' expert witness disclosures, Defendants require additional time for defense experts to review this matter, conduct independent analyses, and formulate their respective reports.</u>**

As noted above, Plaintiffs repeatedly deferred responding to numerous interrogatories and requests for production of documents on the grounds that responsive information would be the subject of expert witness disclosures. Consequently, Defendants were not in a position to have defense experts begin any meaningful review of this matter at any time prior to Defendants' receipt of Plaintiffs' expert witness reports served on October 3, 2022.

Plaintiffs have produced reports from six testifying experts totaling 200 pages (plus numerous exhibits/appendices). The subjects of Plaintiffs' expert witness disclosures are both qualitative and quantitative, ranging from historical narrative to statistical and demographic analyses. Given the nature of the claims asserted, the governing legal standards in a Section 2 case, and the number and scope of expert witness opinions presented by Plaintiffs—the substance of which was not knowable to Defendants prior to October 3—considerable time will yet be needed for defense experts to review Plaintiffs' extensive expert reports, conduct independent analyses, and formulate responsive opinions. All of this is complicated by the fact that much of the work to be done must be performed by university-level academic professionals with competing obligations through the end of the fall semester. One of Defendants' anticipated expert witnesses, an applied demographer and former Chair of the Sociology Department at the University of Mississippi, has advised of conflicts through the end of the year that will affect his availability to commit the necessary time to this case in the absence of the requested extension.

Pursuant to the governing case management order, Defendants' expert designation deadline is presently December 1, 2022. *See* Case Management Order (Dkt. #47). Given the timing, a 30-day extension would encompass the Christmas and New Year's holidays, during which time defense experts may be unavailable for consultation, thereby negating the benefit of the requested extension. Accordingly, Defendants respectfully submit that a 60-day extension, i.e., through Monday, January 30, 2023, is reasonable and necessary under the circumstances.

Because Defendants have a valid reason for the requested extension, the first *Reliance Insurance* factor weighs in favor of extending Defendants' expert witness designation deadline.

### B. Given the governing legal standard in a Section 2 case, expert testimony is critical to Defendants' defense of Plaintiffs' claims.

Plaintiffs' claims implicate numerous matters on which the testimony of defense experts will be critical to Defendants' defense of this action. Consistent with the nature of proof to be presented in defense of any Section 2 claim, see, e.g., *Magnolia Bar*, 793 F. Supp. at 1402-18, Defendants anticipate that—at a minimum—expert testimony will be required to support Defendants' positions relative to political, statistical, and demographic issues implicated by Plaintiffs' claims. All of these topics necessitate a level of knowledge and expertise beyond the ken of the average layman. The fact that Plaintiffs have themselves designated six testifying experts underscores the importance of defense experts in this case.

Because expert testimony will be critically important to Defendants in defending Plaintiffs' claims, the second *Reliance Insurance* factor likewise weighs in favor of extending Defendants' expert designation deadline.

### C. Plaintiffs will not be prejudiced by the requested extension.

The requested 60-day extension will not result in any prejudice to Plaintiffs. Under the governing case management order (Dkt. #47), Plaintiffs have until April 19, 2023, to conduct

7

discovery in this case. The trial of this matter is not set to occur until December 4, 2023, meaning Plaintiffs would have more than 10 months to prepare for trial following the extended expert designation deadline requested by Defendants. *Cf. Avance*, 2006 WL 2884930 at *4 (weighing prejudice factor in favor of extending defendant's expert designation deadline where 11 months remained between service of defendant's expert reports and trial date).

Because Plaintiffs will have more than adequate time to prepare for trial following the designation of defense experts pursuant to the requested extension, Plaintiffs can show no prejudice, and the third *Reliance Insurance* factor weighs in favor of extending Defendants' expert witness designation deadline.

D. **No continuance is necessitated by the requested extension.**

Because the requested extension will not prejudice Plaintiffs' ability to prepare for trial, it will not necessitate a continuance of the December 4, 2023, trial date. *See id. See also Clay*, 2008 WL 160631 at *1. Thus, the fourth and final *Reliance Insurance* factor also weighs in favor of extending Defendants' expert designation deadline.

## CONCLUSION

Plaintiffs have designated six testifying experts implicating hundreds of pages of reports and supporting materials. Given Plaintiffs' extensive designation, their lack of disclosure of requisite factual information prior to October 3, and the absence of any prejudice to Plaintiffs, all four of the governing *Reliance Insurance* factors weigh in favor of extending Defendants' expert designation deadline. For the reasons set forth herein, the Court should modify the case management order to extend Defendants' expert designation deadline by 60 days, *viz.*, from December 1, 2022, to January 30, 2023.

THIS the 17th day of October, 2022.

Respectfully submitted,

STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, DEFENDANTS

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
LINDSAY THOMAS DOWDLE (MSB #102873)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov
lindsay.dowdle@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Tel.: (601) 968-5500
Fax: (601) 944-7738
mbw@wisecarter.com

ATTORNEYS FOR DEFENDANTS STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND

                MICHAEL WATSON, IN HIS OFFICIAL
                CAPACITY AS SECRETARY OF STATE OF
                MISSISSIPPI

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named State Defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 17th day of October, 2022.

                                              s/Rex M. Shannon III
                                              REX M. SHANNON III