**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DYAMONE WHITE, et al.,**                                                                 **PLAINTIFFS**

**VS**.                                                          **Civil Action No. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION**
**COMMISSIONERS, et al.,**                                              **DEFENDANTS**

---

**PLAINTIFFS' MOTION TO OVERRULE**
**DEFENDANTS' OBJECTIONS AND COMPEL DISCOVERY**

---

COME NOW the Plaintiffs, Dyamone White, Derrick Simmons, Ty Pinkins, and Constance Olivia Slaughter Harvey-Burwell ("**Plaintiffs**"), by and through counsel, and hereby move the Court to overrule Defendants' objections and compel discovery to the extent set forth herein, and would show the Court the following:

1.      The Court should overrule Defendants' objection to discovery of matters concerning gubernatorial nominations and appointments of justices to the Mississippi Supreme Court (the "**Judicial Appointments Objection**").

2.      The Court should overrule Defendants' objection to discovery of matters occurring during, and documents created or received during, prior gubernatorial administrations, *i.e.*, predating the accession to office of the named official capacity Defendants—Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson—to their current offices as of January 14, 2020 (hereinafter, the "**Prior Administrations Objection**").

3.      Plaintiffs served their First Set of Interrogatories on September 2, 2022. *See* Ex. 1.

4.      Defendants served their respective Responses and Objections to Plaintiffs' First Set of Interrogatories on October 3, 2022. *See* Exs. 2-5.

5.      Counsel for Plaintiffs notified counsel for Defendants in writing on October 7, 2022 that Plaintiffs were not satisfied with certain of Defendants' responses, and asked for the basis for certain of Defendants' objections.  *See* Ex. 6.

6.      Defendants responded in writing on October 11, 2022.  *See* Ex. 7.

7.      The parties met and conferred telephonically on October 17, 2022 in an attempt to resolve their differences, but a good faith effort has not resolved such disputes.

8.      Plaintiffs thereafter contacted the Court to hold a telephonic conference regarding their disputes, consistent with the requirements of the Case Management Order.

9.      A telephonic conference was held before Magistrate Judge Virden on October 20, 2022 at 4:00 P.M.  During the conference, Judge Virden advised Plaintiffs to file the instant motion if a consensual resolution was not possible.

10.     Set forth below are Interrogatories to which Defendants have objected on the basis of the Prior Administrations Objection and the Judicial Appointments Objection.  Plaintiffs respectfully submit that such objections lack legal basis and should be overruled, and that Defendants should be compelled to supplement their responses to such Interrogatories without reliance on such invalid and improper objections.

11.     In setting forth these Interrogatories, Plaintiffs in no way concede that the Prior Administrations Objection or the Judicial Appointments Objection are valid to the extent interposed to any other discovery request that has been made or may be made by Plaintiffs, whether via interrogatory, request for production of documents, request for admission, or otherwise.  These

objections are invalid and improper whenever and however raised and should be overruled as to all discovery in this action.[1]

A. <u>**INTERROGATORY NO. 1**</u>

**Describe your office's involvement, if any, in the 1987 Districting Plan, including but not limited to the formulation of the 1987 Districting Plan and the consideration of any alternative proposals for new Supreme Court districts.**

**DEFENDANTS' RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement." Defendant further objects to this interrogatory to the extent it is not reasonably limited in time, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states on information and belief that the subject H.B. 552 was signed into law in 1987 by then-Governor William A. Allain, who is deceased. To the extent it may contain information responsive to this interrogatory, Defendant would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which the defendants produced previously as Bates # DEF000001 — DEF000204. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. No additional responsive information is available to Defendant.[2]

12. Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "Defendants have no obligation to assume the unreasonable burden of investigating the actions of prior administrations of state-wide elected officials on Plaintiffs' behalf."

---

[1] For example, and as discussed in the accompanying Memorandum of Law, Request for Production No. 7 sought "documents and communications concerning gubernatorial appointments to fill vacancies on the Mississippi Supreme Court, from 1985 to present." In response, Defendants produced the final appointment letters signed by past governors, but did not produce any other documents related to any Supreme Court vacancies or appointments.

[2] For brevity's sake Plaintiffs reproduce here the responses of Defendant Reeves. *See* Ex. 2. The separate interrogatory responses of Defendants Fitch, Watson, and SBEC (Exs. 3, 4, and 5) are substantially the same, and if anything contain less information than the Reeves responses.

