# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| DYAMONE WHITE, et al., <br><br> *Plaintiffs*, <br> v. <br><br> STATE BOARD OF ELECTION COMMISSIONERS, et al., <br><br> *Defendant*. | ) <br> ) No. 4:22-cv-00062-SA-JMV <br> ) <br> ) **PLAINTIFFS' FIRST SET OF** <br> ) **INTERROGATORIES TO** <br> ) **DEFENDANTS** <br> ) <br> ) |

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, hereby propound the following set of interrogatories (individually, a "Interrogatory," and collectively the "Interrogatories") to Defendants State Board of Election Commissioners; Tate Reeves, in his official capacity as Governor of Mississippi; Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi.

**DEFINITIONS**

  The following definitions apply to these Interrogatories and shall have the following meanings and rules of construction, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure, and the definitions and Interrogatories should be read as broadly as permitted by those rules.

  1. The term "1987 Districting Plan" means the Mississippi Supreme Court district boundaries enacted by the Legislature of the State of Mississippi pursuant to H.B. 552 in 1987 and the proceedings associated with their adoption.

  2. The term "communication" means any oral, written, electronic, or other exchange or transmittal of words, thoughts, information, idea or opinions to another person or entity,

1

however made. The term "communications" shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

3. The term "concerning" means discussing, addressing, relating to, regarding, referring to, describing, evidencing, consisting of, or constituting.

4. The terms "Defendants," "you," or "yours" refer collectively to Defendants State Board of Election Commissioners; Tate Reeves, in his official capacity as Governor of Mississippi; Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi, and include but are not limited to any officials, agents, attorneys, representatives, employees, and/or other persons acting on behalf of the foregoing, and all such persons' predecessors and successors in their respective official roles.

5. The phrase "in connection with" means discussing, addressing, relating to, referring to, during the course of, and incident to.

6. The term "person" means any natural person of any age or gender, as well as any corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

7. The phrase "Supreme Court Districts" means the electoral districts used to elect justices of the Mississippi Supreme Court, as currently set forth in Miss. Code § 9-3-1.

8. The phrase "Supreme Court Redistricting Proposal" means any formal or informal proposal or analysis, including but not limited to proposed legislation, concerning any amendment to or modification of the Supreme Court Districts after their adoption in the 1987 Districting Plan.

Relevant legislative proposals include but are not limited to (a) H.B. 845 (2005); (b) H.B. 1531 (2005); (c) H.B. 810 (2006); (d) H.B. 725 (2007); (e) H.B. 868 (2016).

**INSTRUCTIONS AND RULES OF CONSTRUCTION**

1. These instructions and rules of construction shall apply in interpreting the scope of the above definitions and these instructions and rules of construction, as well as the individual Interrogatories below.

2. Response to each of the Interrogatories in writing under oath in accordance with the Instructions herein and all applicable Federal Rules and Local Rules.

3. Set forth the text of each Interrogatory immediately above Your response to that Interrogatory.

4. Each Interrogatory shall be answered completely, separately, and fully, and in accordance with the requirements of the applicable Federal Rules and Local Rules.

5. These Interrogatories are for the purpose of discovery only. Plaintiffs do not hereby waive any objections to the introduction of evidence at trial on subjects covered by these Interrogatories.

6. If an answer to an Interrogatory is based on information and belief, specify and identify the source of the information and grounds for the belief.

7. If your answer to any of the Interrogatories derives from a document, identify the document.

8. In the event you object to any Interrogatory set forth below on the grounds that the Interrogatory is overbroad for any reason, you should respond to the Interrogatory as narrowed in a way that renders it not overbroad in your opinion, and state the extent to which you have narrowed that Interrogatory for the purposes of your response.

9. In the event you object to any Interrogatory set forth below on the grounds that the Interrogatory or any term contained therein is vague, unclear, or ambiguous in any respect, you should (i) identify and explain the specific terms or phrases you believe to be vague, unclear, or ambiguous; (ii) respond to the Interrogatory as you reasonably interpret it; and (iii) specify and explain your interpretation of the Interrogatory.

