# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DYAMONE WHITE; DERRICK
SIMMONS; TY PINKINS;
CONSTANCE OLIVIA SLAUGHTER
HARVEY-BURWELL                                                                PLAINTIFFS

VS.                                             CIVIL ACTION NO. 4:22-cv-00062-SA-JMV

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES
*in his official capacity as Governor of
Mississippi*; LYNN FITCH *in her
official capacity as Attorney General of
Mississippi*; MICHAEL WATSON *in
his official capacity as Secretary of
State of Mississippi*                                                         DEFENDANTS

## RESPONSES OF DEFENDANT STATE BOARD OF ELECTION COMMISSIONERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant State Board of Election Commissioners ("Defendant"), by and through counsel, and pursuant to FED. R. CIV. P. 33 hereby serves these its responses to Plaintiffs' first set of interrogatories, as follows:

### OBJECTION

Defendant objects to Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS AND RULES OF CONSTRUCTION" to the extent they seek to impose any obligation on Defendant beyond that imposed by the *Federal Rules of Civil Procedure*. Subject to and without waiving its objection, Defendant hereby responds to Plaintiffs' first set of interrogatories.

1

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Describe your office's involvement, if any, in the 1987 Districting Plan, including but not limited to the formulation of the 1987 Districting Plan and the consideration of any alternative proposals for new Supreme Court districts.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement." Defendant further objects to this interrogatory to the extent it is not reasonably limited in time, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which the defendants produced previously as Bates # DEF000001 – DEF000204, to the extent it may contain information responsive to this interrogatory. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. No additional responsive information is available to Defendant.

**INTERROGATORY NO. 2**: Describe your office's involvement, if any, in any subsequent analysis of the Supreme Court Districts, including but not limited to any proposals to redraw or otherwise modify the Supreme Court Districts.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement," "analysis" and/or "proposals." Defendant further objects to this interrogatory to the extent it is not reasonably limited in time, and

2

further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. No additional responsive information is available to Defendant.

**INTERROGATORY NO. 3**: Identify each person involved in any matter described in your responses to Interrogatories Nos. 1 and 2.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involved in any matter." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which the defendants produced previously as Bates # DEF000001 – DEF000204, to the extent it may contain the names of individuals who are or may be responsive to this interrogatory. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. No additional responsive information is available to Defendant.

**INTERROGATORY NO. 4**: Describe your role in administering elections for the Mississippi Supreme Court and identify other government bodies, if any, that perform administrative functions in connection with Mississippi Supreme Court elections.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "administering elections," "government bodies," and/or "administrative functions." Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant would refer Plaintiffs to applicable sections of the Mississippi Code and/or the Mississippi Administrative Code, and specifically those sections pertaining to the State Board of Election Commissioners, for information that is or may be responsive to this interrogatory. Further responding, Defendant identifies the Mississippi Secretary of State's Office and the Circuit Clerks and county election commissioners of Mississippi's 82 counties as responsive to this interrogatory.

**INTERROGATORY NO. 5**: Identify and describe any State or public interest served by the use of three at-large voting districts for the election of Mississippi Supreme Court justices.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope, as it seeks to require Defendant to articulate, in an interrogatory response, any and all State or public interests served by the use of three at-large voting districts for the election of Mississippi Supreme Court justices. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects that Mississippi does not elect Justices from the state at large, but rather from three separate three-Justice districts; because the complaint does not challenge that practice, the reasons supporting it

4

are irrelevant. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that three-Justice voting districts for the election of Mississippi Supreme Court justices foster independence on the Mississippi Supreme Court, in that they ensure that individual justices are not beholden to the interests of a small geographic area. By ensuring that justices run for election from relatively large geographic swaths of the state, a Mississippi Supreme Court justice can, in theory, render a decision that is unpopular in a given area in his or her three-Justice district without fear of retributive defeat in the next Supreme Court election. A given Mississippi Supreme Court justice might otherwise be averse to rendering unpopular decisions if elected using a single-member district consisting of a relatively small geographic area. The use of three three-Justice voting districts helps ensure that the Mississippi's elected Supreme Court is insulated as much as possible from political interference in its decision-making process. The use of the same three districts for the Mississippi Transportation Commission and the Mississippi Public Service Commission helps to minimize voter confusion. Defendant may also rely on any State or public interest identified in *Magnolia Bar Ass'n, Inc. v. Lee*, 793 F. Supp. 1386 (S.D. Miss. 1992). Defendant reserves the right to supplement this response as discovery continues.

**INTERROGATORY NO. 6**: Identify and describe any State or public interest served by the use of the three at-large voting districts, as currently drawn, for the election of Mississippi Supreme Court justices.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope, as it seeks to require Defendant to articulate, in an interrogatory response, any and all State or public interests served by the use of the three at-large voting districts, as currently drawn, for the election of Mississippi Supreme Court

justices. Defendant further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 5, *supra*, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant would refer Plaintiff to Defendant's response to Interrogatory No. 5, *supra*.

**INTERROGATORY NO. 7**: Identify any dates or deadlines occurring after the date of service of these interrogatories in calendar years 2022, 2023, and 2024 that are relevant to any Mississippi Supreme Court election that may occur in such calendar years, and describe the event or deadline corresponding to each such date.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what "dates or deadlines" Plaintiffs deem to be "relevant to any Mississippi Supreme Court election" that may occur in the years specified. Defendant further objects to this interrogatory to the extent it calls for speculation regarding "any Mississippi Supreme Court election that may occur" in the three-year period about which inquiry is made. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states there will be no regularly-scheduled Mississippi Supreme Court elections in 2022 or 2023. The next regularly-scheduled elections for the Mississippi Supreme Court will occur in November 2024. A calendar of dates pertaining to that election is produced herewith consistent with Rule 33(d), *Federal Rules of Civil Procedure*.

