# Exhibit 7



CIVIL LITIGATION DIVISION

October 11, 2022

**VIA E-MAIL ONLY**
Isaac Rethy, Esq.
Simpson Thacher & Bartlett LLP
irethy@stblaw.com

    **RE:**    *Dyamone White, et al. v. State Board of Election Commissioners, et al.*; in the United States District Court for the Northern District of Mississippi (Greenville Division); Civil Action No. 4:22-cv-00062-SA-JMV

Dear Isaac:

We received your letter of October 7, 2022, regarding the above-referenced matter. Although your letter purports to request clarification regarding Defendants' interrogatory responses, it in fact seeks a great deal of information beyond the scope of the queries posited in Plaintiffs' interrogatories. In an effort to respond to your letter in good faith within the time frame you have requested, we would state the following:

1. Defendants have no obligation to assume the unreasonable burden of investigating the actions of prior administrations of state-wide elected officials on Plaintiffs' behalf. If you are aware of any controlling authority that you contend imposes such an obligation, please provide it.

2. This will confirm that we have not withheld any information in response to Defendants' respective responses to Interrogatory No. 12 on the basis of any privilege or otherwise.

3. Much of the additional information you have requested concerns the matter of gubernatorial appointments, generally, of Mississippi Supreme Court justices. Such information has no relevance to the adoption or maintenance of Mississippi's current Supreme Court districts and is beyond the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*.

Isaac Rethy, Esq.
*White, et al. v. SBEC, et al.*
Civil Action No. 4:22-cv-00062-SA-JMV
October 11, 2022
Page 2

4. We have confirmed with the Governor's Office that at the conclusion of Governor Bryant's term in office, all of the records of the Bryant Administration were boxed and transferred to the Mississippi Department of Archives and History ("MDAH"), such that the incoming Reeves Administration assumed occupancy of empty office suites devoid of any records or files from the outgoing Bryant Administration. While Defendants deny that such information is relevant or discoverable, on information and belief, one or more binders from the Bryant Administration containing information regarding judicial appointments were transferred to MDAH during the aforementioned transition.

5. You have generally requested the assistance of the Attorney General's Office in facilitating the disclosure of unspecified "restricted" records of the Bryant and Barbour Administrations that you contend are in the custody of MDAH. The Attorney General's Office is not in a position to commit its limited resources to assisting in a fishing expedition. If there are specific, relevant documents to which you seek access for purposes proportional to the needs of this litigation, please let us know, and the Attorney General's Office will consider your request.

6. Defendants otherwise stand on their respective objections and responses to Plaintiffs' interrogatories.

Very truly yours,

MISSISSIPPI ATTORNEY GENERAL'S OFFICE

Rex M. Shannon III
Special Assistant Attorney General
Deputy Director, Civil Litigation Division
Office: 601-359-4184
E-mail: rex.shannon@ago.ms.gov

cc: Ari J. Savitzky, Esq. (via e-mail only)
Bradley E. Heard, Esq. (via e-mail only)
Joshua F. Tom, Esq. (via e-mail only)
Jade O. Morgan, Esq. (via e-mail only)
Jonathan K. Youngwood, Esq. (via e-mail only)
Lakyn Celeste Collier, Esq. (via e-mail only)

Isaac Rethy, Esq.
*White, et al. v. SBEC, et al.*
Civil Action No. 4:22-cv-00062-SA-JMV
October 11, 2022
Page 3

        Leslie Faith Jones, Esq. (via e-mail only)
        Patricia Jia Yan, Esq. (via e-mail only)
        Sophia Lin Lakin, Esq. (via e-mail only)
        Vara Lyons, Esq. (via e-mail only)