IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DYAMONE WHITE; DERRICK
SIMMONS; TY PINKINS;
CONSTANCE OLIVIA SLAUGHTER
HARVEY-BURWELL**                                 **PLAINTIFFS**

**VS.**                     **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES**
*in his official capacity as Governor of
Mississippi;* **LYNN FITCH** *in her
official capacity as Attorney General of
Mississippi;* **MICHAEL WATSON** *in
his official capacity as Secretary of
State of Mississippi*                                 **DEFENDANTS**

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW the defendants, State Board of Election Commissioners, Tate Reeves, in his official capacity as Governor of Mississippi, Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi, (hereinafter collectively "Defendants") by and through counsel, and pursuant to FED. R. CIV. P. 34 hereby serve these their responses to Plaintiffs' first set of requests for production of documents, as follows:

### OBJECTION

Defendants object to Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS AND RULES OF CONSTRUCTION" to the extent they seek to impose any obligation on Defendants beyond that imposed by the *Federal Rules of Civil Procedure*. Subject to and without waiving their

1



objection, Defendants hereby respond to Plaintiffs' first set of requests for production of documents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All documents and communications concerning the enactment of the 1987 Districting Plan, including but not limited to all materials reflecting the proposals the [sic] led to the plan, any alternative plans that were proposed or considered, and any factors considered by the map drawers, legislators, and/or policymakers who designed and adopted the 1987 Districting Plan, as well as all related legislative history.

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad, sweeping, and unduly burdensome. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which is being produced in conjunction with Defendants' initial disclosures served herein, as Bates # DEF000001 – DEF000204. Upon a reasonably diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**: All documents and communications concerning any Supreme Court Redistricting Proposal, including but not limited all [sic] materials

reflecting the factors considered by the map drawers, legislators, and/or policymakers who proposed or contemplated such changes, and all related legislative history.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous, as the definition of "Supreme Court Redistricting Proposal" set forth in Plaintiff's "DEFINITIONS" fails to explain what is meant by "any formal or informal proposal or analysis." Defendants further object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants state that upon a reasonably diligent search, Defendants have not identified any responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the records maintained by the Mississippi Legislature for documents that may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**: All documents and communications concerning any analysis of the 1987 Districting Plan or the Supreme Court Districts, from 1985 to present.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "any analysis." Defendants further object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of

3

information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants state that upon a reasonably diligent search, Defendants have not identified any responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the records maintained by the Mississippi Legislature and the court record in *Magnolia Bar Ass'n, Inc. v. Lee*, 793 F. Supp. 1386 (S.D. Miss. 1992), for documents that may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications concerning or involving any consultant, advisor, or other individual who provided advice or consultation concerning, or otherwise participated in the drawing, evaluation, or analysis of, the Supreme Court Districts.

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants state that upon a reasonably diligent search, Defendants have not identified any responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the records maintained by the Mississippi Legislature and the court record in

4

*Magnolia Bar Ass'n, Inc. v. Lee*, 793 F. Supp. 1386 (S.D. Miss. 1992), for documents that may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications concerning Mississippi's utilization of non-partisan judicial elections, including but not limited to documents concerning proposals for the adoption of non-partisan judicial elections, any legislative history related thereto, and any analyses of such elections.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "any analyses." Defendants further object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendants further object to this request to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants are producing herewith, as Bates # DEF002879 – DEF002880, a September 6, 1994, preclearance letter. Upon a reasonably diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the records maintained by the Mississippi Legislature for documents that may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications concerning applications by or on behalf of the State of Mississippi for U.S. Department of Justice

preclearance under Section 5 of the Voting Rights Act for state judicial districting plans, including but not limited to the 1987 Districting Plan.

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which is being produced in conjunction with Defendants' initial disclosures served herein, as Bates # DEF000001 – DEF000204. Further responding, Defendants are producing herewith, as Bates # DEF001370 – DEF002880, copies of preclearance file materials pertaining to judicial districting legislation related to the Mississippi Court of Appeals and Mississippi Circuit Courts and Chancery Courts from 1985 to present. Upon a reasonably diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications concerning gubernatorial appointments to fill vacancies on the Mississippi Supreme Court, from 1985 to present.

