IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL**                                    **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES** *in his official capacity as Governor of Mississippi*; **LYNN FITCH** *in her official capacity as Attorney General of Mississippi*; **MICHAEL WATSON** *in his official capacity as Secretary of State of Mississippi*                                    **DEFENDANTS**

## ORDER DENYING PLAINTIFFS' MOTION TO OVERRULE DEFENDANTS' OBJECTIONS AND COMPEL DISCOVERY

This matter is before the Court on Plaintiffs' motion [74] to overrule Defendants' objections to certain interrogatories and to compel Defendants to provide further responses thereto. Because, as described below, the Defendants have produced all documents in their possession or control responsive to the subject discovery requests, the motion to compel Defendants to respond further is **DENIED**. Having denied the motion to compel on this basis, the Court further finds that the objections asserted by Defendants in response to the subject interrogatories—in so far as the obligation to produce the same in discovery is concerned—are moot; accordingly, the motion to overrule them is likewise moot.

**The Plaintiffs' Motion to Compel ([74] and [75])**

The instant motion concerns six (6) interrogatories, each covering either an expansive period of years (35, for example) or an unspecified period altogether, and such broad categories as "involvement" in districting plans, gubernatorial appointments to the MS Supreme Court, and voting habits, behaviors, etc. since the year 2000. Conversely, many of Defendants' responses, in terms of the objections asserted, are equally sweeping in breadth, but sparse on detail. Each interrogatory and response at issue, with emphasis added by the Court, is set forth below:

- INTERROGATORY NO. 1: Describe your office's involvement, if any, in the 1987 Districting Plan, including but not limited to the formulation of the 1987 Districting Plan and the consideration of any alternative proposals for new Supreme Court districts.

    o DEFENDANTS' RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement." Defendant further objects to this interrogatory to the extent it is not reasonably limited in time, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states on information and belief that the subject H.B. 552 was signed into law in 1987 by then Governor William A. Allain, who is deceased. To the extent it may contain information responsive to this interrogatory, Defendant would refer Plaintiffs to the Mississippi Attorney General USDOJ Preclearance File, Chapter 491, H.B. 552 (1987), a copy of which the defendants produced previously as Bates # DEF000001 — DEF000204. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. **No additional responsive information is available to Defendant.**

- INTERROGATORY NO. 2: Describe your office's [3] involvement, if any, in any subsequent analysis of the Supreme Court Districts, including but not limited to any proposals to redraw or otherwise modify the Supreme Court Districts.

    o RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "involvement," "analysis" and/or "proposals." Defendant further objects to this interrogatory to the extent it is

2

not reasonably limited in time, and further to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that his administration has not been involved in any activities about which inquiry is made. Defendant reserves the right to use and rely upon any and all information contained in any and all preclearance file materials produced in the course of discovery in this litigation, including but not limited to the testimony of any and all individuals identified in such records. **No additional responsive information is available to Defendant.**

- INTERROGATORY NO. 8: Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with gubernatorial appointments of justices to the Mississippi Supreme Court, including but not limited to any formal or informal criteria considered in connection with such appointments.

    - RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, **Defendant states that his office does not have any written or unwritten policies or procedures addressing Supreme Court appointments. To date, Defendant has not made any such appointments, as no Supreme Court vacancies have occurred during Defendant's term in office**. With regard to judicial appointments generally, Defendant states that a public announcement posted by The Mississippi Bar is typically utilized to solicit resumes from candidates interested in being considered for judicial vacancies. Resumes received are reviewed, and ultimately a decision is made regarding a given appointment in a manner consistent with Miss. CODE ANN. §§ 9-1-103, 23-15-849. Defendant would refer Plaintiffs to the Mississippi Department of Archives and History for additional information that may be responsive to this interrogatory.

- INTERROGATORY NO. 9: Identify and describe any policies, procedures, and practices, whether formal or informal, followed in connection with the appointments of Justice Reuben Anderson in 1985, Justice Fred Banks Jr. in 1991, Justice James Graves Jr. in 2001, and Justice Leslie King in 2011.

3

- o RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, **Defendant states that no responsive information is available to Defendant.** Defendant would refer Plaintiffs to the Mississippi Department of Archives and History for information that may be responsive to this interrogatory.

- INTERROGATORY NO. 10: Identify each person who worked on, advised on, or otherwise been a part of the process for gubernatorial appointments of justices to the Mississippi Supreme Court.

