# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DYAMONE WHITE, et al.,**

**PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION**
**COMMISSIONERS, et al.**                                    **DEFENDANTS**

---

## PROTECTIVE ORDER GOVERNING PRODUCTION OF RECORDS
## FROM MISSISSIPPI DEPARTMENT OF ARCHIVES AND HISTORY

---

This Court, being in agreement with Plaintiffs Dyamone White, et al. and non-party Mississippi Department of Archives and History ("MDAH") that certain documents and/or information produced or disclosed by MDAH in the course of the above-captioned litigation may be confidential and that a protective order is necessary to expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect information entitled to be kept confidential, does hereby enter, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), this protective order establishing a procedure for use and access to such information.

IT IS HEREBY ORDERED AS FOLLOWS:

1.      "Confidential Information" shall mean all information that is produced or disclosed by MDAH, that MDAH in good faith, considers confidential based upon the criteria found in Rule 26 of the Federal Rules of Civil Procedure or other applicable law and that has been so designated by MDAH, including (i) materials that are subject to Mississippi Records Control Schedule 283 and (ii) materials that contain personal identifying information such as social security numbers, dates of birth, phone numbers, addresses, and healthcare records. Confidential Information shall

include any document so designated, as well as the substance of the information contained in the document and any description, report, summary, or statement about the substance of the information contained in the document. In designating a document as containing Confidential Information, MDAH represents, in good faith, that it has maintained the confidentiality of such document and that it has not been disclosed to anyone outside of MDAH, and/or that if disclosure outside of MDAH was made, such disclosure was made by expressly informing the recipient of the confidential nature of the information and the desire of MDAH to maintain its confidentiality. "Document" as used herein includes, without limitation, any information produced by MDAH, including records on a computer disk or other electronic storage medium.

2.      Designation of Confidential Information shall be accomplished by, prior to producing the document, either (i) stamping or otherwise affixing the term "Confidential" or similar language to each page of the document at issue or (ii) informing Plaintiffs that particular documents or groups of documents have been so designated when making the production, in which case Plaintiffs will stamp or otherwise affix the term "Confidential" to each page of the document. Such marking of the document will be done in such a manner as to maintain the legibility of the document. In order to facilitate the efficient production of documents by MDAH, a group or set of documents may be designated as confidential based on a good-faith belief that the group or set of documents at issue contains Confidential Information, irrespective of whether each document or page thereof itself specifically contains Confidential Information. Documents unintentionally produced without an appropriate designation may be retroactively designated, and the same procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) for privileged and trial preparation materials shall be followed. Nothing herein affects the Parties' rights to exercise the protections afforded by Fed. R. Civ. P. 26(b)(5)(B) or Fed. R. Evid. 502.

3.     Confidential Information shall only be used for purposes of the above-captioned litigation, including any and all appeals, and for no other purpose, and shall not be disclosed except in accordance herewith. However, this use is subject to the restrictions contained in Paragraph 6 below.

4.     This Order shall be binding on all parties to this litigation (the "Parties" and each a "Party"), and all persons bound by the terms of this Order shall not disclose or permit disclosure of documents or information designated as containing Confidential Information other than pursuant to the terms of this Protective Order. Except with prior written consent of MDAH, none of the Confidential Information may be disclosed to any person other than a "Qualified Person," described as follows:

    (a)    counsel of record in this litigation and any associated counsel and/or in-house counsel and/or retained outside counsel, and any employee of such counsel, including, but not limited to, paralegal assistants and stenographic and clerical employees, as well as other personnel who provide copying or related litigation services at the request of counsel to the Parties;

    (b)    the Parties to this litigation, namely the named individual plaintiffs and the named defendant governmental actor, and the Parties' employees so long as the receipt of Confidential Information by such employees is necessary for the prosecution or defense of the above-captioned litigation, including any and all appeals;

    (c)    experts and consultants (and their staff and support personnel) consulted by Qualified Persons described in (a) above, in connection with this litigation, including any and all appeals (whether in preparation for trial or in presentation of evidence, in connection with trial, motions, testimony, evaluation, advice or otherwise in connection with the case), party witnesses (expert and/or fact), and non-party fact witnesses whose testimony is being taken either during deposition or at trial;

    (d)    court reporters and videographers while in the performance of their official duties, provided that these persons may retain confidential documents only as long as is necessary for the conduct of their duties in this case;

    (e)    copying, imaging, computer services or litigation support services, provided that said Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing Party upon completion of any such copying, imaging and computer services;

(f)     persons whose names appear on those documents as authors or recipients thereof, or deponents in a deposition, or witnesses who may be asked to testify regarding matters related to such documents;

(g)     the Court and its personnel and officers, and if the case proceeds to trial, trial witnesses and jurors, unless the Court orders otherwise;

(h)     mediators or other third-party neutrals in any alternative dispute resolution procedure; and

(i)     any other person who is designated by written agreement of MDAH or by order of the Court after notice to MDAH and opportunity to be heard.

5.     Prior to receiving any Confidential Information, each Qualified Person identified in Paragraphs 4(c), 4(h), and 4(i) above, shall be first furnished with a copy of this Order, and must read this Order and sign the Acknowledgment form attached hereto as Exhibit A. A copy of each signed Acknowledgment form shall be retained by the Party obtaining it. In no event shall these provisions require disclosing the identity of purely consulting witnesses.

