**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL<br><br>        Plaintiffs,<br><br>v.<br><br>STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES *in his official capacity as Governor of Mississippi*; LYNN FITCH *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON *in his official capacity as Secretary of State of Mississippi*<br><br>        Defendants. | Civil Action No. 4:22-cv-00062-SA-JMV |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT DISMISSING COUNT II**

Plaintiffs, by and through counsel, hereby move the Court under Rule 15(a) for leave to file their Proposed Amended Complaint. Plaintiffs seek to amend their original Complaint, filed April 25, 2022, in order to remove Count II, the constitutional claim, and certain associated allegations. The proposed amendment also omits two paragraphs concerning preclearance of the challenged districting scheme to conform the pleadings to the evidence. Defendants do not oppose the motion.

There is good cause under Rule 16(b)(4) for this motion for leave to file an amended complaint after the deadline for amended pleadings. Plaintiffs seek to amend the Complaint in

order to drop one of their claims. The removal of the constitutional claim narrows the case for trial; there is no prejudice in allowing the amendment; and there have been no continuances or prior motions by Plaintiffs to amend the complaint.

## PROCEDURAL HISTORY

Plaintiffs filed suit on April 25, 2022, asserting that the district boundaries used in Mississippi's State Supreme Court elections dilute the voting strength of Black Mississippians in violation for the Voting Rights Act and the United States Constitution. Dkt. 1. The Complaint contained two causes of action: Count I alleges violation of the federal Voting Rights Act, and Count II alleges violations of the U.S. Constitution.

On July 19, 2022, the Court entered a scheduling order that, among other things, required all parties to move to amend or supplement their pleadings by August 25, 2022. Dkt. 47 at 4.

## ARGUMENT

The appropriate mechanism for withdrawing a single claim within an action is under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) (citation omitted); *see also* 9 Fed. Prac. and Proc. Civ. § 2362 (3d ed. 2008). Rule 15(a) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Jones v. Gammage*, No. 4:20-cv-220, 2022 WL 601034, at *2 (N.D. Miss. Feb. 28, 2022) (citation omitted).

In addition, in order to amend a pleading after the deadline set in a scheduling order, a movant must show "good cause" under Rule 16(b)(4). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *West v. City of Holly Springs, Miss.*,

No. 3:16CV79, 2017 WL 5986128, at *1 (N.D. Miss. Dec. 1, 2017) (citation omitted); *see also* Fed. R. Civ. P. 16(b)(4).

Plaintiffs can show good cause here, and accordingly the motion for leave to amend the Complaint should be granted, consistent with Rule 15's "liberal standard." *S&W Enterprises, L.L.C.*, 315 F.3d at 536. Courts consider four factors to determine whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwest Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

*First*, Plaintiffs seek leave to drop one of their claims as a result of developments during the discovery process. Plaintiffs necessarily could not have sought leave before the August 25, 2022 deadline for amendments, because this deadline passed near the beginning of the discovery period.

*Second*, the removal of the constitutional claim narrows the issues before the Court in subsequent proceedings, conserving significant judicial resources as well as those of the parties. Those important considerations satisfy the good cause standard. *See Balderas v. Valdez*, No. 3:16-cv-2652, 2018 902333, at *4 (N.D. Tex. Feb. 15, 2018); *cf. Jones*, 2022 WL 601034, at *2 (noting courts "may also consider judicial efficiency and effective case management" in deciding whether to grant leave to amend).

*Third*, there is no prejudice in allowing the amendment, which removes a claim from the case and does not add any new claims or allegations. No motions are presently pending concerning the constitutional claim, and allowing amendment to drop this claim at this time—before the close of discovery and in advance of the filing of any summary judgment motions—

will conserve resources. The amendment does not reflect bad faith nor impose any delays with respect to any of the other deadlines established by the Court's scheduling order, as the removal of claims "reduce[s] the time and effort to be spent by the parties and the Court." *See DeMayo v. PNC Bank, Nat'l Ass'n*, No. A-13-605, 2013 WL 12394366, at *2 (W.D. Tex. Dec. 20, 2013); *compare S&W Enterprises, L.L.C.*, 315 F.3d at 537 (finding prejudice where amendment would assert a different cause of action and require the nonmoving party to conduct additional discovery). The cause of action in Plaintiffs' suit under Section 2 of the Voting Rights of Act of 1965 is unaffected by the proposed amendment.[1]

*Fourth*, because there is no prejudice, delay, or additional expenditure of any party's resources associated with the proposed amendment, there is no need to consider the availability of a continuance to cure prejudice.

*Finally*, because good cause has been shown under Rule 16(b)(4), leave to amend under Rule 15 should be granted. For the same reasons as set forth above, there is no prejudice, bad faith, or undue delay, and Plaintiffs should be granted leave to file the proposed Amended Complaint attached to this Motion as Exhibit A.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion for leave to amend be granted.

Dated: March 24, 2023                  Respectfully submitted,

/s/ *Joshua Tom*
AMERICAN CIVIL LIBERTIES UNION      ACLU FOUNDATION
OF MISSISSIPPI FOUNDATION                 Ari J. Savitzky*

---

[1] Similarly, the deletion of two paragraphs concerning preclearance is appropriate and not prejudicial. Since filing the Complaint, Plaintiffs learned that the allegations set forth in these paragraphs were not accurate. It is appropriate to omit such inaccurate allegations from the proposed Amended Complaint, rather than to reallege them.

Joshua Tom (Miss. Bar No. 105392)
Lakyn Collier (Miss. Bar No. 106224)
Vara Lyons*
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*
*Lcollier@aclu-ms.org*
*Vlyons@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
Isaac Rethy*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*
*irethy@stblaw.com*

* Admitted *pro hac vice*

Sophia Lin Lakin*
Ming Cheung*
Kelsey A. Miller*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*slakin@aclu.org*
*mcheung@aclu.org*
*kmiller1@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard*
Ahmed Soussi*
Sabrina Khan*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which served a copy upon all counsel of record who have registered with that system.

This the 24th day of March, 2023.

/s/ *Joshua F. Tom*
JOSHUA F. TOM