IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL**                                  **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES** *in his official capacity as Governor of Mississippi*; **LYNN FITCH** *in her official capacity as Attorney General of Mississippi*; **MICHAEL WATSON** *in his official capacity as Secretary of State of Mississippi*                                  **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PAYMENT OF FEES AND COSTS ACTUALLY INCURRED AS A RESULT OF PLAINTIFFS' IMPROPER EXPERT REBUTTAL DISCLOSURES

### INTRODUCTION

Pursuant to this Court's April 14, 2023, order [Dkt. #140], FRCP 37(c)(1)(A),(C), and FRCP 26(b)(4)(E)(i), the Court should order Plaintiffs to pay the sum of $120,449.27 to Defendants as reimbursement of reasonable expert witness and attorney's fees and costs that Defendants actually incurred as a result of the improper expert rebuttal disclosures of two of Plaintiffs' experts, Dr. Burch and Dr. Orey.

This is a Section 2 Voting Rights Act case that is set for trial in May 2024. Plaintiffs, who are backed by the ACLU and the Southern Poverty Law Center, challenge the lines of the Central District for electing justices to the Mississippi Supreme Court. On April 14, 2023, this Court entered its *Order Denying Motion to Strike on Satisfaction of Conditions* [Dkt. #140], in which the

1

Court found that rebuttal disclosures submitted by Dr. Burch and Dr. Orey did not constitute proper expert rebuttal or supplementation. *See* Dkt. #140 at 7-8. The Court accordingly held that to avoid having these improper rebuttal disclosures stricken by the Court, Plaintiffs would be required to stipulate to the payment of Defendants' "reasonable expert fees and costs actually incurred by Defendants in having their experts respond to the untimely rebuttal opinions of Drs. Burch and Orey." Dkt. #140 at 13. Plaintiffs so stipulated. Defendants now seek to recover their reasonable expert witness and attorney's fees and costs actually incurred as a result of Plaintiffs' improper rebuttal disclosures.

All of the fees and costs for which recovery is sought herein are associated with the preparation of surrebuttal expert reports by Defendants' testifying experts, Dr. Swanson and Dr. Bonneau, and their subsequent surrebuttal depositions (and related follow-up work) taken at the instance of Plaintiffs' counsel in late September and early October 2023. But for the improper rebuttal disclosures of Dr. Burch and Dr. Orey, Defendants would not have incurred any of the fees and costs for which recovery is sought in this motion.

For the reasons set forth herein, the Court should award Defendants the sum of $120,449.27 as reimbursement for reasonable expert and attorney's fees and costs actually incurred as a result of Plaintiffs' improper rebuttal disclosures.

## BACKGROUND

**Legal Background.** This motion implicates FRCP 37(c)(1), which provides that in lieu of striking an improper expert rebuttal disclosure for the proponent's failure to timely disclose expert opinions, "the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(A),(C). Also implicated is FRCP

2

26(b)(4)(E)(i), which requires a party deposing an opponent's expert to pay for the expert's deposition time and reasonable time spent preparing for the deposition.

**Factual Background.** On April 14, 2023, this Court entered its *Order Denying Motion to Strike on Satisfaction of Conditions* [Dkt. #140], in which the Court found that rebuttal reports submitted by two of Plaintiffs' experts—Dr. Burch and Dr. Orey—did not constitute proper expert rebuttal or supplementation. *See* Dkt. #140 at 7-8. The Court accordingly held that "Plaintiffs shall have seven (7) business days in which to both move for a trial continuance and stipulate that, should it be granted, they will be responsible for reasonable expert fees and costs actually incurred by Defendants in having their experts respond to the untimely rebuttal opinions of Drs. Burch and Orey." Dkt. #140 at 13. In its aforementioned order, the Court noted that "FRCP 37 allows for the court to order payment of reasonable expenses occasioned by a party's failure to comply with FRCP 26(a). Fed. R. Civ. P. 37(c)(1)(A)." *Id.* at 13 n.3.

