**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DYAMONE WHITE, et al.,**                                          **PLAINTIFFS**

**V.**                                                   **Civil Action No. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION**
**COMMISSIONERS, et al.,**                                        **DEFENDANTS**

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR**
**PAYMENT OF FEES AND COSTS**

---

      COME NOW the Plaintiffs, Dyamone White, Derrick Simmons, Ty Pinkins, and Constance Olivia Slaughter Harvey-Burwell ("Plaintiffs"), by and through counsel, and file their Response in Opposition to Defendants' Motion for Payment of Fees and Costs and in support thereof offer the following:

1.    Consistent with this Court's April 14, 2023 order, Plaintiffs stipulated to pay Defendants "reasonable expert fees and costs actually incurred in preparing sur-rebuttal reports." ECF No. 140 at 12–13; ECF No. 143 at 2. Separately, the Federal Rule of Civil Procedure 26(b)(4)(E) requires Plaintiffs to pay Defendants' experts "a reasonable fee for time spent" responding to discovery.

2.    Defendants now seek over $120,000 in fees and costs that far exceed the bounds of reasonableness, the scope of this Court's order, and the terms of Plaintiffs' stipulation.

3.    The demand includes significant amounts of non-compensable expenses, such as over $29,621.40 in attorneys' fees, which are not required by either this Court's Rule 37 order or Rule 26, as well as excessive and unreasonable expert fees.

4.      Defendants' expert, Dr. David Swanson, accumulated over 200 hours to prepare a 17-page sur-rebuttal report and attend a local deposition, billing thousands of dollars to teach himself statistics, generating duplicative work between himself and an associate whose role was not disclosed in the sur-rebuttal report, and even billing hours for working on his report after the final version had been served on Plaintiffs on September 15, 2023.

5.      As detailed in Plaintiffs' *Daubert* motion, Dr. Swanson, along with the firm he purports to have relied on for much of his analysis, Bryan GeoDynamics ("BGD"), is admittedly unqualified to opine on Dr. Burch's EI analysis. *See* ECF No. 164. Defendants do not dispute that Dr. Swanson lacks such expertise, yet Dr. Swanson and BGD now seek compensation (in some cases duplicative compensation) for 182.70 hours of work, for a total of $73,080 at the rate of $400 an hour, to evaluate Dr. Burch's work.

6.      It is not reasonable for Plaintiffs to pay for Dr. Swanson to educate himself on topics in which he was not a proper expert, nor is the rate of $400 per hour or the total amount quoted by Dr. Swanson and his associate, Mr. Bryan, close to reasonable—particularly given Dr. Swanson's conceded lack of relevant expertise, and Mr. Bryan's record of being discredited by multiple courts.

7.      The fees Defendants have sought in this case are excessive. Accordingly, for the reasons detailed in Plaintiffs' accompanying memorandum of law, this Court should reduce the fee award to $34,435.87 or such other lesser amount it deems reasonable and appropriate under the scope of its prior Rule 37 Order, Plaintiffs' unopposed stipulation, and Rule 26(b)(4)(E)(i).

8.      In further support of their motion, Plaintiffs respectfully submit the following:

**Exhibit "A"** Color-coded invoices of Dr. Swanson and Bryan GeoDemographics

3

**Exhibit "B"** September 15, 2023 Email Exchange Regarding Scheduling of Expert Depositions

**Exhibit "C"** September 18, 2023 Letter from Michael B. Wallace, Wise Carter, counsel for Defendants, to Ari Savitzky, American Civil Liberties Union ("ACLU"), counsel for Plaintiffs, Regarding Agreement to Pay for Expenses Related to Expert Depositions.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully request that the Court reduce the fee award to $34,435.87 or such other lesser amount it deems reasonable.

THIS the 19th Day of December, 2023.

Respectfully submitted,

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408


\* Admitted *pro hac vice*
\*\**Pro hac vice* motion forthcoming

ACLU FOUNDATION
Ari J. Savitzky\*
Sophia Lin Lakin\*
Ming Cheung\*
Victoria Ochoa\*\*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*slakin@aclu.org*
*mcheung@aclu.org*

AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*

*leslie.jones@splcenter.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

Bradley E. Heard*
Ahmed Soussi*
Sabrina Khan*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on December 19, 2023, I electronically filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

to all parties on file with the Court.

/s/ *Joshua Tom*
Joshua Tom