IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DYAMONE WHITE, et al.** **PLAINTIFFS**

**VS.** **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION
COMMISSIONERS, et al.** **DEFENDANTS**

<u>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS FEES AND EXPERT FEES AND COSTS ACTUALLY INCURRED AS A RESULT OF PLAINTIFFS' IMPROPER EXPERT REBUTTAL DISCLOSURES**</u>

This matter is before the Court on Defendants' Motion for Attorneys Fees and Expert Fees and Costs Actually Incurred as a Result of Plaintiffs' Improper Expert Rebuttal Disclosures [166]. The motion is now fully briefed, and the Court finds that it shall be granted in part and denied in part for the reasons set forth below.

## Introduction

By the instant motion, Defendants seek to recover all of the following fees and expenses (highlighted and not highlighted) from Plaintiffs:

|  | Dr. Swanson | | Dr. Bonneau | | Wise Carter | | TOTAL: |
|---|---|---|---|---|---|---|---|
|  | **Hours:** | **Amount:** | **Hours:** | **Amount:** | **Hours:** | **Amount:** |  |
| Surrebuttal report/follow-up time: | 182.70 | $73,080.00 | 11.08 | $3,324.00 | 20.50 | $7,175.00 |  |
| Deposition prep time: | 6.00 | $2,400.00 | 3.00 | $900.00 | 5.70 | $1,995.00 |  |
| Deposition travel time: | 0.00 | $0.00 | 14.00 | $2,100.00 | 24.60 | $8,610.00 |  |
| Deposition testimony time: | 7.00 | $2,800.00 | 4.00 | $1,200.00 | 12.00 | $4,200.00 |  |
| Deposition out-of-pocket expenses: |  | $49.54 |  | $1,232.33 |  | $1,634.70 |  |
| Deposition transcript review time: | 8.23 | $3,292.00 | 1.50 | $450.00 | 9.70 | $3,395.00 |  |
| Deposition transcript expenses: |  |  |  |  |  | $2,611.70 |  |
| **TOTALS:** |  | $81,621.54 |  | $9,206.33 |  | $29,621.40 | $120,449.27 |

Of these, Plaintiffs object to the entries highlighted above and propose instead that they be reduced as follows:

1

Dr. Swanson's hours and fees for preparation of the sur-rebuttal report (180.2 hours/follow up 2.5 hours, for a collective 182.7 hours) are to be reduced as follows:

a) for preparation of the report it should be reduced by 126.98 hours, including a reduction of the 2.5 hour "follow up" (or $50,892.00) (this amount is said to reflect Dr. Swanson's and his associate, Dr. Bonneau's, alleged unnecessary, excessive, and duplicative hours in preparation of the Swanson sur-rebuttal report);

b) plus 8.25 hours (or $3,300.00) representing elimination of the remaining, alleged non-duplicative hours of Dr. Swanson's associate, Dr. Bonneau;

c) plus 3.5 (or $1,400.00) representing Dr. Swanson's alleged non-expert work on ecological inference.

Plaintiffs seek to reduce Dr. Swanson and Dr. Bonneau's deposition preparation time—9 hours and 3 hours respectively ($1,200.00 and $900.00)—to 0 on grounds the entry of "deposition preparation" was too vague; and Dr. Swanson's deposition transcript review of 8.23 hours ($3,292.00) should be reduced to 3 hours or ($1,200.00) on grounds it was allegedly excessive given the task.

Plaintiffs also seek to reduce Defendants' claimed attorneys' fees for preparation of the sur-rebuttal report, deposition preparation, deposition attendance, travel time, and deposition transcript cost and review (approximately 72 hours total) ($29,621.40) to 0 as not awardable under Fed. R. Civ. P. 37 or 26.

For ease of reference, the bills for all the forgoing charges are attached as Exhibit A to Plaintiffs' response to the instant motion for fees and expenses. *See* [173] at Ex. A. Shown in color highlight thereon are the billing entries objected to by Plaintiffs.

