**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

DYAMONE WHITE; DERRICK SIMMONS;
TY PINKINS; CONSTANCE OLIVIA
SLAUGHTER HARVEY-BURWELL,
                    *Plaintiffs*,
                    vs.
STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES *in his
official capacity as Governor of Mississippi*;
LYNN FITCH *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON *in his official capacity as
Secretary of State of Mississippi*.
                    *Defendants*.

**4:22-cv-00062-SA-JMV**

**PLAINTIFFS' OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE'S ORDER
ON DEFENDANTS' MOTION FOR FEES**

**TABLE OF CONTENTS**

BACKGROUND .......................................................................................................... 1

ARGUMENT ............................................................................................................. 5

I.    The Magistrate Judge's Order Fails to Apply the Correct Legal Standard for Assessing Reasonableness of Expert Fees ............................................................................ 5

II.    Awarding Dr. Swanson a $400 Hourly Rate to Perform Non-Expert Work is Clear Error ................................................................................................................ 12

III.    The Magistrate Judge's Award of $400 Per Hour to Mr. Bryan Rests on A Mistaken Identity and Is Clear Error .................................................................................... 13

CONCLUSION .......................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Ball v. LeBlanc*,
No. 13-CV-368, 2015 WL 5793929 (M.D. La. Sept. 30, 2015) .................................. 6

*Borel v. Chevron U.S.A. Inc.*,
265 F.R.D. 275 (E.D. La. 2010) .................................................................. 6

*Caster v. Merrill*,
No. 2:21-cv-1536, 2022 WL 264819 (N.D. Ala. Jan. 24, 2022) ........................... 9

*City of Alexandria v. Brown*,
740 F.3d 339 (5th Cir. 2014) ..................................................... 5, 6, 12, 13

*Duke v. Performance Food Group, Inc.*,
No. 1:11-CV-220, 2014 WL 370442 (N.D. Miss. Feb. 3, 2014) ................... 6, 7, 10

*Frew v. Traylor*,
688 F. App'x 249 (5th Cir. 2017) ................................................... 5, 10

*Jackson v. Country Club of Louisiana, Inc.*,
No. 20-CV-452, 2022 WL 587612 (M.D. La. Jan. 31, 2022) ................................. 6

*lTerrebonne Parish Branch NAACP v. Jindal*,
No. 14-CV-69, 2015 WL 9463164, (M.D. La. Dec. 28, 2015) ............................. 6

*Miller v. Credit*,
No. 12-CV-138, 2013 WL 1833310 (M.D. La. May 1, 2013) ............................. 6

*Ovella v. B&C Construction & Equipment, LLC.*,
No. 1:10-CV-285, 2012 WL 12883213 (S.D. Miss. Apr. 18, 2012) ...................... 8

*Parkcrest Builders, LLC v. Housing Authority of New Orleans*,
336 F.R.D. 527 (E.D. La. 2020) .................................................... 8, 11

*Pride Ford Lincoln Mercury Inc. v. Motors Insurance Corp.*,
80 F. App'x 329 (5th Cir. 2003) .................................................... 6

*Riley v. City of Jackson, Miss.*,
99 F.3d 757 (5th Cir. 1996) ........................................................ 7, 13

*Robinson v. Ardoin*,
605 F. Supp. 3d 759 (M.D. La. 2022) .............................................. 8

*Shafer v. Army & Air Force Exchange Service*,
376 F.3d 386 (5th Cir. 2004) .......................................................... 6

ii

*Singleton v. Merrill*,
    582 F. Supp. 3d 924 (N.D. Ala. 2022) ................................................................. 9

*Smithson v. Northshore Regional Medical Center, Inc.*,
    No. 07-CV-3953, 2008 WL 11353762 (E.D. La. July 30, 2008) ............................. 6

*Spencer-Martin v. Exxon Mobil Corp.*,
    No. 16-CV-789, 2017 WL 4103570 (M.D. La. Sept. 15, 2017) ............................... 6

*Veasey v. Abbott*,
    No. 2:13-CV-193, 2017 WL 1092307 (S.D. Tex. Mar. 23, 2017) ........................... 6

**Statutes**

28 U.S.C. § 636 .......................................................................................................... 5

**Rules**

Fed. R. Civ. P. 72(a) ................................................................................................. 1, 5

Local Rule 72(a)(1) ................................................................................................... 1, 5

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72(a)(1), Plaintiffs hereby appeal the portion of the Magistrate Judge's February 1, 2024 order ("the Order"), ECF No. 177, that requires Plaintiffs to compensate both Defendants' expert, Dr. David Swanson, and his assistant, Mr. Thomas Bryan, at a rate of $400 per hour, for their work in preparing Dr. Swanson's sur-rebuttal report.

