IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DYAMONE WHITE, et al.                                                               PLAINTIFFS

v.                                                                   CAUSE NO. 4:22-CV-62-SA-JMV

STATE BOARD OF ELECTION
COMMISSIONERS, et al.                                                              DEFENDANTS

## ORDER

Now before the Court is the Defendants' Motion for Judicial Notice [217], wherein they request that the Court take judicial notice of certain "[c]ensus data from the U.S. Census Current Population Survey's Reported Voting Registration, by Sex, Race and Hispanic Origin, for States in 1986, 1988, 1990, 1992, 1994, 1996, 1998, 2000, 2002, 2004, 2006, 2008, 2010, 2012, 2014, 2016, 2018, 2020, and 2022[.]" [218] at p. 1. The Plaintiffs oppose the request.

At the outset, the Court notes that the Motion [217] was filed on July 26, 2024—well beyond the motions deadline.

Setting aside that issue, the Motion [217] is not well-taken on the merits. Rule 201 of the Federal Rules of Evidence provides, in pertinent part, that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Here, the Plaintiffs take issue with the accuracy of the CPS survey data, arguing:

> Here, the CPS survey data on voter turnout and registration data is "subject to reasonable dispute," and its accuracy can "reasonably be questioned." *See* Fed. R. Evid. 201(b). Most notably, the CPS estimates significantly overstate voter participate, with the degree of error varying between racial groups, making it especially questionable and subject to dispute on the precise issue—voter turnout by race—for which Defendants seek to introduce it into the record. And the Census Bureau itself has acknowledged the

> possibility of overreporting and other biases affecting the results of the CPS.

[227] at p. 4.

The Plaintiffs also cite multiple cases where courts have declined to take judicial notice of CPS data on voter participation because its accuracy is disputed. *See id*. at p. 4-6 (citing cases). Of particular note, the same Defendants recently filed a nearly (if not completely) identical motion in a separate Section 2 Voting Rights Act case in the District Court for the Southern District of Mississippi. *See Miss. State Conf. of the NAACP, et al. v. State Board of Election Commissioners, et al.*; S.D. Miss. Cause No. 3:22-734-DPJ-HSO-LHS at [188, 189]. There, in an oral ruling issued during trial, Chief District Judge Jordan, speaking for the three-judge panel, explained:

> With respect to the defendants' motion, to the extent the defendants are asking for judicial notice that the Census Bureau produces statistics, the Court can take judicial notice of that. But the Court cannot take judicial notice of the actual data because the accuracy of the data is disputed. The census itself indicates as much as well as the other sources listed in the plaintiffs' response. Under Rule 201, if we were to take judicial notice of the data, then it would have to be considered conclusive, and that's not the case.
>
> Having said that – and we're making this ruling now because it could be that the defendants – I think the defendants need to know that before their cross-examination here but it does seem to us that the – and we can address this more fully later – but that the census data is a self-authenticating document under 902(5). I recognize there could be other issues, but the defendants' motion is denied except to the extent the Court would take judicial notice the Census Bureau routinely produces these statistics.

[227], Ex. 5 at p. 101-102.

Although that ruling is not binding, this Court finds it persuasive and to be an appropriate way to resolve the present Motion [217]. The Court declines to take judicial notice of data that is disputed, as doing so would run afoul of Rule 201. The Court will take judicial notice that the

Census Bureau routinely produces statistics of this nature. The Motion [217] is DENIED but for that limited exception.

SO ORDERED this the 2nd day of August, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE