IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL, <br><br> *Plaintiffs*, <br><br> vs. <br><br> STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*, <br><br> *Defendants*, | CIVIL ACTION NO. <br> 4:22-cv-62-SA-JMV |

**PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs submit this Motion for judicial notice and respectfully request the Court take judicial notice of specific facts and information pertaining to the latest Mississippi Supreme Court elections, which occurred after the August 2024 trial before this Court, as set forth below and as identified within Exhibit A attached hereto. Under the Federal Rules, judicial notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d). Defendants have indicated that they anticipate opposing the motion.

1. "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it." *United States v. Berrojo*, 628 F.2d 368, 369 (5th Cir. 1980). Judicial notice may be taken at any time, including after the close of trial. *League of United Latin Am.*

1

*Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 890 n.41 (5th Cir. 1993) (en banc) (noting post-trial election results raised in amicus brief seeking judicial notice on appeal); *Berrojo*, 628 F.2d at 370 ("The Supreme Court has in numerous instances noticed facts long after both parties . . . rested in the trial court."); *see also* Fed. R. Evid. 201, note to subdivision (f) ("In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal.").

2. Plaintiffs seek judicial notice of the following facts pertaining to the November 2024 elections, based on official election certifications maintained by the Mississippi Secretary of State (Exhibit A):

   a. On November 5, 2024, elections were held for four Mississippi Supreme Court seats:
      i. District 1, Position 3;
      ii. District 2, Position 2;
      iii. District 3, Position 1; and
      iv. District 3, Position 2.
   b. Five candidates participated in the general election for the District 1, Position 3 seat on the Mississippi Supreme Court.
   c. In the general election for District 1, Position 3, State Senator Jenifer Branning, who is White,[1] received a plurality of the vote (41.34%).
   d. Justice Jim Kitchens, who came in second in the general election, received 35.58% of the vote.

---

[1] Branning's racial identity and candidacy are already part of the trial record. D. Simmons Testimony, 08/08/2024 Trial Tr. 728:1–7.

2

e. On November 26, 2024, a runoff election between Branning and Kitchens was held for the District 1, Position 3 seat on the Mississippi Supreme Court.

f. In the November 26 runoff election, Branning received a majority of the vote (50.55%) and defeated Kitchens (49.45%) for the District 1, Position 3 seat on the Mississippi Supreme Court.

g. No Black candidates were elected to any of the Mississippi Supreme Court seats that were on the ballot in the 2024 election: Justices Robert Chamberlin and Jimmy Maxwell, both White, were re-elected in District 3, and justice-elect David Sullivan, who defeated Justice Dawn Beam in District 2, is also White.[2]

3. Taking judicial notice of these election results, which are generally known within the jurisdiction and can be immediately and accurately determined by examining public records, is appropriate. *See, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."); *Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962) ("Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed.").

4. Election results are routinely the subject of judicial notice in cases involving, as here, Section 2 of the Voting Rights Act. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 890 n.41 (5th Cir. 1993) (en banc) (citing post-trial election results raised in amicus brief on appeal); *see also Mississippi State Conf. of Nat'l Ass'n for Advancement of Colored People v. State Bd. of Election Commissioners*, No. 3:22-CV-734-DPJ-HSO-LHS, 2024

---

[2] The racial identities of the incumbent justices are already part of the trial record. Pls.' Ex. 111.

WL 3275965, at *23 (S.D. Miss. July 2, 2024); *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, No. 1:21-CV-5337-SCJ, 2023 WL 5675032, at *4 (N.D. Ga. Aug. 23, 2023); *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-259-DCG-JES-JVB, 2022 WL 17683191, at *7 (W.D. Tex. Dec. 14, 2022); *Hall v. Louisiana*, No. 12-CV-00657-BAJ-RLB, 2015 WL 1383532, at *3 (M.D. La. Mar. 23, 2015); *Black Pol. Task Force v. Galvin*, 300 F. Supp. 2d 291, 306 (D. Mass. 2004); *Rybicki v. State Bd. of Elections of State of Ill.*, 574 F. Supp. 1147, 1149 n.4 (N.D. Ill. 1983).

5. The above facts are relevant to this case, particularly in light of Defendants' repeated reliance on Justice Kitchens' past electoral victories in District 1 as evidence of Black voters' ability to elect preferred candidates under the challenged lines. *E.g.*, Defs.' Proposed Findings of Fact and Conclusions of Law, ECF No. 253 ¶ 14; Defs.' Closing Argument, 08/15/2024 Trial Tr. 1528:7–8, 1529:20–23. The absence of any Black candidates prevailing in any of the four Supreme Court elections in 2024 is also relevant to Senate Factor 7 under the totality of the circumstances analysis. *Veasey v. Abbott*, 830 F.3d 216, 261 (5th Cir. 2016) (en banc) ("The extent to which minority candidates are elected to public office also contextualizes the degree to which vestiges of discrimination continue to reduce minority participation in the political process."); *see also* Pls.' Proposed Findings of Fact and Conclusions of Law, ECF No. 252 ¶ 400 ("Black Mississippians have been particularly and severely under-represented on the Mississippi Supreme Court, both historically and in recent years. Overall, only four of the 125 justices (3%) who have served on the state high court have been Black.").

6. In support of this Motion, Plaintiffs incorporate their supporting Memorandum, concurrently filed with this Motion, and Exhibit A.

WHEREFORE, Plaintiffs respectfully request the Court grant this Motion and take judicial notice of the above-listed facts as "generally known within the trial court's territorial jurisdiction"

4

and facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

This the 9th day of January, 2025.

/s/ *Joshua Tom*
AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*

ACLU FOUNDATION
Ari J. Savitzky*
Ming Cheung*
Victoria Ochoa*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*mcheung@aclu.org*
*vochoa@aclu.org*
*slakin@aclu.org*

* Admitted *pro hac vice*

SOUTHERN POVERTY LAW CENTER
Bradley E. Heard*
Ahmed Soussi*
Sabrina Khan*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
Janet A. Gochman*
Noah Gimbel*
Kate Lambroza*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on January 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

This the 9th day of January, 2025.

/s/ Joshua Tom
Joshua Tom