IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL, <br><br> *Plaintiffs*, <br><br> vs. <br><br> STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,* <br><br> *Defendants,* | CIVIL ACTION NO. <br> 4:22-cv-62-SA-JMV |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs submit this memorandum in support of their motion for judicial notice ("Motion") and respectfully request the Court take judicial notice of specific facts and information set forth below and as identified within Exhibit A attached to the Motion.

**INTRODUCTION**

Plaintiffs ask that the Court take judicial notice of the results of the latest Mississippi Supreme Court elections. Following the August 2024 trial before this Court, a general election was held on November 5, 2024, that included several seats on the Mississippi Supreme Court, and a runoff election was held on November 26, 2024, for the District 1, Position 3 seat on the Mississippi Supreme Court. Among other election results, incumbent Justice Jim Kitchens was

1

defeated by his challenger, Jenifer Branning.

Notice of the election results is appropriate under FRE 201 because the facts are generally known within the territorial jurisdiction of this Court and are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, specifically the official election records maintained by the Mississippi Secretary of State. The facts sought to be noticed are relevant to whether the current configuration of the Supreme Court districts provides Black voters an equal opportunity to elect candidates of their choice, and, in particular, whether under the *Gingles* framework, Black-preferred candidates are usually defeated under the challenged district lines. At trial, Defendants repeatedly characterized Justice Kitchens, who is White, as a Black-preferred candidate, and argued that his election to the Supreme Court is evidence that the challenged district lines do allow Black voters to elect candidates of choice to the Mississippi Supreme Court.

## FACTS TO BE NOTICED

Plaintiffs seek judicial notice of the following facts, pertaining to the November 2024 Mississippi Supreme Court elections, based on official election certifications maintained by the Mississippi Secretary of State (Exhibit A):

1. On November 5, 2024, elections were held for four Mississippi Supreme Court seats:

    a. District 1, Position 3;

    b. District 2, Position 2;

    c. District 3, Position 1;

    d. District 3, Position 2.

2. Five candidates participated in the general election for the District 1, Position 3 seat on the Mississippi Supreme Court.

3. In the general election for District 1, Position 3, State Senator Jenifer Branning, who is White,[1] received a plurality of the vote (41.34%).

4. Justice Jim Kitchens, who came in second in the general election, received 35.58% of the vote.

5. On November 26, 2024, a runoff election between Branning and Kitchens was held for the District 1, Position 3 seat on the Mississippi Supreme Court.

6. In the November 26 runoff election, Branning received a majority of the vote (50.55%) and defeated Kitchens (49.45%) for the District 1, Position 3 seat on the Mississippi Supreme Court.

7. No Black candidates were elected to any of the Mississippi Supreme Court seats that were on the ballot in the 2024 election: Justices Robert Chamberlin and Jimmy Maxwell, both White, were re-elected in District 3, and justice-elect David Sullivan, who defeated Justice Dawn Beam in District 2, is also White.[2]

## DISCUSSION

Rule 201 governs judicial notice of "adjudicative fact[s]," as opposed to "legislative fact[s]." Fed. R. Evid. 201(a); *see Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (distinguishing adjudicative facts from legal determinations and mixed questions of law and fact). Under Rule 201(b) a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

---

[1] Branning's racial identity and candidacy are already part of the trial record. *See* D. Simmons Testimony, 08/08/2024 Trial Tr. 728:1–7 ("I know my colleague, Senator Jenifer Branning, a White Republican female, is challenging him. If there are some other candidates, I may not know, but I think the race is going to be between Justice Kitchens and Jenifer Branning. That's the top two.").

[2] The racial identities of the incumbent justices are already part of the trial record. Pls.' Ex. 111.

accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Am. Gen. Life Ins. Co. v. Hannah*, No. 1:12-CV-00087-GHD, 2014 WL 1413540, at *4 (N.D. Miss. Apr. 11, 2014) (citing Fed. R. Evid. 201(b) and *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829–31 (5th Cir. 1998)); *see also Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962) ("Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed."). Under the Federal Rules, judicial notice may be taken "at any stage of the proceeding," including after the close of trial and during appeal. Fed. R. Evid. 201(d) & note to subdivision (f) ("In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal."); *e.g.*, *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 890 n.41 (5th Cir. 1993) (en banc) (noting post-trial election results raised in amicus brief on appeal); *United States v. Berrojo*, 628 F.2d 368, 370 (5th Cir. 1980) ("The Supreme Court has in numerous instances noticed facts long after both parties . . . rested in the trial court.").

Courts routinely take judicial notice of election results. *E.g.*, *Bost v. Illinois State Bd. of Elections*, 114 F.4th 634, 642 n.2 (7th Cir. 2024) ("We take judicial notice of the official election results from the Illinois State Board of Elections website."); *Montana Green Party v. Jacobsen*, 17 F.4th 919, 927 (9th Cir. 2021) ("We take judicial notice of maps and official election results from the Montana Department of State website."); *Schaffer v. Clinton*, 240 F.3d 878, 885 n.8 (10th Cir. 2001) (taking notice of candidates and results); *Rodriguez v. Pataki*, 308 F. Supp. 2d 346, 454 n.174 (S.D.N.Y. 2004) (similar), *aff'd*, 543 U.S. 997 (2004). That includes redistricting cases involving, as here, a claim under Section 2 of the Voting Rights Act. *E.g.*, *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, No. 1:21-CV-5337-SCJ, 2023 WL 5675032, at *4 (N.D. Ga. Aug.