13.     Plaintiffs respectfully submit that information regarding the formulation and consideration of the 1987 districting plan by which the challenged districts at issue in this litigation were adopted is relevant and discoverable.  If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory. Defendants' reliance on the Prior Administrations Objection is improper and should be overruled. To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

**B.     INTERROGATORY NO. 2**

**Describe your office's[3] involvement, if any, in any subsequent analysis of the Supreme Court Districts, including but not limited to any proposals to redraw or otherwise modify the Supreme Court Districts.**

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement," "analysis" and/or "proposals." Defendant further objects to this interrogatory to the extent it is not reasonably limited in time, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that his administration has not been involved in any activities about which inquiry is made. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. No additional responsive information is available to Defendant.

14.     Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "Defendants have no obligation to assume the unreasonable

---

3    Plaintiffs' First Set of Interrogatories was directed to all Defendants and defined the terms "Defendants," "you," and "yours" to include not only the named individuals in their official capacities, but also "any officials, agents, attorneys, representatives, employees, and/or other persons acting on behalf of the foregoing, and all such persons' predecessors and successors in their respective official roles."  Ex. 1 at 2.

burden of investigating the actions of prior administrations of state-wide elected officials on Plaintiffs' behalf."

15.     Plaintiffs respectfully submit that information concerning Defendants' analysis of the challenged districting scheme and consideration of or involvement in proposals to redraw or modify those districts is relevant and discoverable.  If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory.  Defendants' reliance on the Prior Administrations Objection is improper and should be overruled.  To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

## C.     <u>INTERROGATORY NO. 8</u>

**Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with gubernatorial appointments of justices to the Mississippi Supreme Court, including but not limited to any formal or informal criteria considered in connection with such appointments.**

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that his office does not have any written or unwritten policies or procedures addressing Supreme Court appointments. To date, Defendant has not made any such appointments, as no Supreme Court vacancies have occurred during Defendant's term in office. With regard to judicial appointments generally, Defendant states that a public announcement posted by The Mississippi Bar is typically utilized to solicit resumes from candidates interested in being considered for judicial vacancies. Resumes received are reviewed, and ultimately a decision is made regarding a given appointment in a manner consistent with Miss. CODE ANN. §§ 9-1-103, 23-15-849. Defendant would refer Plaintiffs to the Mississippi Department of Archives and History for additional information that may be responsive to this interrogatory.

16.     Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "[s]uch information [*i.e.* regarding gubernatorial appointments of Supreme Court justices] has no relevance to the adoption or maintenance of Mississippi's current Supreme Court districts and is beyond the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure."

17.     Plaintiffs respectfully submit that information concerning gubernatorial appointments to the Supreme Court, which bears upon, *inter alia*, the inclusion *vel non* of Black candidates in the appointments process, and the extent to which Black candidates must obtain the advantage of incumbency via a gubernatorial appointment to overcome high levels of racially polarized voting, is relevant and discoverable, irrespective of whether such nominations and/or appointments were made during the current gubernatorial administration or in prior administrations.  If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory.  Defendants' reliance on the Prior Administrations Objection and/or the Judicial Appointments Objection is improper and should be overruled.  To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

**D.      INTERROGATORY NO. 9**

**Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with the appointments of Justice Reuben Anderson in 1985, Justice Fred Banks Jr. in 1991, Justice James Graves Jr. in 2001, and Justice Leslie King in 2011.**

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible

discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that no responsive information is available to Defendant. Defendant would refer Plaintiffs to the Mississippi Department of Archives and History for information that may be responsive to this interrogatory.

18.     Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "[s]uch information [*i.e.* regarding gubernatorial appointments of Supreme Court justices] has no relevance to the adoption or maintenance of Mississippi's current Supreme Court districts and is beyond the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure."

19.     Plaintiffs respectfully submit that information concerning gubernatorial appointments of Black justices to the Supreme Court, which bears upon, *inter alia*, the inclusion *vel non* of Black candidates in the appointments process, and the extent to which Black candidates must obtain the advantage of incumbency via a gubernatorial appointment to overcome high levels of racially polarized voting, is relevant and discoverable, irrespective of whether such nominations and/or appointments were made during the current gubernatorial administration or in prior administrations.   If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory.  Defendants' reliance on the Prior Administrations Objection and/or the Judicial Appointments Objection is improper and should be overruled.  To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

### E.     INTERROGATORY NO. 10

**Identify each person who worked on, advised on, or otherwise been a part of the process for gubernatorial appointments of justices to the Mississippi Supreme Court.**

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "worked on, advised on, or otherwise

been a part of" Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that he has not made any such appointments, as no Supreme Court vacancies have occurred during Defendant's term in office. Defendant would refer Plaintiffs to information contained in any documents produced by Defendants herein, to the extent it may identify individuals who are or may be responsive to this interrogatory in connection with prior gubernatorial administrations. Defendant would further refer Plaintiffs to the Mississippi Department of Archives and History for information that may be responsive to this interrogatory. No additional responsive information is available to Defendant.

20. Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "[s]uch information [*i.e.* regarding gubernatorial appointments of Supreme Court justices] has no relevance to the adoption or maintenance of Mississippi's current Supreme Court districts and is beyond the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure."

21. Plaintiffs respectfully submit that for the same reasons set forth in Paragraphs 17 and 19, *supra*, information concerning the identities of persons involved in gubernatorial appointments to the Supreme Court is relevant and discoverable, irrespective of whether such nominations and/or appointments were made during the current gubernatorial administration or in prior administrations. If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory. Defendants' reliance on the Prior Administrations Objection and/or the Judicial Appointments Objection is improper and should be overruled. To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

F.     **INTERROGATORY NO. 11**

**Identify all persons involved in any evaluation, analysis, or study conducted on your behalf or at your discretion concerning voting patterns, habits, behaviors, or practices by race or ethnicity between 2000 and present.**

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "evaluation, analysis, or study conducted." Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Because Defendant is sued in his official capacity, he understands this interrogatory to refer only to an evaluation, analysis, or study conducted on his behalf in his official capacity; to the extent Plaintiffs intend this interrogatory to have a broader scope, Defendant objects that such broader scope lacks relevance or proportionality. Subject to and without waiving his objections, and to the extent responsive to this interrogatory, Defendant expects to designate expert witnesses in the instant litigation, but no evaluation, analysis, or study has yet been conducted. No additional responsive information is available to Defendant.

22.     Defendants subsequently clarified their position even further, stating in their October 11 letter, *inter alia*, that "Defendants have no obligation to assume the unreasonable burden of investigating the actions of prior administrations of state-wide elected officials on Plaintiffs' behalf."

23.     Plaintiffs respectfully submit that information concerning the identities of persons involved in analyses or other assessments of the matters identified in Interrogatory No. 11 are relevant and discoverable, irrespective of whether such analyses or assessments were made during the current gubernatorial administration or in prior administrations. If responsive information exists and is available to Defendants, Defendants should disclose such information in response to this Interrogatory. Defendants' reliance on the Prior Administrations Objection is improper and should be overruled. To the extent such information is not available to Defendants, or providing such information would impose a burden Defendants contend is undue, Defendants should be directed to so state clearly and directly, and to articulate any claimed burden with specificity.

24.     Plaintiffs adopt and incorporate by reference the Memorandum of Law filed concurrently herewith.

25.     In further support of this Motion, Plaintiffs submit the following exhibits:

| | |
|---|---|
| Exhibit 1 | Plaintiffs' First Set of Interrogatories to Defendants |
| Exhibit 2 | Responses of Defendant Reeves to Plaintiffs' First Set of Interrogatories |
| Exhibit 3 | Responses of Defendant Fitch to Plaintiffs' First Set of Interrogatories |
| Exhibit 4 | Responses of Defendant Watson to Plaintiffs' First Set of Interrogatories |
| Exhibit 5 | Responses of Defendant State Board of Election Commissioners to Plaintiffs' First Set of Interrogatories |
| Exhibit 6 | Letter from Plaintiffs to Defendants |
| Exhibit 7 | Letter from Defendants to Plaintiffs |
| Exhibit 8 | Good Faith Certificate |

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Motion be granted, that Defendants' Prior Administrations Objection and Judicial Appointments Objection be overruled, and that Defendants be compelled to supplement their responses to discovery without reliance upon such improper and invalid objections, and that the Court grant such other and further relief to which Plaintiffs may be entitled.

THIS the 28th day of October, 2022.

Respectfully submitted,

/s/ *Joshua Tom*

AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*
*Lcollier@aclu-ms.org*
*Vlyons@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*
*irethy@stblaw.com*

ACLU FOUNDATION
Ari J. Savitzky*
Sophia Lin Lakin*
Ming Cheung (*pro hac vice pending*)
Kelsey A. Miller (*pro hac vice pending*)
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*slakin@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard*
Ahmed Soussi
Sabrina Khan (*pro hac vice pending*)
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

* Admitted *pro hac vice*

*Attorneys for Plaintiffs*

11

## <u>CERTIFICATE OF SERVICE</u>

  I, Joshua Tom, hereby certify that on October 28, 2022, I filed the forgoing Notice with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/: Joshua Tom_____

Joshua Tom, MSB # 105392