10. These Interrogatories shall be deemed to be continuing so as to require supplemental responses as you obtain additional information between now and the time of trial in this action.

11. The words "or," "and," "all," "every," "any, "each," "one or more," "including" and similar words of guidance are intended as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory and shall be construed either disjunctively or conjunctively as necessary to being within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope. The word "including" shall not be used to limit any general category or description that precedes it and shall be construed to mean "including but not limited to." The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory.

12. Whenever necessary to bring within the scope of these Interrogatories any information that otherwise might be construed to be outside the scope, (i) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (ii) references to the singular shall include the plural, and vice versa; and (iii) reference to any gender shall also include any other gender.


13. These Interrogatories are intended to elicit as much information as possible concerning the issues raised in the operative Complaint filed in this action. To the extent any Interrogatory could be interpreted in more than one way, you should employ the interpretation of the Interrogatory most likely to encompass and elicit the greatest amount of information possible.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Describe your office's involvement, if any, in the 1987 Districting Plan, including but not limited to the formulation of the 1987 Districting Plan and the consideration of any alternative proposals for new Supreme Court districts.

**INTERROGATORY NO. 2**

Describe your office's involvement, if any, in any subsequent analysis of the Supreme Court Districts, including but not limited to any proposals to redraw or otherwise modify the Supreme Court Districts.

**INTERROGATORY NO. 3**

Identify each person involved in any matter described in your responses to Interrogatories Nos. 1 and 2.

**INTERROGATORY NO. 4**

Describe your role in administering elections for the Mississippi Supreme Court and identify other government bodies, if any, that perform administrative functions in connection with Mississippi Supreme Court elections.

**INTERROGATORY NO. 5**

Identify and describe any State or public interest served by the use of three at-large voting districts for the election of Mississippi Supreme Court justices.

**INTERROGATORY NO. 6**

Identify and describe any State or public interest served by the use of the three at-large voting districts, as currently drawn, for the election of Mississippi Supreme Court justices.

**INTERROGATORY NO. 7**

Identify any dates or deadlines occurring after the date of service of these interrogatories in calendar years 2022, 2023, and 2024 that are relevant to any Mississippi Supreme Court election that may occur in such calendar years, and describe the event or deadline corresponding to each such date.

**INTERROGATORY NO. 8**

Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with gubernatorial appointments of justices to the Mississippi Supreme Court, including but not limited to any formal or informal criteria considered in connection with such appointments.

**INTERROGATORY NO. 9**

Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with the appointments of Justice Reuben Anderson in 1985, Justice Fred Banks Jr. in 1991, Justice James Graves Jr. in 2001, and Justice Leslie King in 2011.

**INTERROGATORY NO. 10**

Identify each person who worked on, advised on, or otherwise been part of the process for gubernatorial appointments of justices to the Mississippi Supreme Court.

**INTERROGATORY NO. 11**

Identify all persons involved in any evaluation, analysis, or study conducted on your behalf or at your direction concerning voting patterns, habits, behaviors, or practices by race or ethnicity between 2000 and present.

**INTERROGATORY NO. 12**

Identify and describe any communications between you or any person in your office and any member of the state legislature concerning the Supreme Court Districts between 2015 and present.

**INTERROGATORY NO. 13**

Describe your record retention policies.

**INTERROGATORY NO. 14**

Identify each person involved in preparing responses to these Interrogatories, other than legal counsel.

Dated: September 2, 2022

/s/ Joshua F. Tom
AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*
*Lcollier@aclu-ms.org*
*Vlyons@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood*
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*
*irethy@stblaw.com*




* Admitted *pro hac vice*

ACLU FOUNDATION
Ari J. Savitzky*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*slakin@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard*
Ahmed K. Soussi (*pro hac vice* forthcoming)
Sabrina Khan (*pro hac vice* forthcoming)
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*


*Attorneys for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on September 2, 2022, I emailed the foregoing to all Counsel of Record for Defendants, and simultaneously filed a Notice of Service of Interrogatories with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/: Joshua Tom_____

Joshua Tom, MSB # 105392