**INTERROGATORY NO. 8**: Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with gubernatorial appointments of justices to the Mississippi Supreme Court, including but not limited to any formal or informal criteria considered in connection with such appointments.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that it has no information responsive to this interrogatory.

**INTERROGATORY NO. 9**: Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with the appointments of Justice Reuben Anderson in 1985, Justice Fred Banks Jr. in 1991, Justice James Graves Jr. in 2001, and Justice Leslie King in 2011.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal*

7

*Rules of Civil Procedure.* Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that it has no information responsive to this interrogatory.

**INTERROGATORY NO. 10**: Identify each person who worked on, advised on, or otherwise been a part of [*sic*] the process for gubernatorial appointments of justices to the Mississippi Supreme Court.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "worked on, advised on, or otherwise been a part of." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure.* Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that it has no information responsive to this interrogatory.

**INTERROGATORY NO. 11**: Identify all persons involved in any evaluation, analysis, or study conducted on your behalf or at your discretion concerning voting patterns, habits, behaviors, or practices by race or ethnicity between 2000 and present.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "evaluation, analysis, or study conducted." Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to

8

the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Because Defendant's members are sued in their respective official capacities, Defendant understands this interrogatory to refer only to an evaluation, analysis, or study conducted on Defendant's behalf in the official capacity of its members; to the extent Plaintiffs intend this interrogatory to have a broader scope, Defendant objects that such broader scope lacks relevance or proportionality. Subject to and without waiving its objections, and to the extent responsive to this interrogatory, Defendant expects to designate expert witnesses in the instant litigation, but no evaluation, analysis, or study has yet been conducted. No additional responsive information is available to Defendant.

**INTERROGATORY NO. 12**: Identify and describe any communications between you or any person in your office and any member of the state legislature concerning the Supreme Court Districts between 2015 and present.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "concerning the Supreme Court Districts." Defendant further objects to this interrogatory on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege, the work product doctrine, and, to the extent applicable, legislative privilege. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that it is not aware of any such communications.

**INTERROGATORY NO. 13**: Describe your record retention policies.

**RESPONSE**: Defendant objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objections, and as Defendant appreciates the intent of this interrogatory, Defendant refers Plaintiffs to the written record retention policy of the Mississippi Secretary of State's Office, a copy of which is produced herewith consistent with Rule 33(d), *Federal Rules of Civil Procedure*. The Mississippi Secretary of State's Office serves as the custodian of Defendant's records. Defendant has no separate record retention policy.

**INTERROGATORY NO. 14**: Identify each person involved in preparing responses to these Interrogatories, other than legal counsel.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as is fails to explain what is meant by "person involved in preparing" responses. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving its objection, and as Defendant appreciates the intent of this interrogatory, Defendant states that these interrogatory responses were prepared by defense counsel in consultation with the Mississippi Governor's Office, the Mississippi Attorney General's Office, and the Mississippi Secretary of State's Office.

THIS the 30th day of September, 2022.

Respectfully submitted,

STATE BOARD OF ELECTION
COMMISSIONERS, DEFENDANT

AS TO INTERROGATORY RESPONSES:

By: /s/ Kyle K.

KYLE KIRKPATRICK,
ASSISTANT SECRETARY OF STATE,
ELECTIONS DIVISION, MISSISSIPPI
SECRETARY OF STATE'S OFFICE

AS TO OBJECTIONS:

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/

REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
LINDSAY THOMAS DOWDLE (MSB #102873)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov
lindsay.dowdle@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Tel.: (601) 968-5500
Fax: (601) 944-7738
mbw@wisecarter.com

ATTORNEYS FOR DEFENDANTS STATE
BOARD OF ELECTION COMMISSIONERS,
TATE REEVES, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF MISSISSIPPI, LYNN
FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI, AND
MICHAEL WATSON, IN HIS OFFICIAL

11

CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Kyle Kirkpatrick, Assistant Secretary of State, Elections Division, Mississippi Secretary of State's Office, as duly authorized on behalf of the State Board of Election Commissioners, hereby certify under penalty of perjury under the laws of the United States of America that the foregoing responses to interrogatories are true and correct to the best of my knowledge and information at the time of this declaration.

Executed this the 30th day of September, 2022.

*Kyle* /s/

KYLE KIRKPATRICK,
ASSISTANT SECRETARY OF STATE,
ELECTIONS DIVISION, MISSISSIPPI
SECRETARY OF STATE'S OFFICE

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be served, via e-mail, a true and correct copy of the above and foregoing to the following:

Ari J. Savitzky, Esq.
asavitzky@aclu.org

Bradley E. Heard, Esq.
bradley.heard@splcenter.org

Isaac M. Rethy, Esq.
irethy@stblaw.com

Jade O. Morgan, Esq.
jade.morgan@splcenter.org

Jonathan K. Youngwood, Esq.
jyoungwood@stblaw.com

Joshua Fiyenn Tom, Esq.
jtom@aclu-ms.org

Lakyn Celeste Collier, Esq.
lcollier@aclu-ms.org

Leslie Faith Jones, Esq.
leslie.jones@splcenter.org

Patricia Jia Yan, Esq.
pyan@aclu.org

Sophia Lin Lakin, Esq.
slakin@aclu.org

Vara Lyons, Esq.
vlyons@aclu-ms.org

ATTORNEYS FOR PLAINTIFFS

I do further hereby certify that I have this date caused to be served, via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Joshua Fiyenn Tom, Esq.
ACLU of Mississippi
Post Office Box 2242
Jackson, Mississippi 39225

ATTORNEY FOR PLAINTIFFS

THIS the 3rd day of OCTOBER, 2022.

REX M. SHANNON III