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to

6

the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants are producing herewith, as Bates # DEF002881 – DEF002903, copies of documents pertaining to gubernatorial appointments to the Mississippi Supreme Court for the time period specified. Upon a reasonably diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the Mississippi Department of Archives and History for additional documents that may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**: Documents sufficient to show precinct level results of all elections for Mississippi Supreme Court, State Transportation Commission, and Public Service Commission, including party primary elections, from 1985 to present.

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request, Defendants are producing herewith, as Bates # DEF002904 – DEF006906, copies of the following documents to the extent they are in Defendants' possession, custody, or control: statewide, county-level election returns, displaying precinct-level results, for all elections for the Mississippi Supreme Court, Mississippi Transportation Commission, and Mississippi Public Service Commission, including party primary

elections, for the years 2003 – 2022. Upon a reasonably diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the Mississippi Department of Archives and History for additional documents that may be responsive to this request, including any responsive documents for the years preceding 2003.

**REQUEST FOR PRODUCTION NO. 9**: All documents and communications concerning racially polarized voting in Mississippi, including but not limited to any analyses of voting patterns by race.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "any analyses." Defendants further object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in time. Defendants further object to this request to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*, and to the extent it seeks discovery of information protected by any privilege, including but not limited to the attorney-client privilege, and/or the work product doctrine. Defendants further object to this request to the extent it invades the mental impressions and/or theories of counsel. Subject to and without waiving their objections, and as Defendants appreciate the intent of this request and to the extent responsive to this request, Defendants are producing herewith, as Bates # DEF006907 – DEF007031, a copy of an expert report filed as Dkt. #169-2 in *Smith, et al. v. Clark, et al.*, in the U.S. District Court for the Southern District of Mississippi, No. 3:01-cv-00855-HTW-EGJ-DCB, as well as copies of expert reports served in *Thomas, et al. v. Bryant, et al.*, in the U.S. District Court for the Southern District of Mississippi, No. 3:18-cv-00441-CWR-FKB. Upon a reasonably

8

diligent search, Defendants have not identified any other responsive documents in their possession, custody, or control. Defendants would refer Plaintiffs to the court records associated with previous Section 2 challenges to Mississippi election districts for additional documents that may be responsive to this request.

THIS the 8th day of August, 2022.

                                    Respectfully submitted,

                                    STATE BOARD OF ELECTION
                                    COMMISSIONERS, TATE REEVES, IN HIS
                                    OFFICIAL CAPACITY AS GOVERNOR OF
                                    MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL
                                    CAPACITY AS ATTORNEY GENERAL OF
                                    MISSISSIPPI, AND MICHAEL WATSON, IN HIS
                                    OFFICIAL CAPACITY AS SECRETARY OF
                                    STATE OF MISSISSIPPI, DEFENDANTS

                              By:    LYNN FITCH, ATTORNEY GENERAL
                                        STATE OF MISSISSIPPI

                              By:    _____
                                      REX M. SHANNON III (MSB #102974)
                                      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
LINDSAY THOMAS DOWDLE (MSB #102873)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov
lindsay.dowdle@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651

9

Tel.: (601) 968-5500
Fax: (601) 944-7738
mbw@wisecarter.com

ATTORNEYS FOR DEFENDANTS STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be served, via e-mail, a true and correct copy of the above and foregoing to the following:

Ari J. Savitzky, Esq.
asavitzky@aclu.org

Bradley E. Heard, Esq.
bradley.heard@splcenter.org

Isaac M. Rethy, Esq.
irethy@stblaw.com

Jade O. Morgan, Esq.
jade.morgan@splcenter.org

Jonathan K. Youngwood, Esq.
jyoungwood@stblaw.com

Joshua Fiyenn Tom, Esq.
jtom@aclu-ms.org

Lakyn Celeste Collier, Esq.
lcollier@aclu-ms.org

Leslie Faith Jones, Esq.
leslie.jones@splcenter.org

Liza Freedman Weisberg, Esq.
liza.weisberg@splcenter.org

Patricia Jia Yan, Esq.
pyan@aclu.org

Samantha Osaki, Esq.
sosaki@aclu.org

Sophia Lin Lakin, Esq.
slakin@aclu.org

Vara Lyons, Esq.
vlyons@aclu-ms.org

ATTORNEYS FOR PLAINTIFFS

I do further hereby certify that I have this date caused to be served, via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ari J. Savitzky, Esq.
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004

ATTORNEY FOR PLAINTIFFS

THIS the 8th day of August, 2022.

REX M. SHANNON III

11