    - o RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "worked on, advised on, or otherwise been a part of" Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, **Defendant states that he has not made any such appointments, as no Supreme Court vacancies have occurred during Defendant's term in office. Defendant would refer Plaintiffs to information contained in any documents produced by Defendants herein, to the extent it may identify individuals who are or may be responsive to this interrogatory in connection with prior gubernatorial administrations**. Defendant would further refer Plaintiffs to the Mississippi Department of Archives and History for information that may be responsive to this interrogatory. **No additional responsive information is available to Defendant**.

- INTERROGATORY NO. 11: Identify all persons involved in any evaluation, analysis, or study conducted on your behalf or at your discretion concerning voting patterns, habits, behaviors, or practices by race or ethnicity between 2000 and present.

    - o RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "evaluation, analysis, or study conducted." Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope or time.

4

>Defendant further objects to this interrogatory to the extent it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, Federal Rules of Civil Procedure. Because Defendant is sued in his official capacity, he understands this interrogatory to refer only to an evaluation, analysis, or study conducted on his behalf in his official capacity; to the extent Plaintiffs intend this interrogatory to have a broader scope, Defendant objects that such broader scope lacks relevance or proportionality. Subject to and without waiving his objections, and to the extent responsive to this interrogatory, Defendant expects to designate expert witnesses in the instant litigation, **but no evaluation, analysis, or study has yet been conducted. No additional responsive information is available to defendant.**

### The Defendants' Response ([84] and [85]) to the Motion to Compel

In response to the instant motion to compel, Defendants elaborated on their compliance with their discovery obligations by making repeated representations to counsel and the Court that, in fact, all information in their possession or control has been provided in response to the subject interrogatories. Indeed, among the representations to this effect are the following, with emphasis added by the undersigned:

- Plaintiffs' motion to overrule Defendants' objections and compel discovery should be denied because (1) the information Plaintiffs seek, to the extent it exists, is presumably in the State Archives—**it is not in the possession, custody, or control of Defendants.** [84] at ¶ 1.

- In this now fourth attempt to invalidate Mississippi's Supreme Court districts, Plaintiffs seek to compel Defendants to respond to six interrogatories with information **they do not have and cannot reasonably obtain.** [84] at ¶ 2.

- In addition to producing over 7,700 pages of responsive documents to date, **Defendants have responded to all six disputed interrogatories with information that is reasonably available to their respective administrations.** In so doing, Defendants have discharged their obligations under FRCP 33. [84] at ¶ 3.

- Plaintiffs now ask this Court to order Defendants to do more. Specifically, Plaintiffs seek an order compelling Defendants to supplement six interrogatory responses to provide **information that is . . . (2) not available to or reasonably obtainable by Defendants.** [85] at 4.

5

- THE INFORMATION PLAINTIFFS SEEK**, . . . IS NOT IN THE POSSESSION, CUSTODY, OR CONTROL OF DEFENDANTS.** [85] at 4.

- **All three defendants have provided under oath the information available to them and their staffs**, . . . **Defendants, then, have provided the responsive information and records they possess, and the only way to find more information is to find more records** . . . **Defendants have no such documents in their possession, custody, or control**. [85] at 4-5.

- **[T]he judicial appointment information Plaintiffs seek, to the extent it exists, is presumably contained in records in the custody of MDAH**. As a matter of law, title to **those records is vested exclusively in MDAH—not in Defendants.** [85] at 5.

- All six of the interrogatories made the subject of Plaintiffs' motion to compel—viz**., Interrogatory Nos. 1, 2, 8, 9, 10, and 11—implicate the actions of prior state-wide elected officers**. In response to these interrogatories, and subject to objections on relevance, proportionality, unreasonable time scope, burdensomeness, and other grounds, **Defendants provided Plaintiffs with all reasonably obtainable information available to them as state-wide elected officers**. [85] at 12.

- Interrogatory No. 1 seeks information regarding the involvement of the Governor, Attorney General, Secretary of State, and SBEC in formulating the current Supreme Court districts in 1987. In response to this request for information regarding events that occurred 35 years ago, Defendants referred Plaintiffs to the USDOJ preclearance file related to the 1987 implementation of the current Supreme Court districts, a copy of which Defendants produced; **Defendants each stated that no additional responsive information is available to them.** [85] at 12.

- In response to Interrogatory No. 2, which seeks information regarding any subsequent analyses of Supreme Court districts, the Governor, Attorney General, and Secretary of State each stated that their respective administrations have not been involved in any such activities; Defendants referred Plaintiffs to the numerous preclearance file materials produced by Defendants**; and Defendants again each stated that no additional responsive information is available to them.** [85] at 12.