6.     Each Qualified Person described in Paragraph 4 to whom Confidential Information is to be furnished, shown, or disclosed will use such information solely for the purpose of this litigation, including any and all appeals, and will not communicate the information, directly or indirectly, to any other person who is not a Qualified Person, including any attorneys involved in other litigation or proceeding with the Parties. All Qualified Persons who have received Confidential Information shall continue to be bound by the provisions of this Protective Order, even if no longer engaged in this litigation.

7.     This Order shall govern discovery and pretrial motions in the above-captioned litigation. Use of Confidential Information at trial or in an evidentiary hearing will be subject to procedures that may be determined by the United States District Judge presiding over such proceedings.

8.     Filing of Confidential Information under seal shall be governed by Local Rule 79.

4

The filing party shall work with MDAH in good faith to minimize the burden and expense on MDAH of the procedures contemplated by Rule 79. If the Court determines that the reasons proffered by the party seeking to seal any materials designated as Confidential Information are insufficient to justify filing under seal, the subject materials may be filed publicly on the docket.

9. Subject to the provisions of this paragraph, the Parties may disclose Confidential Information to non-parties in response to a valid discovery request, subpoena, or Court order ("Legal Process"). However, the Party responding to such Legal Process (the "Respondent") shall provide prompt written notice, prior to disclosure, to MDAH of the Respondent's intent to disclose Confidential Information to non-parties pursuant to Legal Process. Such notification shall include a copy of the Legal Process. The Respondent shall promptly notify in writing the party who caused the Legal Process to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order. If MDAH timely seeks a protective order, the Respondent shall not produce any information designated in this action as Confidential before a determination by the court from which the subpoena or order issued, unless the Respondent has obtained MDAH's permission or production prior to such determination is required by law. The Respondent shall make reasonable efforts to ensure that any Confidential Information produced in response to Legal Process is designated as confidential in connection with such production and is produced subject to a protective order containing terms reasonably similar to the terms of this Order. Nothing herein shall be construed as requiring the Respondent or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information or to subject itself to any penalties for noncompliance with any legal process or order or to seek any relief from any Court.

10. This Order shall survive the final conclusion of this litigation, including resolution

of any and all appeals, to the extent that the information contained in Confidential Information is not or does not become known to the public. Any disclosure or dissemination of any Confidential Information in violation of this Order by any person subject to this Order shall entitle the aggrieved Party to seek legal and/or equitable relief.

11. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defence in this litigation, or any other litigation.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

13. Nothing in this Order shall be interpreted as limiting any person's obligation to produce documents, materials, or information in discovery, nor shall this Order be interpreted as limiting a Party's right to refer to or use Confidential Information at any deposition, hearing, or in any oral or written submission to the Court, subject to the provisions of this Order.

14. The designation of any document, material, or information as constituting Confidential Information is subject to review by the Court by way of the procedures set forth herein for determination as to whether any specific document so designated contains information meeting the criteria for protection under applicable law.

15. This Order shall not limit any Party from seeking a modification of this Order or further protection from the Court, if such Party deems it necessary to do so. Furthermore, notwithstanding anything to the contrary, this Order may be modified by the Court at any time.

16. The Parties shall take reasonable precautions to prevent the inadvertent or mistaken disclosure of the Confidential Information.

17. Any Party to this litigation that is added after this Order is entered shall be bound

by the terms hereof and be considered a Party hereto, whether such additional Party has signed this

Order, an Acknowledgment of Protective Order, or like instrument.

SO ORDERED, this the _____20 th_____ day of January, 2023.

_____

UNITED STATES MAGISTRATE JUDGE

7

**AGREED TO AND SUBMITTED BY:**

/s/ *Sarah Mann*

Sarah W. Mann
Special Assistant Attorney General
Office of the Attorney General
State Agencies Division, Boards & Commissions

Post Office Box 220
Jackson, Mississippi 39205
(601) 359-4343
Sarah.Mann@ago.ms.gov

**ATTORNEY FOR NON-PARTY MISSISSIPPI DEPARTMENT OF ARCHIVES AND HISTORY**

/s/

Joshua Tom (MSB #105392)
AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

**ATTORNEY FOR PLAINTIFFS**

8

# EXHIBIT A

STATE OF _____

COUNTY OF _____

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that certain information provided to me is Confidential Information subject to a Protective Order (a copy of which is attached hereto) signed by the Honorable Jane M. Virden, United States Magistrate Judge for the Northern District of Mississippi, in Civil Action No. 4:22-cv-00062-SA-JMV, and that such Order contains restrictions on my use and disclosure of such information and may contain restrictions on my activities after reviewing certain types of Confidential Information. I have read such Order, understand such Order, and agree to be bound by it.

I understand that unauthorized disclosures of Confidential Information may constitute contempt of Court.

I further agree that I shall be subject to and submit to the jurisdiction of the United States District Court for the Northern District of Mississippi for resolution of any dispute relating to my compliance with the Protective Order.

_____

Name: _____

Date:_____

Basis for disclosure:_____

50664509.1                                                                          01/20/23 8:08 AM