On April 18, 2023, Plaintiffs' counsel notified the Court via e-mail that "Plaintiffs wish to satisfy the conditions set forth in the Court's [above-mentioned] order." 4/18/2023 E-mail from Mr. Savitzky to Judge Virden (Ex. "A"). Plaintiffs' counsel further stated that "Plaintiffs are prepared to file a motion for continuance so that Defendants' experts may submit responsive reports, as described in [the Court's] order," and that "Plaintiffs are also prepared to represent in the motion that they will bear Defendants' reasonable expert costs in preparing such further reports." *Id.*

On April 26, 2023, Plaintiffs filed an unopposed motion for a continuance, in which they "represent[ed] and stipulate[d], pursuant to and in compliance with the terms of the April 14 Order, that they will be responsible for reasonable expert fees and costs actually incurred in preparing [Defendants' experts'] sur-rebuttal reports." Dkt. #143 at 2, ¶ 3. The Court granted Plaintiffs'

3

motion and reset the trial to commence May 13, 2024. Dkt. #144, #145. By separate order, the Court established a September 15, 2023, deadline for submission of surrebuttal reports by Defendants' experts, David A. Swanson, Ph.D., and Christopher W. Bonneau, Ph.D. Dkt. #146 at 1. The Court further directed that "discovery related to those experts' sur-rebuttals is due September 29, 2023." *Id.*

On September 15, 2023, Defendants timely served the expert surrebuttal reports of Dr. Swanson and Dr. Bonneau. *See* Dkt. #159. *See also* Surrebuttal Report of Dr. Swanson (Ex. "B"); Surrebuttal Report of Dr. Bonneau (Ex. "C"). The analyses and opinions set forth in these surrebuttal reports are directed exclusively to the rebuttal opinions of Plaintiffs' experts, Dr. Burch and Dr. Orey, respectively. *See id.*

Plaintiffs thereafter insisted on taking the depositions of Dr. Swanson and Dr. Bonneau, as permitted by the Court's order allowing "discovery related to those experts' sur-rebuttals." Dkt. #146. Dr. Bonneau was deposed in Jackson, Mississippi, in the offices of defense counsel on September 29, 2023. Dr. Swanson was deposed in Bellingham, Washington, where he resides, on October 5, 2023. Despite the aforementioned provision in the Court's order limiting further discovery to "[defense] experts' sur-rebuttals," *id.*, Plaintiffs' counsel insisted on asking numerous questions—over defense counsel's objections—during the depositions of Dr. Bonneau and Dr. Swanson that exceeded the scope of their respective surrebuttal reports.

The total amount of expert witness fees that Defendants actually incurred in connection with the preparation of Defendants' experts' surrebuttal reports and related post-deposition follow-up inquiries by Plaintiffs' counsel is as follows:

- **Preparation of Dr. Swanson's surrebuttal report** (and related follow-up inquiries) responding to the rebuttal report of Dr. Burch, in the total amount of

4

**$73,080.00**, representing 182.70 hours of work (billed at the rates at which Dr. Swanson was retained in this litigation, i.e., $400.00/hour for Dr. Swanson and his supporting quantitative analyst, Tom Bryan).[1] *See* Itemizations of Expert Fees – Dr. Swanson and Mr. Bryan (composite) (Ex. "D").

- **Preparation of Dr. Bonneau's surrebuttal report** responding to the rebuttal report of Dr. Orey, in the total amount of **$3,324.00**, representing 11.08 hours of work (billed at the rate for which Dr. Bonneau was retained in this litigation, i.e., $300.00/hour). *See* Itemization of Expert Fees – Dr. Bonneau (Ex. "E").

In addition to the above-mentioned expert witness fees that Defendants actually incurred in connection with the preparation of surrebuttal reports necessitated by Plaintiffs' improper rebuttal disclosures, Defendants further actually incurred the following expenses necessitated by Plaintiffs' improper rebuttal disclosures and the resulting surrebuttal depositions of Dr. Swanson and Dr. Bonneau, taken at the instance of Plaintiffs:

- **Expert witness deposition fees** in the total amount of **$7,300.00**, for time actually expended in surrebuttal depositions by Dr. Swanson (7.00 hours for a total of **$2,800.00**) and Dr. Bonneau (4.00 hours for a total of **$1,200.00**), as well as the deposition prep time expended by Dr. Swanson (6.00 hours for a total of **$2,400.00**) and Dr. Bonneau (3.00 hours for a total of **$900.00**). All of this time was billed at the rates at which Dr. Swanson and Dr. Bonneau were retained in this litigation,

---

[1] This is consistent with the estimate that Dr. Swanson provided in his declaration supporting Defendants' motion to strike Dr. Burch's improper rebuttal disclosure. *See* Dkt. #119-14 at 8, ¶ 16 ("In total, I estimate that it would take between 164 and 180 person-hours to critically examine the results found in Dr. Burch's rebuttal and write up the results. This would be added to the eight person-hours it has already taken in reading her rebuttal, assessing it, and writing up this declaration.")