**Procedural History**

The procedural history of this case has been recently detailed in a number of filings ([167], [174]), and, therefore, will not be repeated here in any detail. Suffice it to say, instead, that on February 24, 2023, Plaintiffs improperly disclosed, long after their expert designation deadline, two so-called "rebuttal" reports of their experts, Dr. Burch and Dr. Orey. These reports were fundamentally different from their original reports (which had themselves been timely disclosed on October 3, 2022). When the "rebuttal" reports were disclosed, Defendants' experts, Drs. Swanson and Bonneau, who had timely disclosed their own expert opinions on January 6, 2023, had not had an opportunity to address these new opinions—nor would they before discovery ran in the case on April 19, 2021. In fact, as Dr. Swanson explained in a detailed Declaration attached as Exhibit M to a motion [119] filed March 10, 2023, by Defendants to strike the Plaintiffs' new reports, doing so would require—just to address one of the two new rebuttal reports— approximately 180-90 "person hours" of time and between 8 to 10 weeks to complete (thus, pushing months past the discovery deadline and past the dispositive motion deadline).

Accordingly, when the Defendants moved to strike the new reports as improper, the undersigned found that permitting them would unduly prejudice the Defendants absent consideration of 1) the additional defense expert time needed (and, therefore, additional expert fees and expenses incurred by the defense) on account of the new expert reports; and 2) a continuation of the trial date to accommodate the time necessary to produce the reports and properly prepare for trial. Ultimately, the court ruled the Plaintiffs' reports would be stricken unless Plaintiffs opted to seek and obtain a trial continuance and agreed to reimburse Defendants for the fees and expenses of its experts in preparing "sur-rebuttal" reports.

### **The Expert Fees and Expenses to Prepare the Sur-rebuttal Reports**

Of note here is the fact that Plaintiffs, without reservation, then sought (and obtained) a trial continuance and stipulated to paying the experts fees for preparing the new reports knowing that the very person who presumably knew most about time and effort that would be required to complete just one of the two anticipated reports (Dr. Swanson) estimated, in a nine (9) page categorized expected cost declaration that to do so would take approximately 188 "person hours." [119] at Ex. M.

But, despite this agreement, now Plaintiffs argue that the costs and fees (which as it turns out, remarkably align with the estimate) are unreasonable for a host of reasons, most of which are conclusory in nature, such as: the charges are too vague, too menial, duplicative, unnecessary, unreliable, and/or are for tasks that could been more efficiently achieved by a different expert. I find, however, these objections are unpersuasive in light of the fact that, as the record of the case reveals, it was Plaintiffs' experts who occasioned the necessity of incurring such additional expert expenses, and Plaintiffs have already agreed to pay the same with full knowledge of the rather precise estimated time and tasks that doing so would entail to produce just one of the two anticipated "sur-rebuttal" type reports.

In addition to the more general complaints delineated above, Plaintiffs take particular offense to the inclusion of approximately 54 hours of time spent by Dr Swanson's assistant, Dr. Bonneau, included for his work on Dr. Swanson's sur-rebuttal report, which, as noted, took a collective of 180.2 hours of preparation. Dr. Bonneau was apparently disclosed as an assistant of Dr. Swanson in Dr. Swanson's original designation.

My reason for allowing Dr. Bonneau's fees is that his role was disclosed in the prior report, Dr. Swanson did not represent in this declaration that all of the person hours necessary to complete

4

this sur-rebuttal report would be exclusively performed by him, and most importantly, had Dr. Swanson been required to accomplish these additional tasks himself, the expense of doing so would apparently be at least as much and might well have taken considerably longer to complete given the other responsibilities about which Dr. Swanson spoke in his declaration. *See* [119] at Ex. M. Thus, the expert fees and expenses to prepare the sur-rebuttal reports shall be permitted.