In ordering Plaintiffs to pay $88,735.87 of Defendants' $120,449.27 fee request, the Magistrate Judge committed reversible legal error as well as clear factual errors. First, the Order erred as a matter of law by failing to apply the multi-factor test employed by courts in the Fifth Circuit to determine a reasonable hourly rate. Second, the Order committed a clear factual error by failing to consider Defendants' admission that Dr. Swanson is *not* an expert witness qualified to opine on one of the subjects of his report—and accordingly should not be compensated as an expert for that work. Finally, the Order committed another factual error by misidentifying Dr. Swanson's assistant Mr. Bryan—who is not qualified as an expert, and whose calculation support services are not reasonably compensable at the expert rate of $400 per hour—as Dr. Christopher Bonneau, a different expert witness who had no involvement with Dr. Swanson's work and whose compensation at $300 per hour for his separate sur-rebuttal report is not challenged by Plaintiffs.

For the reasons discussed below and further detailed in Plaintiffs' opposition to Defendants' unreasonable fee request, ECF Nos. 173, 174, Plaintiffs request that the Court reduce the fee award to a total of $44,829.54.

## BACKGROUND

To comply with the Magistrate Judge's conditions for permitting the rebuttal reports submitted by Plaintiffs' experts in February 2023, Plaintiffs stipulated to the payment of "reasonable expert fees and costs actually incurred" by the defense experts' preparation of sur-

1

rebuttal reports.  ECF No. 143 at 3[1] (Plaintiffs' stipulation); Order at 3.  Plaintiffs contested the estimated hours that Dr. Swanson put forth, and the stipulation did not contain an agreement as to the amount of fees that Plaintiffs would pay.

In November 2023, after Defendants' experts had been deposed, Defendants requested a total of $120,449.27 in expert and attorney's fees incurred in the preparation of two sur-rebuttal reports submitted by Dr. David Swanson and Dr. Christopher Bonneau and certain deposition-related expenses.  ECF No. 166 at 3 (Defendants' fee motion).  Of that total, Defendants requested $81,621.54 for the work of Dr. Swanson and his assistant, Mr. Thomas Bryan, each billing $400 per hour; Defendants requested $9,206.33 for Dr. Bonneau, who separately billed $300 per hour for his own sur-rebuttal report (he did not employ an assistant).  ECF No. 167 at 11 (Defendants' memorandum).  This appeal relates entirely to the award of fees for Dr. Swanson and his assistant in working on the Swanson sur-rebuttal report; Plaintiffs do not challenge the award as to Dr. Bonneau's sur-rebuttal report.

Plaintiffs opposed the fee request on many grounds, including, as relevant to this appeal, that the $400 hourly rate for Dr. Swanson and his assistant is unreasonable due to their lack of relevant qualifications.

First, Plaintiffs repeatedly cited Defendants' concession that Dr. Swanson is *not* an expert witness on ecological inference, one of the topics of his sur-rebuttal report for which he seeks compensation.  ECF No. 174 at 8, 25, 39–41 (Plaintiffs' opposition to fee motion); *see* ECF No. 166-4 at 1–3 (Swanson's billing entries pertaining to "EI").  As detailed in Plaintiffs' pending *Daubert* motion, Dr. Swanson admitted (and demonstrated) at his deposition that he "has no

---

[1] For consistency, all page cites for ECF entries are to the page numbers in the headers generated by the ECF system, not any pagination within the documents.

2

expertise using the King's EI Technique" utilized by Plaintiffs' expert, Dr. Traci Burch; his "familiarity with the technique was limited to 'look[ing] through what's on the website' during his work in this case"; and he "admittedly has no experience analyzing voting behavior, or using the software environment on which the EI program is run." *See* ECF No. 165 at 20–21 (Plaintiffs' *Daubert* memorandum). In response to Plaintiffs' motion to disqualify Dr. Swanson under *Daubert*, Defendants admitted that "Dr. Swanson is not offered as an expert on King's Ecological Inference analysis ('King's EI'). ECF No. 169 at 3 (Defendants' opposition to *Daubert* motion). Plaintiffs therefore argued that Dr. Swanson was not entitled to expert fees for his work on ecological inference, or that, at minimum, he should not be compensated at the rate of a qualified expert witness for that work. ECF No. 174 at 39–41 & n.8 (Plaintiffs' opposition to fee motion). Defendants' reply in support of their fee request defended the number of hours that Dr. Swanson billed, but it did not respond to or otherwise contest Plaintiffs' arguments about Dr. Swanson's hourly rate. *See generally* ECF No. 176 (Defendants' reply in support of fee request).