4

23, 2023); *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-259-DCG-JES-JVB, 2022 WL 17683191, at *7 (W.D. Tex. Dec. 14, 2022); *Hall v. Louisiana*, No. 12-CV-00657-BAJ-RLB, 2015 WL 1383532, at *3 (M.D. La. Mar. 23, 2015); *Black Pol. Task Force v. Galvin*, 300 F. Supp. 2d 291, 306 (D. Mass. 2004); *Rybicki v. State Bd. of Elections of State of Ill.*, 574 F. Supp. 1147, 1149 n.4 (N.D. Ill. 1983). The en banc Fifth Circuit and a three-judge panel in the Southern District of Mississippi have adopted similar approaches in Section 2 cases as well. *See Clements*, 999 F.2d at 890 n.41 ("Since trial, district judges in Jefferson County have filed an *amicus* brief requesting judicial notice that Davis, an African–American, was elected to the county court in 1990. The *amicus* brief also notes that black Democrat Overstreet and Hispanic Democrat Morales won a majority of the county's votes in their respective 1990 races for Court of Criminal Appeals and Attorney General."); *Mississippi State Conf. of Nat'l Ass'n for Advancement of Colored People v. State Bd. of Election Commissioners*, No. 3:22-CV-734-DPJ-HSO-LHS, 2024 WL 3275965, at *23 (S.D. Miss. July 2, 2024) ("[W]e must also take notice that [Speaker Gunn] did not run for re-election.").

Judicial notice is similarly appropriate here.

First, election results are adjudicative facts susceptible to judicial notice in a Section 2 vote dilution case, "because they may be relevant to determining whether . . . elections are equally open to Black voters." *See Alpha Phi Alpha*, 2023 WL 5675032, at *4. Here, the results of the recent State Supreme Court elections are indisputably relevant: One of the Defendants' primary arguments is that Justice Kitchens is a candidate preferred by Black voters and that his election to the Mississippi Supreme Court is indicative of the electoral opportunity available to Black voters under the current district lines. *E.g.*, Defs.' Proposed Findings of Fact and Conclusions of Law, ECF No. 253 ¶ 14; Defs.' Closing Argument, 08/15/2024 Trial Tr. 1528:7–8 ("In 2016, Justice

5

King and Justice Kitchens, both Black-preferred, were elected."); *id.* at 1529:20–23 ("2008, King wins and Kitchens beats an incumbent. Black power is working pretty well in this district.").

Justice Kitchens' loss, despite his status as an incumbent, illustrates and confirms Plaintiffs' argument based on the trial record that candidates preferred by Black voters usually do not prevail in Supreme Court elections under the challenged lines. *E.g.*, Pls.' Closing Argument, 08/15/2024 Trial Tr. 1476:2–8 ("Black supported candidates still are going to be defeated more often than not. Still usually the case."). With Justice Kitchens' defeat, only one of the nine justices who will be serving on the Mississippi Supreme Court, Justice Leslie King, is known to be a candidate preferred by Black voters—and Justice King was first appointed by a White governor and has never prevailed in a contested election in Supreme Court District 1. *See* Pls.' Proposed Findings of Fact and Conclusions of Law, ECF No. 252 ¶¶ 237, 567, 655 ("In the entire history of the Mississippi Supreme Court, there have been only four Black justices out of a total of 125 (3%), and none has been able to win election without first being appointed by a White governor…. Unlike White candidates, no Black candidate has ever been able to defeat an incumbent justice…."). Furthermore, the fact that none of the four winning candidates in 2024 is Black is relevant to Senate Factor 7, which concerns the extent to which Black candidates have been elected to public office.[3] *Veasey v. Abbott*, 830 F.3d 216, 261 (5th Cir. 2016) (en banc) ("The extent to which minority candidates are elected to public office also contextualizes the degree to which vestiges of discrimination continue to reduce minority participation in the political process.").