- **Defendants' responses to Interrogatory Nos. 8, 9, and 10 concerning gubernatorial appointments** are addressed in Part II, supra. As noted supra and confirmed by Governor Reeves in his interrogatory responses, he has not yet had occasion to make any appointments to the Supreme Court. Thus, all of the gubernatorial appointments implicated by Plaintiffs' interrogatories—including the appointments of Justices Anderson, Banks, Graves, and King— were made by previous Governors**. Defendants responded to these interrogatories with the information available to them.** [85] at 13.

- The sole remaining interrogatory at issue—Interrogatory No. 11—asks Defendants to "[i]dentify all persons involved in any evaluation, analysis, or study conducted on [the defendant's] behalf or at [their] discretion concerning voting patterns, habits, behaviors, or practices by race or ethnicity between 2000 and present." Dkt. #74-1 at 8. In response to this interrogatory, **Defendants each stated that with the exception of expert witnesses to be designated in this case, no responsive information is available to them** Plaintiffs now seek to compel Defendants to provide information that could only be obtained from records of prior state-wide elected officers. Plaintiffs' motion should be denied because Defendants have satisfied their obligations under FRCP 33. [85] at 13.

- To the extent **Plaintiffs seek discovery of information that is not reasonably available to Defendants**, Plaintiffs alone should bear the burden of pursuing that information directly. [85] at 13.

- As a matter of law, a state-wide elected officer may discharge his/her obligation to respond to interrogatories by "furnish[ing] the information available to [the officer]." See FED. R. CIV. P. 33(b)(1)(B). As set forth immediately supra, **Defendants have done exactly that, providing Plaintiffs with responsive information available to their respective administrations for all six interrogatories at issue**. [85] at 14.

- In other words, given that the time period implicated by the disputed interrogatories spans over 35 years and six prior gubernatorial administrations (including the administrations of two Governors who are now deceased), **Defendants have no reasonable means of acquiring the additional information Plaintiffs now seek.** [85] at 14-15.

- **Consistent with FRCP 33, Defendants have responded to all six disputed interrogatories with information that is reasonably available to their respective administrations As a practical matter, Defendants have no ability to acquire such information in any reasonable or efficient manner.** [85] at 15.

- In support of their argument that Defendants should be required to investigate the actions of prior administrations, Plaintiffs cite a bevy of non-controlling opinions, Dkt. # 75 at 14, for the proposition that **Defendants must produce information that is available to them and reasonably obtainable. As set forth in detail supra, Defendants have done as much with respect to all six of the disputed interrogatories.** Requiring Defendants to undertake an investigation of the actions of prior administrations would compel Defendants to assume a heavier burden than that imposed by FRCP 33 . . . here, where **Defendants have produced all responsive information reasonably available to their respective administrations in responding to the six interrogatories at issue.** [85] at 16-17.

- That is not the case here, where **Plaintiffs seek information that is not preserved in records in the possession, custody, or control of Defendants**. [85] at 18.

7

- **Plaintiffs have not identified any controlling authority requiring Defendants to produce information that is not available to and reasonably obtainable by their respective administrations.** [85] at 18.

- **Defendants have no greater access to information related to prior state-wide elected officers than Plaintiffs do.** [85] at 18.

- **Defendants have provided complete responses to all six disputed interrogatories based on the information that is available to and reasonably obtainable by them.** [85] at 18.

### The Reply [88] to the Plaintiffs' Motion to Compel and the Court's Findings

By way of reply to Defendants' representations and in support of their motion to compel, Plaintiffs concede that Defendants are only obligated to produce information that is in their possession custody or control, but argue instead, that the Defendants "appear" not to have made a reasonable inquiry so as to determine what information their respective administrations have in their possession or control. [88] at 9.

I find this argument unpersuasive for at least three reasons. First, as outlined above, the Defendants have made repeated representations to the contrary. See, for example, Defendants' representation that "All three defendants have provided under oath the information available to them and their staffs," [85] at 4. Secondly, Plaintiffs cite no facts to support the assertion that Defendants have not made reasonable inquiry of their staffs. Finally, the comments to the Federal Rules of Civil Procedure and Fed. R. Civ. P. 26(g) make it clear that an attorney's signature on discovery responses "certifies the lawyer has made a reasonable effort to assure that the client has provide all the information and documents available to him that are responsive to the discovery demand." *See* Fed. R. Civ. P. 26 Advisory Committee Notes to 1983 Amendment, Subdivision (g).

In short, absent some factual basis to support the argument that Defendants have not made a reasonable inquiry of their respective staffs in order to respond to the subject interrogatories and

8

in doing so have, as repeatedly represented by them, produced all information responsive thereto that is in their possession and control, the Court finds the motion to compel to be without merit.

**THEREFORE**, the Motion to Compel shall be and is hereby **DENIED.**

**SO ORDERED,** this the 1st day of December, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**