*viz.*, $400.00/hour for Dr. Swanson and $300.00/hour for Dr. Bonneau. *See* Itemizations of Expert Fees – Dr. Swanson and Mr. Bryan (composite) (Ex. "D"); Itemization of Deposition Fees/Expenses – Dr. Bonneau (Ex. "F").

- **Deposition travel time and expenses (expert and attorney)** in the total amount of **$13,577.03**, actually incurred for the purpose of allowing defense counsel to be physically present to defend the depositions of Dr. Swanson and Dr. Bonneau. In the case of Dr. Bonneau's deposition, Dr. Bonneau traveled from Pittsburgh, Pennsylvania, to Jackson, Mississippi, and was deposed in the offices of defense counsel. Defendants incurred costs for travel time and expenses of Dr. Bonneau as follows: **$2,100.00** for Dr. Bonneau's actual travel time (14 hours round-trip billed at $150.00/hour, which is 50% of Dr. Bonneau's hourly rate for this engagement); and actual transportation, meals, and lodging expenses totaling **$1,232.33**. Itemization of Deposition Fees/Expenses – Dr. Bonneau (Ex. "F"). In the case of Dr. Swanson's deposition, defense counsel—i.e., one attorney of record, Michael B. Wallace, Esq.—traveled to Bellingham, Washington, where Dr. Swanson resides and was deposed. Defendants incurred costs for travel time and expenses of Mr. Wallace as follows: **$8,610.00** for Mr. Wallace's actual travel time (24.60 hours round-trip billed at Mr. Wallace's actual rate of $350/hour); and actual transportation, lodging, and parking expenses totaling **$1,634.70**. Declaration of Michael B. Wallace (Ex. "G").

- **Deposition transcript review time and related out-of-pocket expenses (expert and attorney)** in the total amount of **$9,798.24**, actually incurred in connection with the review and signing of the depositions of Dr. Swanson and Dr. Bonneau.

6

Dr. Swanson spent 8.23 hours reviewing and correcting his 324-page deposition transcript and obtaining a notarized signature for his errata sheet, for total expenses of **$3,341.54** ($3,292 for deposition review and visit to notary plus $49.54 in out-of-pocket notary and postage expenses). Dr. Bonneau spent 1.5 hours reviewing his less technical 168-page deposition transcript, for a total expense of **$450.00**. Upon purchasing (from the court reporters) copies of transcripts of the depositions of Dr. Swanson and Dr. Bonneau at a total cost of **$2,611.70** (i.e., $2,040.70 and $571.00 for copies of the deposition transcripts of Dr. Swanson and Dr. Bonneau, respectively), defense counsel, Mr. Wallace, spent a total of 9.70 hours reviewing Dr. Swanson's 324-page deposition transcript and Dr. Bonneau's 168-page deposition transcript, for total expenses of **$3,395.00**. All of the aforementioned deposition review and related time was billed at the rates at which Dr. Swanson, Dr. Bonneau, and Mr. Wallace were retained in this litigation, *viz.*, $400.00/hour for Dr. Swanson, $300.00/hour for Dr. Bonneau, and $350.00/hour for Mr. Wallace. *See* Itemizations of Expert Fees – Dr. Swanson and Mr. Bryan (composite) (Ex. "D"); Itemization of Post-Deposition Expenses – Dr. Bonneau (Ex. "H"); Declaration of Michael B. Wallace (Ex. "G").

- **Additional attorney's fees** in the total amount of **$13,370.00**, actually incurred in connection with defense counsel's (i.e., Mr. Wallace) coordination in the preparation of the surrebuttal reports by Dr. Swanson and Dr. Bonneau and related follow-up inquiries (20.50 hours for a total of **$7,175.00**), as well as defense counsel's preparation for (5.70 hours for a total of **$1,995.00**) and attendance at (12.00 hours for a total of **$4,200.00**) their respective depositions taken at the

instance of Plaintiffs' counsel. Declaration of Michael B. Wallace (Ex. "G"). As noted *supra*, all of this time was billed at the actual rate for which Mr. Wallace was engaged in this litigation, i.e., $350.00/hour—a reasonable rate that is significantly less than Mr. Wallace's competitive rate for private clients. *See id.*

In addition to the foregoing, the undersigned defense counsel and co-counsel Gerald Kucia, both salaried employees of the Mississippi Attorney General's Office, expended considerable time in connection with the preparation of defense expert surrebuttal reports, the depositions of Dr. Swanson and Dr. Bonneau, and post-deposition tasks stemming from follow-up inquiries by Plaintiffs' counsel. While Defendants do not seek to recover any attorneys' fees or costs in connection with the efforts of salaried defense counsel, the Court should note that the total defense attorney time expended as the sole result of Plaintiffs' improper expert rebuttal disclosures actually exceeded the time for which Defendants hereby seek to recover attorney's fees.