### Charges of Experts and of Attorneys Associated with the Expert Depositions

On the subject of the fees and costs associated with the depositions taken by Plaintiffs of Dr. Swanson and Dr. Bonneau, there are two issues to address: 1) whether defense counsel's attorney's fees and costs incurred in connection with those depositions (deposition preparation, travel, deposition attendance, and deposition review) should be paid by Plaintiffs; and 2) whether the experts' fees and costs incurred for these tasks should be paid by Plaintiffs.

To begin, the subject of the fees and expenses (whether the experts' or counsel's) related to the depositions of either Dr. Swanson or Dr. Bonneau were not the subject of this Court's April 14, 2023, order [140]. That order [140] dealt exclusively with the subject of whether Plaintiffs' so-called "rebuttal" reports would be stricken, and if not, what additional considerations were called for (namely an extension of the trial date to allow time for Defendants' experts to respond to the "rebuttal" reports and payment of the fees and costs of their doing so).

The subject of the depositions of Dr. Swanson and Dr. Bonneau on the subject matter of their sur-rebuttal reports arose after the stipulation was made by Plaintiffs to pay the experts' fees and costs for preparation of their sur-rebuttal reports. As of that date, discovery in the case had expired with neither party having taken a deposition of any expert. And, when on April 26, 2024, Plaintiffs moved to continue the then expired discovery deadline in order to conduct further discovery [143], they represented that the same was unopposed *provided* the discovery deadline

be extended only to allow for discovery regarding the surrebuttal reports. On May 9, 2023, the undersigned granted the motion to extend the discovery deadline (to the extent it was unopposed) holding as follows:

> It is hereby ordered that the defendants' experts' sur-rebuttal by Drs. Bonneau and Swanson of Drs. Burch and Orey is due September 15, 2023, discovery related to those experts' sur-rebuttals is due September 29, 2023, and the Daubert and dispositive motions deadline is reset to October 27, 2023.

Order [146] at 1. Nevertheless, the Court notes Plaintiffs' subsequent notice to take Dr. Swanson and Dr. Bonneau's depositions was not restricted to the subject matter of the sur-rebuttal reports, but neither did it state that the depositions to be taken would cover information other than the sur-rebuttal reports. And though there was apparently some unresolved communication among the lawyers prior to the depositions about payments of travel expenses associated with those depositions, it does not appear from the record that there were any communications about the breadth of the subject matter of the depositions.

Against this backdrop, the Court will address first whether any of the subject experts' fees and expenses associated with their depositions are payable by Plaintiffs. In that regard, Plaintiffs appear to concede that Federal Rule of Civil Procedure 26(b)(4)(E)(i) independently provides a basis for recovery of expert fees incurred as part of discovery. It provides: "(E) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). Fed. R. Civ. P. 26(b)(4)(E) (referring to depositions of experts for trial). And Courts have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable. *Thorne v. Union Pac. Corp.*, No. 1:15-CV-561-RP, 2018 WL 11422083, at *1 (W.D. Tex. Sept. 27, 2018).

But, Plaintiffs take issue with Dr. Swanson's six hours and Dr. Bonneau's three hours charged to prepare to have their depositions taken by the Plaintiffs because the billing entries for those tasks do not state how much of the preparation time was actually for the benefit of the Defendants; and Plaintiffs also complain that Dr. Swanson unreasonably charged 8.23 hours reviewing the transcript of his deposition in order to sign it and/or provide an errata sheet.

As concerns Plaintiffs' objections to the experts' respective deposition preparation time, I acknowledge, as Plaintiffs contend, that outside this district a number of courts have recognized in one manner or another that time spent by defense experts with defense counsel to prepare for a deposition noticed by Plaintiff, can, depending on the circumstances, inure primarily to the benefit of the defense, but I am unaware of any requirement in this district that reasonable charges for preparation by an expert to give a deposition noticed by an opposing party are not awardable if some or all of the preparation time was spent in the presence of defense counsel. Nor am I aware of a requirement that the billing for such preparation time reflect whether counsel was present.