Nevertheless, the Order did not address Plaintiffs' arguments about Dr. Swanson's hourly rate and instead awarded a fee amount incorporating the full $400 per hour rate requested by Dr. Swanson for all work performed in preparation of his sur-rebuttal report, including his work on ecological inference. *See* Order at 9 (ordering $79,529.54 in compensation for Dr. Swanson).

Second, Plaintiffs argued that Dr. Swanson's assistant, Mr. Thomas Bryan, should not be compensated as an expert. Dr. Swanson's sur-rebuttal report does not mention Mr. Bryan or his firm, Bryan GeoDynamics, a single time, despite Mr. Bryan billing $27,300 for 68.25 hours of work. *See generally* ECF No. 166-2 (Swanson sur-rebuttal report); ECF No. 166-4 at 4–7 (Swanson and Bryan invoices). Although Dr. Swanson's opening expert report did state that Bryan GeoDynamics "assembled data, maps, and other work product," that work supported Dr.

3

Swanson's rebuttal to Plaintiffs' mapping expert, Mr. Bill Cooper, and is not pertinent to the subject of Dr. Swanson's sur-rebuttal report responding to Dr. Burch's subsequent statistical analyses.  *See* ECF No. 164-2 at 8, 107 (Swanson initial report); ECF No. 164-1 at 41–44 (Dr. Swanson's deposition testimony explaining the mapping assistance he received from Mr. Bryan). Dr. Swanson has never disclosed Mr. Bryan's qualifications, and as detailed in Plaintiffs' pending *Daubert* motion, Mr. Bryan's work has been repeatedly discredited by the courts.  ECF No. 165 at 14, 19.  Plaintiffs argued to the Magistrate Judge that, given Defendants' failure to disclose Mr. Bryan as an expert and his lack of qualifications, he should not be compensated, or that, at minimum, he should not be allowed to bill at the rate of an expert witness for work performed. ECF No. 174 at 37–39.

Not only did the Order fail to address Plaintiffs' arguments that Mr. Bryan is not entitled to $400 per hour, it also misidentified Dr. Swanson's assistant as "Dr. Bonneau" (Defendants' expert witness on other topics) throughout, including at critical junctures.  *See, e.g.,* Order at 2 (mistakenly referencing "Dr. Bonneau's, alleged unnecessary, excessive, and duplicative hours in preparation of the Swanson sur-rebuttal report"); *id.* at 4 (incorrectly stating that "Dr. Bonneau was apparently disclosed as an assistant of Dr. Swanson in Dr. Swanson's original designation."). It appears, then, that the Magistrate Judge confused Dr. Bonneau for Mr. Bryan and found that Dr. Bonneau was entitled to compensation as an expert—a position Plaintiffs did not even challenge— while failing to engage with Plaintiffs' substantial arguments against Mr. Bryan's qualifications and concomitant entitlement to expert compensation.

The Magistrate Judge otherwise reduced Dr. Swanson's billable hours by 5.23 on account of an unreasonable 8.23-hour charge for reviewing his deposition transcript and declined to award attorney's fees.  Order at 9.  The Order provides for payment within sixty days of issuance.  *Id.*

4

Plaintiffs now timely appeal the Order on the limited ground that the Magistrate Judge erred in failing to apply the legal test for reasonableness of expert fees and reduce the hourly rates of Dr. Swanson for his non-expert work on ecological inference and his unqualified assistant, Mr. Bryan.

## ARGUMENT

Under Fed. R. Civ. P. 72(a) and Local Rule 72(a)(1), the district judge must modify or set aside any part of the magistrate judge's order that is "clearly erroneous" as to a question of fact or "contrary to law" as to a question of law. *See also* 28 U.S.C. § 636(b)(1)(A). "To determine whether a factual finding is clearly erroneous," the reviewing court "looks to see if the finding is without substantial evidence to support it, the [lower] court misinterpreted the effect of the evidence, or this court is convinced that the finding is against the preponderance of credible testimony." *City of Alexandria v. Brown*, 740 F.3d 339, 350–51 (5th Cir. 2014) (cleaned up).

Here, Plaintiffs raise three objections to the Order: (1) a failure to apply the correct legal standard for assessing the reasonableness of expert fees, which is contrary to law and subject to de novo review; (2) a failure to consider the undisputed fact that Dr. Swanson is not an expert on ecological inference and is not entitled to expert compensation for that work, which constitutes clear error, and (3) a mistake of fact in conflating Dr. Bonneau, a qualified expert billing at $300 per hour, with Mr. Bryan, an unqualified and undisclosed assistant who cannot reasonably bill at $400 per hour, which also constitutes clear error.