Second, these election results are publicly known and "are readily determined from sources

---

[3] At the time of trial, "four of the 125 justices (3%) who have served on the state high court have been Black." Pls.' Proposed Findings of Fact and Conclusions of Law, ECF No. 252 ¶ 400. With the election of new justices Jenifer Branning and David Sullivan in November 2024, the total is now four Black justices out of 127 individuals who have been elected to the state high court.

whose accuracy cannot reasonably be questioned." *E.g.*, *Alpha Phi Alpha*, 2023 WL 5675032, at *4. The candidates and their vote totals—attached as Exhibit A—are publicly reported by the Mississippi Secretary of State, one of the Defendants in this case, and they are available on the state's website.[4] *See Krupa v. Quinn*, 596 F. Supp. 3d 1127, 1134 n.2 (N.D. Ill. 2022) ("The Court takes judicial notice of the election results [which are] are accurately and readily determined from the City of Chicago's Board of Election Commissioner's website."); *Scott v. Garlock*, No. 2:18-CV-981-WKW-WC, 2019 WL 4200400, at *3 n.4 (M.D. Ala. July 31, 2019) ("[T]he undersigned takes judicial notice of the publicly filed election results, as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"), *report and recommendation adopted*, No. 2:18-CV-981-WKW, 2019 WL 4197112 (M.D. Ala. Sept. 4, 2019); *see also Chandler v. Wexford Health*, No. 4:15-CV-102-DMB-DAS, 2018 WL 4689463, at *4 n.9 (N.D. Miss. Sept. 28, 2018) (taking judicial notice of inmate handbook published on Mississippi Dep't of Corrections website), *aff'd*, 793 F. App'x 345 (5th Cir. 2020). The Fifth Circuit has similarly held that publicly available documents produced by government entities are judicially

---

[4] State of Mississippi, Certification of Vote for Mississippi Supreme Court Justice, District One, Place Three, https://sos.ms.gov/elections/electionresults/2024GeneralRunoff/Statewide%20Results/Certification%20of%20Vote%20for%20Mississippi%20Supreme%20Court%20Justice,%20District%20One,%20Place%20Three.pdf (updated Dec. 9, 2024); State of Mississippi, Certification of Vote for Mississippi Supreme Court Justice, District Two, Place Two, https://sos.ms.gov/elections/electionresults/2024General/Statewide%20Results/Certification%20of%20Vote%20for%20Mississippi%20Supreme%20Court%20Justice,%20District%20Two,%20Place%20Two.pdf (updated Nov. 19, 2024); State of Mississippi, Certification of Vote for Mississippi Supreme Court Justice, District Three, Place One, https://sos.ms.gov/elections/electionresults/2024General/Statewide%20Results/Certification%20of%20Vote%20for%20Mississippi%20Supreme%20Court%20District%20Three,%20Place%20One.pdf (updated Nov. 19, 2024); State of Mississippi, Certification of Vote for Mississippi Supreme Court Justice, District Three, Place Two, https://sos.ms.gov/elections/electionresults/2024General/Statewide%20Results/Certification%20of%20Vote%20for%20Mississippi%20Supreme%20Court%20District%20Three,%20Place%20Two.pdf (updated Nov. 19, 2024).

noticeable. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand.").

Likewise, the racial identity of political candidates is a judicially noticeable fact, alongside vote tallies, in Section 2 cases. *See, e.g.*, *Clements*, 999 F.2d at 890 n.41 (noting race of candidates in response to amicus brief requesting judicial notice of new election results); *Abbott*, 2022 WL 17683191, at *7 n.13 ("The Court does have discretion to take judicial notice that Representative Guillen won his 2022 election in HD31, running as a Republican, against Hispanic Democrat Martha Gutierrez, 71.3% to 28.7%."); *Missouri State Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Ferguson-Florissant Sch. Dist.*, No. 4:14-CV-2077-RWS, 2016 WL 5390946, at *5 (E.D. Mo. Sept. 27, 2016) ("I . . . took judicial notice of the official election results, which included the fact that one African American candidate, Connie Harge, and one white candidate, were elected to the Board."); *Rybicki*, 574 F. Supp. at 1149 n.4 ("We think it appropriate, however, to take judicial notice of the fact that . . . black candidates were unsuccessful in their efforts to unseat the white incumbent Senator."). As discussed above, the racial identities of the prevailing candidates are already in the trial record, with the exception of justice-elect David Sullivan, whose race can be ascertained from his campaign website and is not reasonably in question.[5] *See supra* notes 1 and 2.

The results of the recent Mississippi Supreme Court elections meet all of the elements of Rule 201 of the Federal Rules of Evidence and accordingly may be considered by the Court as it determines liability in this case.

---

[5] David P. Sullivan, *David P. Sullivan Mississippi Supreme Court*, https://sullivanforsupreme.com (last visited Jan. 3, 2025).

**CONCLUSION**

As set forth above, Plaintiffs respectfully request that the Court take judicial notice of the facts set forth above and as shown in Exhibit A attached to the Motion.

This the 9th day of January, 2025.

/s/ *Joshua Tom*
AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*

ACLU FOUNDATION
Ari J. Savitzky*
Ming Cheung*
Victoria Ochoa*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*mcheung@aclu.org*
*vochoa@aclu.org*
*slakin@aclu.org*

* Admitted *pro hac vice*

SOUTHERN POVERTY LAW CENTER
Bradley E. Heard*
Ahmed Soussi*
Sabrina Khan*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*ahmed.soussi@splcenter.org*
*sabrina.khan@splcenter.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
Janet A. Gochman*
Noah Gimbel*
Kate Lambroza*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on January 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

This the 9th day of January, 2025.

/s/ Joshua Tom
Joshua Tom