Defendants file the instant motion seeking to require Plaintiffs to reimburse Defendants for the aforementioned fees and costs in total amount of $120,449.27 pursuant to FRCP 37(c)(1)(A),(C) and, as applicable, FRCP 26(b)(4)(E)(i).

## ARGUMENT

### I. THE COURT SHOULD ORDER PLAINTIFFS TO REIMBURSE DEFENDANTS FOR REASONABLE FEES AND COSTS ACTUALLY INCURRED AS A RESULT OF THE IMPROPER REBUTTAL DISCLOSURES OF PLAINTIFFS' EXPERTS.

As this Court noted in its order finding Plaintiffs' rebuttal disclosures to be improper, "FRCP 37 allows for the court to order payment of reasonable expenses occasioned by a party's failure to timely comply with FRCP 26(a)." Dkt. #140 at 13 n.3 (citing FED. R. CIV. P. 37(c)(1)(A)). Specifically, FRCP 37(c) provides that in lieu of striking an improper expert rebuttal disclosure for the proponent's failure to timely disclose expert opinions, "the court . . . may order

8

payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(A),(C).

In considering awards of fees and costs under FRCP 37(c) in the context of untimely expert disclosures, courts—like this Court, see Dkt. #140 at 13—have required the party responsible for the untimely disclosure to pay the opposing party "the fees incurred by [its] experts" in preparing reports responding to the untimely disclosure. *See, e.g., Plentyhawk v. Sheikh*, CV 14-44-BLG-SPW, 2016 WL 3086404, at *5 (D. Mont. May 31, 2016). *See also Walker v. City of Pocatello*, Case No. 4:15-cv-00498-BLW, 2020 WL 3898642, at *4 (D. Idaho July 11, 2020). Courts also have the authority to order the party responsible for the untimely disclosure to pay "the legal fees [of the opposing party] incurred for time spent by counsel in reviewing [the opposing party's expert's] response" to the untimely disclosure. *See Walker*, 2020 WL 3898642 at *4.

Also in this context, courts applying FRCP 37(c)(1) have required the party responsible for the untimely disclosure to pay any expenses incurred in connection with expert depositions necessitated by such untimely disclosures. *See, e.g., Valenzuela v. Crossfire, LLC*, MO:19-CV-00004-DC, 2020 WL 6531942, at *3 (W.D. Tex. Aug. 31, 2020); *Dawson Farms, LLC v. BASF Corp.*, Civil Action No. 06-0737, 2008 WL 4600934, at *9 (W.D. La. Oct. 15, 2008); *Lavell v. Camden County College*, Case No. 21-6832 (KMW)(EAP), 2023 WL 4074077, at *8 (D.N.J. June 20, 2023). This includes the costs for both "the preparation and taking" of such depositions. *See McLaughlin v. Langrock, Sperry & Wool, LLP*, Case No. 2:19-cv-00112, 2020 WL 3118646, at *9 (D. Vt. June 12, 2020). It also includes related attorneys' fees. *See Reyes v. Receivables Performance Mgmt., LLC*, 3:19-CV-01207 (KAD), 2021 WL 930000, at *4 (D. Conn. Mar. 11, 2021).[2] Courts are further authorized to award travel expenses for expert depositions necessitated

---

[2] A court "need not find bad faith" to award attorney's fees under FRCP 37(c)(1)(A), as even "negligent failures are sanctionable." *Tri Invs., Inc. v. United Fire & Cas. Co.*, Civil Action No. 5:18-CV-116, 2019

9

by untimely disclosures. *See, e.g., Tri Invs., Inc. v. United Fire & Cas. Co.*, Civil Action No. 5:18-CV-116, 2019 WL 13114344, at *2 (S.D. Tex. Oct. 30, 2019).