Likewise, I know of no requirement that the expert detail what is being done to prepare for the deposition, and I find that a requirement to do is in a complicated case such as this would be impractical. Moreover, even if such preparation inured in some manner to the defense, it is unlikely it did not have the additional benefit of making the deposition taken by Plaintiffs go more efficiently, and therefore, inuring to the benefit of Plaintiffs as well. Further, I have reviewed a number of cases finding an award of deposition preparation hours to be reasonable and unreasonable. *See, Ushijima v. Samsung Elecs. Co.*, 2015 WL 11251558, at *6 (W.D. Tex. July 30, 2015) (holding that reimbursement of one hour of preparation time for every hour spent in the deposition is reasonable for the purposes of Federal Rule of Civil Procedure 26(b)(4)I); *Auto. Rentals, Inc. v. Keith Huber, Inc.*, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012) (the court

7

noted a ratio of 1.5 hours of preparation time per hour of deposition had been found reasonable). Here, I find the deposition preparation hours under the circumstances of this case involving fairly complex opinions of multiple experts' to be reasonable.

On the other hand, regarding Plaintiffs' contention that Dr. Swanson's eight (8) hour charge to review the transcript of his seven (7) hour deposition (sign it and fill out an errata sheet, as warranted) is unreasonable, I find Plaintiffs' counsel's suggestion that three (3) hours for review is more reasonable to be persuasive. This is particularly so given the nature of a post-deposition review for signing purposes, and where, as here, the subject of the deposition was Dr. Swanson's own recently authored report.

As for defense counsel's effort to recover from Plaintiffs its fees and expenses incurred in connection with deposition preparation, deposition attendance, and review of the transcript, I find the same not to be awardable under the circumstances here, including the fact that defense counsel did not oppose Plaintiffs' motion to extend the discovery deadline to take discovery of the experts on the subject of their sur-rebuttal reports. And, while I recognize that at the depositions defense counsel apparently raised a number of objections to the effect that some of the questioning did not concern the sur-rebuttal report (only the expert's original reports), I note defense counsel did not identify which particular questioning concerned exclusively the original report, nor do I find it would be practical (even if possible) to do so and in any event not an appropriate use of the court's judicial resources to undertake that task.

### Defendants' Attorneys' Fees Incurred in Connection with Preparation of the Sur-rebuttal Report

Defense counsel contends it is entitled to compensation from Plaintiffs for 20.5 hours of time ($7,175.00) spent in connection with the preparation of the sur-rebuttal reports. This figure is apparently for time incurred from September 12, 2023, to October 28, 2023 (see billing of defense

8

counsel [166] at Exhibit G). However, unless the Court has misread the billing information and the docket, the sur-rebuttal reports had been prepared and served [159] on counsel opposite on September 15, 2023, a date when counsel's billing entries reflect only 0.8 hours of time expended on this case, and those entries do not necessarily appear to be related to preparation of the sur-rebuttal report. In any event, this court did not order—and defense counsel did not suggest otherwise—that attorneys' fees and costs incurred in connection with preparation of the sur-rebuttal report be awarded, and I decline to do so in arrears.

## Conclusion

The Court finds that Defendants' Motion for Attorneys Fees and Expert Fees and Costs Actually Incurred as a Result of Plaintiffs' Improper Expert Rebuttal Disclosures [166] shall be and is hereby granted in part and denied in part. The Court finds that Dr. Swanson's 8.23 hour charge to review the transcript of his seven-hour deposition shall be reduced by 5.23 hours for a total of three (3) hours' review time. The Court finds that defense counsel's request to recover from Plaintiffs its fees and expenses incurred in connection with deposition preparation, deposition attendance, review of the transcript, and preparation of the sur-rebuttal report shall not be awarded.

Accordingly, Plaintiffs are hereby ordered to pay Defendants $79,529.54 for the fees and expenses of Dr. Swanson and $9,206.33 for the fees and expenses of Dr. Bonneau, for a total of $88,735.87. No attorneys' fees and expenses are awardable. Plaintiffs shall have sixty (60) days from the date of this order to tender payment.

**SO ORDERED** this, the 1st day of February, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**