## I. The Magistrate Judge's Order Fails to Apply the Correct Legal Standard for Assessing Reasonableness of Expert Fees

Failure to apply the correct legal standard when awarding fees constitutes reversible legal error. *See, e.g.*, *Frew v. Traylor*, 688 F. App'x 249, 258 (5th Cir. 2017) (vacating and remanding

because lower court did not engage in "full reasonableness review" of attorney's fees, including assessment of relevant factors, even though plaintiffs were statutorily and contractually entitled to fee recovery), *as revised* (Apr. 28, 2017); *Pride Ford Lincoln Mercury Inc. v. Motors Ins. Corp.*, 80 F. App'x 329, 332 (5th Cir. 2003) vacating and remanding because lower court did not address requisite factors for determining attorney's fees.  When a lower court applies "the wrong legal standard in making its factual findings," the reviewing court reviews the "factual findings de novo."  *Brown*, 740 F.3d at 350 (citing *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004)).

Here, the Magistrate Judge should have applied the legal standard that has been widely adopted in the Fifth Circuit for determining the reasonableness of expert fees and considered the following factors:

> (1) the witness's area of expertise;
> (2) the education and training required to provide the insight that is sought;
> (3) prevailing rates for other comparable experts;
> (4) the nature, quality and complexity of the responses provided;
> (5) the cost of living in a particular geographic area; and
> (6) the fees traditionally charged by the expert on related matters.

*Duke v. Performance Food Grp., Inc.*, No. 1:11-CV-220, 2014 WL 370442, at *6 (N.D. Miss. Feb. 3, 2014) (citation omitted).  This standard is well-established and has been consistently applied by district courts in this circuit when assessing the reasonableness of expert fees.[2]  Defendants, as the

---

[2] *See, e.g.*, *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010); *Jackson v. Country Club of Louisiana, Inc.*, No. 20-CV-452, 2022 WL 587612, at *2 (M.D. La. Jan. 31, 2022); *Spencer-Martin v. Exxon Mobil Corp.*, No. 16-CV-789, 2017 WL 4103570, at *2 (M.D. La. Sept. 15, 2017); *Veasey v. Abbott*, No. 2:13-CV-193, 2017 WL 1092307, at *2 (S.D. Tex. Mar. 23, 2017); *lTerrebonne Par. Branch NAACP v. Jindal*, No. 14-CV-69, 2015 WL 9463164, at *1 (M.D. La. Dec. 28, 2015) (same); *Ball v. LeBlanc*, No. 13-CV-368, 2015 WL 5793929, at *1 (M.D. La. Sept. 30, 2015); *Miller v. Credit*, No. 12-CV-138, 2013 WL 1833310, at *2 (M.D. La. May 1, 2013); *Smithson v. Northshore Reg'l Med. Ctr., Inc.*, No. 07-CV-3953, 2008 WL 11353762, at *3 (E.D. La. July 30, 2008).

party seeking fees, "bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). In awarding $400 per hour for the work of Dr. Swanson and Mr. Bryan, the Magistrate Judge did not consider any of the relevant factors, despite extensive argument by Plaintiffs on this point, nor did the court explain why those factors should not be applied.

As to Dr. Swanson, the Order makes no mention of any of the aforementioned factors or the reasonableness of his $400 per hour rate. Instead, the Magistrate Judge's discussion of Dr. Swanson was limited to the reasonableness of the number of hours he billed in preparing his sur-rebuttal report and in relation to his deposition—without any discussion of the reasonableness of Dr. Swanson's hourly rate. Order at 4–5.

Regarding the first two *Duke* factors, the Order does not mention Dr. Swanson's admitted lack of expertise, education, and training on ecological inference. *See Duke*, 2014 WL 370442, at *6. That omission is particularly glaring, given Defendants' admission that Dr. Swanson is not an expert on ecological inference, and Defendants' failure to contest in their reply memorandum that Dr. Swanson's rate should be zeroed out or substantially reduced. Nor does the Order discuss the "prevailing rates" for comparable experts, which is the third *Duke* factor. *Id.* On that score, the Order fails to mention that Dr. Bonneau, who Defendants claim *is* qualified to be an expert on ecological inference, charges a lesser $300 per hour. *See* ECF No. 169 at 3 (Defendants' *Daubert* opposition stating that "The defendants' political science expert, Christopher Bonneau, Ph.D., will testify that while King's EI is an improvement over other methods for estimating voter turnout, it still relies on unproven assumptions."). The Order also fails to account for the fourth *Duke* factor, the admitted lack of complexity in Dr. Swanson's opinions on ecological inference, which Defendants claim can be offered by "anyone" without specialized training. *Id.* at 14 (Defendants

7

contending that "anyone can" make the same criticisms of Dr. Burch's ecological inference analysis). Nor does the Magistrate Judge address the final two *Duke* factors—cost of living and traditional rates in related matters. *See* ECF No. 174 at 41 & n.8 (Plaintiffs offering caselaw regarding non-expert compensation in Mississippi, at rate of $120 per hour, as comparator for Dr. Swanson's work).