With respect to any recovery of attorney's fees, it is well settled that district courts in the Fifth Circuit follow a two-step process in calculating a reasonable fee amount. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* (citation omitted). "The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* To determine whether a lodestar adjustment is warranted, a court must analyze "twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Migis*, 135 F.3d at 1047.[3]

Even in the ordinary course of events where there is *no* issue with improper disclosures, a party seeking the deposition of an opponent's expert must "pay the expert a reasonable fee for the time spent" in the deposition. *See* FED. R. CIV. P. 26(b)(4)(E)(i). *See also Nester v. Textron, Inc.*, 1:13-CV-920 RP, 2016 WL 6537991, at *3 (W.D. Tex. Nov. 3, 2016) ("expert's fees for . . . deposition will ordinarily be borne by the party taking the deposition") (internal quotation marks omitted). Additionally, "[d]istrict courts within the Fifth Circuit have generally found that time

---

WL 13114344, at *2 (S.D. Tex. Oct. 30, 2019) (quoting *Bennett v. Geo Group, Inc.*, No. 4:10-CV-133-CWR-FKB, 2011 WL 4625667, at *2 (S.D. Miss. Oct. 3, 2011)) (internal quotation marks omitted).

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

spent preparing for a deposition is compensable under Rule 26(b)(4)(E)." *Veasey v. Abbott*, Civil Action No. 2:13-CV-193, 2017 WL 1092307, at *1 (S.D. Tex. Mar. 23, 2017).

In the case at bar, this Court has already ruled—and Plaintiffs have stipulated—that to avoid the striking of the rebuttal reports of Dr. Burch and Dr. Orey, Plaintiffs will pay Defendants "the reasonable expert fees and costs actually incurred by Defendants in having their experts respond to the untimely rebuttal opinions of Drs. Burch and Orey." Dkt. #140 at 13. As noted *supra*, the Court extended the discovery deadline to September 15, 2023, for the sole purpose of permitting any "discovery related to [Dr. Swanson's and Dr. Bonneau's] sur-rebuttals." Dkt. #146 at 1.

Consistent with the foregoing, and pursuant to the Court's above-mentioned order, Plaintiffs' counsel's above-mentioned stipulation, and the Court's authority conferred by FRCP 37(c)(1)(A),(C) and FRCP 26(b)(4)(E)(i), Defendants hereby request that the Court require Plaintiffs to pay Defendants the sum of $120,449.27 as reimbursement of reasonable fees and costs actually incurred as a result of Plaintiffs' improper expert rebuttals, as follows:

|  | Dr. Swanson | | Dr. Bonneau | | Wise Carter | | TOTAL: |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | Hours: | Amount: | Hours: | Amount: | Hours: | Amount: |  |
| Surrebuttal report/follow-up time: | 182.70 | $73,080.00 | 11.08 | $3,324.00 | 20.50 | $7,175.00 |  |
| Deposition prep time: | 6.00 | $2,400.00 | 3.00 | $900.00 | 5.70 | $1,995.00 |  |
| Deposition travel time: | 0.00 | $0.00 | 14.00 | $2,100.00 | 24.60 | $8,610.00 |  |
| Deposition testimony time: | 7.00 | $2,800.00 | 4.00 | $1,200.00 | 12.00 | $4,200.00 |  |
| Deposition out-of-pocket expenses: |  | $49.54 |  | $1,232.33 |  | $1,634.70 |  |
| Deposition transcript review time: | 8.23 | $3,292.00 | 1.50 | $450.00 | 9.70 | $3,395.00 |  |
| Deposition transcript expenses: |  |  |  |  |  | $2,611.70 |  |
| TOTALS: |  | $81,621.54 |  | $9,206.33 |  | $29,621.40 | $120,449.27 |

The amounts reflected in the table above represent fees and costs that were actually incurred solely as a result of Plaintiffs' improper expert rebuttal disclosures. They are expenditures that will ultimately be paid out of pocket by the State of Mississippi and hence shouldered by Mississippi taxpayers. Because the portion of the recovery sought that consists of attorney's fees

11

is predicated on a reasonable number of hours expended at Mr. Wallace's actual billing rate for this matter, the "lodestar" amount is reasonable. Accordingly, and since Defendants do not seek any adjustment pursuant to the *Johnson* factors, see *supra*, note 3, Plaintiffs' payment of the requested attorney's fees will not result in any windfall to defense counsel.

## CONCLUSION

For all these reasons, the Court should grant Defendants' motion and order Plaintiffs to tender payment, within 10 days of entry of this Court's order granting this motion, of the sum of $120,449.27 to the law firm of Wise Carter Child & Caraway, P.A., in payment of the aforesaid fees and costs actually incurred by Defendants as a result of Plaintiffs' improper expert rebuttal disclosures.

THIS the 21st day of November, 2023.

Respectfully submitted,

STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, DEFENDANTS

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220

Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Tel.: (601) 968-5500
Fax: (601) 944-7738
mbw@wisecarter.com

ATTORNEYS FOR DEFENDANTS STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named State Defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 21st day of November, 2023.

s/Rex M. Shannon III
REX M. SHANNON III