As to Mr. Bryan, the Order makes no mention of him at all, despite ordering Plaintiffs to pay him $27,300 (a rate of $400 per hour for 68.25 hours of billed work). Regarding the first two *Duke* factors, the Magistrate Judge does not address Defendants' failure to provide any evidence of Mr. Bryan's expertise, qualifications, education, or training. *See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, 336 F.R.D. 527, 530 (E.D. La. 2020) ("[T]he burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement.") (internal quotation marks and citation omitted); *Ovella v. B&C Constr. & Equip., LLC*., No. 1:10-CV-285, 2012 WL 12883213, at *3 (S.D. Miss. Apr. 18, 2012) (ordering fee-seeker to provide "information necessary for the Court to make a determination.").

Additionally, the Order fails to consider Mr. Bryan's extensive history of being discredited by multiple federal courts due to his unreliable testimony and lack of qualifications—facts acknowledged by Dr. Swanson, ECF No. 164-1 at 28–32 (Swanson deposition). ECF No. 174 at 38 (Plaintiffs detailing Bryan's record as a witness); *see, e.g.*, *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 823–24 (M.D. La. 2022) ("Bryan's conclusions are unsupported by the facts and data in this case and thus wholly unreliable."). Defendants have contended that, while courts have found Mr. Bryan's conclusions unreliable, courts have not specifically discredited his "*calculations*."[3]

---

[3] Defendants also claimed, without basis, in their reply brief below that Plaintiffs "do not contest the results" of Mr. Bryan's work. *See* ECF No. 176 at 10. That is not accurate— Plaintiffs fully intend to dispute the findings in Dr. Swanson's report at trial.

ECF No. 176 at 10. That arguments rests on an imagined distinction—the adverse credibility findings against Mr. Bryan include significant concerns with his methodologies and his general lack of qualifications, and they broadly cast doubt on his ability to serve as an expert witness. For instance, one court in a redistricting case assigned "very little weight to Mr. Bryan's testimony," because "Mr. Bryan's work was considerably less thorough," and because "Mr. Bryan's credentials are considerably weaker than" other experts', including one of Plaintiffs' experts in this case, Mr. Bill Cooper, who charges $150 per hour, ECF No. 164-4 at 1. *Singleton v. Merrill*, 582 F. Supp. 3d 924, 985, 1006 (N.D. Ala. 2022). The three-judge panel further noted that Mr. Bryan lacked the "academic record or the record of peer-reviewed publications" and "the experience testifying as an expert witness in redistricting litigation" that other experts have. *Id.* Mr. Bryan was further determined to have "overstate[d] his opinions, offer[ed] testimony without a sufficient basis, [and] cite[d] material that he had not reviewed." *Id.* at 1008; *see also Caster v. Merrill*, 2:21-cv-1536, 2022 WL 264819, at *62 (N.D. Ala. Jan. 24, 2022) ("Because Mr. Bryan consistently had difficulty defending both his methods and his conclusions, and repeatedly offered opinions without a sufficient basis, and because we observed internal inconsistencies in his testimony on important issues, we find that his testimony is unreliable.").

Regarding the third *Duke* factor, the Order also does not discuss the prevailing rates for other experts, including the fact that Mr. Bryan, a non-expert, seeks to charge even more than Dr. Bonneau, the defendants' qualified expert billing $300 per hour. As to the fourth factor, given Defendants' contention that Dr. Swanson's opinion is no more complex than that of a lay person, Mr. Bryan, who served only a supporting role, necessarily performed even simpler tasks. And finally, the Magistrate Judge omits the final two *Duke* factors—cost of living and traditional rates

in related matters. *See* ECF No. 174 at 38 & n.7 (Plaintiffs offering $25 per hour rate for administrative work as comparator for Mr. Bryan's services).

Instead of conducting a reasonableness review, the Magistrate Judge found Plaintiffs' arguments categorically "unpersuasive in light of the fact that . . . it was Plaintiffs' experts who occasioned the necessity of incurring such additional expert expenses" and given that "Plaintiffs have already agreed to pay." Order at 4. The Order even awarded Dr. Swanson 2.5 hours, or $1,000, for time purportedly spent "finaliz[ing]" his sur-rebuttal report on September 18–19, 2023, several days after the final sur-rebuttal reports had already been served on Plaintiffs on September 15. *See id.* at 2, 4–5, 9; *see generally* ECF No. 176 (Defendants offering no defense of Dr. Swanson's suspect billing on reply). By categorically rejecting Plaintiffs' arguments, the Magistrate Judge appeared to conflate the standard for determining whether fees are recoverable at all (i.e., whether Plaintiffs' experts submitted improper rebuttal reports and whether Plaintiffs agreed to pay reasonable fees) with the standard for calculating the amount of fees to be recovered (i.e., whether the requested amount of fees is reasonable).

That is legal error. As the Fifth Circuit has made clear, even when a party is entitled to recover fees, the court must nonetheless assess the requested fees for reasonableness. *See Frew*, 688 F. App'x at 257; *see also Duke*, 2014 WL 370442, at *6 ("Unless the courts patrol the battlefield to ensure fairness, the circumstances invite extortionate fee setting.") (internal quotation marks and citation omitted). That obligation to conduct a reasonableness review persists even when fees have been previously ordered by the court and when the parties have contractually agreed to the recovery of fees. *Frew*, 688 F. App'x at 257 ("The district court did not engage in that typical [reasonableness] analysis, likely because it seemed to conclude that Plaintiffs were entitled to fees based not just on 'prevailing party' status as to the 2007 Corrective Action Order

10

alone, but also as a contractual right under the 2007 Fee Order . . . . We conclude that even if the 2007 Fee Order entitles Plaintiffs to attorneys' fees throughout this litigation, it does not exempt the requested fees from the judicial scrutiny for reasonableness.").  The need for a reasonableness review is especially needed here, as Plaintiffs' stipulation expressly provided for the payment of "reasonable" expert fees, not a predetermined amount or rate, ECF No. 143 at 3, and Plaintiffs have consistently objected to Dr. Swanson's hours as excessive, including when he first provided an estimate of the work that he planned to undertake to respond to Dr. Burch, *see* ECF Nos. 130, 131.  Moreover, Dr. Swanson's conceded lack of expertise on ecological inference and Mr. Bryan's involvement were not disclosed until well after Plaintiffs' stipulation, and Plaintiffs could not have challenged the reasonableness of their rates at an earlier point.

The complete absence of discussion of any of the factors relevant for determining a reasonable expert fee rate makes clear that the Magistrate Judge failed to conduct the requisite legal analysis.  Properly applied, the *Duke* factors indicate that Dr. Swanson should not receive any compensation for his work on ecological inference because he has been effectively withdrawn as an expert on that subject in response to Plaintiffs' *Daubert* motion.  *Parkcrest Builders*, 336 F.R.D. at 532 (holding that awarding expert fees for a witness who fails to qualify under the *Daubert* standard is "manifestly unjust") (internal quotation marks and citation omitted).  Plaintiffs also submit that Mr. Bryan should not be compensated due to his lack of expert qualifications, Defendants' and Dr. Swanson's failure to disclose his role in preparing the sur-rebuttal report, and his demonstrated history of unreliability as an expert witness.  That results in a reduction of $7,400

in fees for Dr. Swanson (18.5 hours multiplied by $400 per hour)[4] and a reduction of $27,300 in fees for Mr. Bryan (68.25 hours multiplied by $400 per hour).

Alternatively, the rates should, at minimum, be reduced to $120 per hour for Dr. Swanson and $25 per hour for Mr. Bryan, as proposed in Plaintiffs' opposition to Defendants' fee motion, ECF No. 174 at 38–41 & n.7 & n.8, because neither of them purports to possess or apply any special expertise. That would result in a reduction of $5,180 in fees for Dr. Swanson and a reduction of $25,593.75 in fees for Mr. Bryan.

## II.   Awarding Dr. Swanson a $400 Hourly Rate to Perform Non-Expert Work is Clear Error

Even setting aside the Order's legal error, awarding Dr. Swanson $400 per hour to perform work related to ecological inference, a subject on which he has no expertise and for which he is no longer being offered as an expert, constitutes clear error.

The record is "without substantial evidence" to support an award of $400 per hour for Dr. Swanson's EI-related work. *See Brown*, 740 F.3d at 350–51 (internal quotation marks and citation omitted). As discussed above, Dr. Swanson has admitted that he is not qualified to analyze ecological inference methods, a fact that Defendants do not dispute and is reflected in their decision to no longer offer Dr. Swanson as an expert on that subject. Similarly, the record contains no evidence of Mr. Bryan's qualifications to aid in the preparation of the sur-rebuttal report, apart

---

[4] By Plaintiffs' count, Dr. Swanson billed 16 hours of work specifically related to ecological inference (entries involving "EI" on his invoice, ECF No. 166-4 at 1–3); he also billed a total of 24.75 hours drafting, revising, and finalizing his sur-rebuttal report, without distinguishing between the time spent on the ecological inference section versus other parts of his report. Based on the length of the section of his report addressing ecological inference, 2.5 hours is a reasonable estimate for the time he spent drafting his ecological inference opinion. *See* ECF No. 174 at 40. Accordingly, Dr. Swanson spent about 18.5 hours on ecological inference, which amounts to $7,400 when multiplied by $400 per hour.

12

from his history of being discredited by federal courts, even though it was Defendants' burden to demonstrate the reasonableness of his hourly rate. *Riley*, 99 F.3d at 760. Nor was Mr. Bryan's involvement disclosed in the sur-rebuttal report—his prior disclosure for assistance on mapping work has no relevance to Dr. Swanson's sur-rebuttal analysis.

Because Plaintiffs' stipulation, ECF No. 143 and the Magistrate Judge's prior order on fees, ECF No. 140, only contemplate the payment of a "reasonable" fee to an "expert," no compensation is appropriate for Dr. Swanson's non-expert work on ecological inference. That results in a reduction of $7,400 in fees for Dr. Swanson.

Alternatively, Dr. Swanson's rate should, at a minimum, be reduced to $120 per hour, as proposed in Plaintiffs' opposition to Defendants' fee motion. ECF No. 174 at 41 & n.8. That would result in a reduction of $5,180 in fees for Dr. Swanson.

III. **The Magistrate Judge's Award of $400 Per Hour to Mr. Bryan Rests on A Mistaken Identity and Is Clear Error**

By failing to correctly identify Dr. Swanson's assistant, the Magistrate Judge "misinterpreted" the evidence and committed clear error. *See Brown*, 740 F.3d at 350–51 (internal quotation marks and citation omitted). As discussed in the Background section, the Order repeatedly refers to Dr. Swanson's assistant as "Dr. Bonneau" when determining the appropriateness of the fees requested for the assistance provided to Dr. Swanson. However, Dr. Bonneau is Defendants' other expert witness—not Dr. Swanson's assistant or associate—and Plaintiffs have not contested the fees that Dr. Bonneau billed for the preparation of his sur-rebuttal report. ECF No. 174 at 13. Dr. Bonneau was disclosed as an expert by Defendants and then deposed by Plaintiffs after he submitted his sur-rebuttal report, which is separate from the work of

Dr. Swanson.[5]  *See generally* ECF No. 164-7 (Bonneau deposition).  The Magistrate Judge's identification of Dr. Bonneau, instead of Mr. Bryan, as Dr. Swanson's assistant is clearly erroneous.  That error is also material to the fee order, because Mr. Bryan lacks the qualifications that Dr. Bonneau possesses, a fact that bears on the reasonableness of the hourly rate charged by Dr. Swanson's assistant.

First, there can be no doubt that Dr. Swanson's assistant is Mr. Bryan, not Dr. Bonneau. Dr. Swanson has never disclosed receiving any assistance from Dr. Bonneau, and Defendants' invoices do not reflect any time that Dr. Bonneau billed for the purpose of assisting Dr. Swanson. *See* ECF Nos. 166-4. 166-5, 166-6 (invoices).  Rather, those billing invoices include statements and letters from Mr. Bryan, who billed for his work "in support of [Defendants'] demographic expert," Dr. Swanson.  ECF No. 166-4 at 4, 6.  The billing entries on Mr. Bryan's invoices also reflect the work of Dr. Swanson's sur-rebuttal report, including ecological inference and other analyses.  ECF No. 166-4 at 5, 7.

Second, that case of mistaken identity is maintained throughout the Order, indicating that it was not an inadvertent typographical error.  On at least five occasions, the Magistrate Judge mistakenly associated Dr. Bonneau with Dr. Swanson.  Order at 2 (Order incorrectly referring to "Dr. Bonneau's, alleged unnecessary, excessive, and duplicative hours in preparation of the Swanson sur-rebuttal report"); *id.* (Order incorrectly referring to the "hours of Dr. Swanson's associate, Dr. Bonneau"); *id.* at 4 (Order incorrectly referencing "time spent by Dr Swanson's assistant, Dr. Bonneau, included for his work on Dr. Swanson's sur-rebuttal report"); *id.* (Order

---

[5] Dr. Bonneau's sur-rebuttal did not respond to the work of Plaintiffs' expert Dr. Burch, which Dr. Swanson's sur-rebuttal did instead.  *See* ECF No. 166-2 (Swanson sur-rebuttal responding to Dr. Burch); ECF No. 166-3 (Bonneau sur-rebuttal responding to Dr. Byron D'Andra Orey).

incorrectly stating that "Dr. Bonneau was apparently disclosed as an assistant of Dr. Swanson in Dr. Swanson's original designation"); *id.* (Order stating, "My reason for allowing Dr. Bonneau's fees is that his role was disclosed in the prior report.").

As a result of misidentifying Dr. Bonneau as Dr. Swanson's assistant, the Order contains no reference to Mr. Bryan, despite awarding him over $27,000 in fees. Had the Magistrate Judge correctly identified Mr. Bryan as Dr. Swanson's assistant, the court would have needed to assess his qualifications under the *Duke* multi-factor test, and he is not qualified to command $400 per hour under that standard, for the reasons discussed in Section I.

Notably, even if the Order had correctly identified Mr. Bryan, the Magistrate Judge's explanation that Dr. Swanson's assistant is entitled to fees despite being undisclosed in the sur-rebuttal report is clear error. The Order indicated that fees for the assistant is proper because "his role was disclosed in [Dr. Swanson's] prior report." Order at 4. However, the disclosure of Mr. Bryan in Dr. Swanson's initial report cannot justify payment of fees for several reasons. First, the initial report indicated that Mr. Bryan supported Dr. Swanson's work related to mapping—which has no relevance to Dr. Swanson's sur-rebuttal report. *See supra* Background. Second, Dr. Swanson's initial report could not have possibly disclosed Mr. Bryan's role in the preparation of the sur-rebuttal report, because, at that point, Dr. Burch had not performed her rebuttal analyses, which are distinct from her earlier analysis and are the subjects of Dr. Swanson's sur-rebuttal. Third, even if compensation for assistance is proper, it does not follow that the assistant is entitled to the same rate as an expert.

As discussed in Section I, Mr. Bryan is not entitled to compensation because he is not an expert, was not disclosed in Dr. Swanson's sur-rebuttal report, and has no apparent qualifications to counteract his history of being discredited by multiple federal courts. His request for $27,300

in fees should therefore be eliminated in its entirety. Alternatively, Mr. Bryan's rate should at minimum be reduced to $25 per hour, as proposed in Plaintiffs' opposition to Defendants' fee motion, ECF No. 174 at 32 & n.7, because he does not possess any relevant qualifications, and Defendants contend that Dr. Swanson's report does not require any special expertise. That would result in a reduction of $25,593.75 in fees for Mr. Bryan.

## <u>CONCLUSION</u>

For the foregoing reasons, the Magistrate Judge committed legal error as well as clear factual errors in awarding a rate of $400 per hour for the non-expert work performed by Dr. Swanson and Mr. Bryan. This Court should modify the fee order and reduce the total award to $44,829.54 (consisting of $35,623.21 in fees and expenses for Dr. Swanson and $9,206.33 in fees and expenses for Dr. Bonneau, whose compensation Plaintiffs do not challenge on appeal). That amount reflects a reduction of $7,400 for Dr. Swanson's 18.5 hours of non-expert work on ecological inference, and a reduction of $27,300 for Mr. Bryan's 68.25 hours of work.

Alternatively, should the Court find that Dr. Swanson and Mr. Bryan should nonetheless be compensated at reduced rates for their non-expert work, the total award to Defendants should be reduced to $57,962.12, reflecting an hourly rate of $120 for Dr. Swanson's work on ecological inference and an hourly rate of $25 for Mr. Bryan's assistance.

DATED: February 15, 2024

16

Respectfully submitted,

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

\* Admitted *pro hac vice*
\*\* *Pro hac vice* motion forthcoming

ACLU FOUNDATION
Ari J. Savitzky\*
Sophia Lin Lakin\*
Ming Cheung\*
Victoria Ochoa\*\*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*slakin@aclu.org*
*mcheung@aclu.org*
*vochoa@aclu.org*

SOUTHERN POVERTY LAW CENTER
Jade Olivia Morgan (Miss. Bar No. 105760)
Leslie Faith Jones (Miss. Bar No. 106092)
111 East Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882
*jade.morgan@splcenter.org*
*leslie.jones@splcenter.org*

Bradley E. Heard\*
Ahmed Soussi\*
Sabrina Khan\*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on February 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/ *Joshua Tom*
Joshua Tom