January 13, 2025

**VIA MAIL AND EMAIL TO:**

Lt. Gov. Delbert Hosemann
P.O. Box 1018
Jackson, MS, 39215
ltgov@senate.ms.gov

Speaker Jason White
P.O. Box 246
West, MS 39192
jwhite@house.ms.gov

Sen. Dean Kirby
P.O. Box 54099
Pearl, MS 39288
dkirby@senate.ms.gov

Rep. Noah Sanford
P.O. Box 1900
Collins, MS 39428
nsanford@house.ms.gov

Sen. Brice Wiggins
P.O. Box 1018
Jackson, MS 39215
bwiggins@senate.ms.gov

Rep. Kevin Horan
P.O. Box 2166
Grenada, MS   38901
khoran@house.ms.gov

Sen. Derrick Simmons
P.O. Box 1854
Greenville, MS 38702
dsimmons@senate.ms.gov

Rep. Robert Johnson III
P.O. Box 1678
Natchez, MS 39121
rjohnson@house.ms.gov

**Re: Remedial Plans for Mississippi's State Supreme Court districts**

Dear Lieutenant Governor Hosemann, Speaker White, Senators Kirby, Wiggins, and Simmons, and Representatives Sanford, Horan, and Johnson:

Last August, a federal district court held that Mississippi's Supreme Court district lines violate Section 2 of the Voting Rights Act ("VRA") by diluting the voting strength of Black voters.[1]  The Court enjoined any further use of those district lines, meaning that they cannot be used in the November 2026 elections in which one or more Supreme Court Justices will be elected.[2]  More recently, on December 19, 2025, the Court issued a further order providing that the Legislature would have the opportunity to "to enact a plan in compliance with Section 2 of the Voting Rights Act" during the 2026 legislative session, which has just commenced.[3]  The Court indicated that once remedial districts are put into place, special elections will be held in order

---

[1] *White v. State Bd. of Election Comm'rs*, 795 F. Supp. 3d 794 (N.D. Miss. 2025).

[2] *Id.* at 860.

[3] *White v. State Bd. of Election Comm'rs*, No. 4:22-CV-62-SA, 2025 WL 3688160, at *1 (N.D. Miss. Dec. 19, 2025) (quoting *White*, 795 F. Supp. 3d at 840).

1

to provide a complete remedy for the vote dilution proven at trial.[4]

We write on behalf of the Plaintiffs in that lawsuit to suggest that the Legislature can and should enact VRA-compliant Supreme Court district lines this session. Doing so would show responsible leadership, promote justice, and save Mississippi taxpayers the cost of further litigation. The Supreme Court district lines have not changed at all since 1987 and, in addition to unlawfully diluting the voting strength of Black Mississippians, are now significantly imbalanced in terms of overall population. They are overdue for change.

We further propose that the Legislature can and should enact one of the plans that was already submitted to and reviewed by the Court. A map depicting the plan is below and is reproduced and discussed in the Court's August 2025 opinion.[5]



---

[4] *Id.* at *2-*4.

[5] *White*, 795 F. Supp. 3d at 814-817. The full list of counties assigned to each district under this plan is appended to this letter as Appendix 1.

This plan is essentially pre-vetted. The Court reviewed and heard extensive testimony about these lines at trial and had "no trouble" concluding that they were reasonable.[6] The Court concluded that this configuration was visually compact, "splits no counties whatsoever," remedies the current population imbalance between the districts, and preserves and unites communities of interest such as the Mississippi Delta and the Gulf Coast.[7] In light of this plan's performance with respect to these and other traditional, non-racial districting considerations, the Court concluded that this configuration also does "not cross the line between racial consciousness and impermissible racial predominance."[8] Moreover, the lines in this plan are very similar to ones recently enacted by the Legislature in 2022 for Congressional District 2.[9]

In addition, this proposed remedial plan complies with the Court's order and remedies unlawful vote dilution by ensuring that Black Mississippians have an equal opportunity to elect candidates of their choice to the Mississippi Supreme Court. *See* 52 U.S.C. § 10301(b). It does this by including a district (District 1) in which Black voters will be able to elect candidates of their choice despite the "extreme" levels of racially polarized voting that were proven at trial, which stymie Black voters from being able to elect preferred candidates to the Mississippi Supreme Court on a free and equal basis under the present lines.[10]

We urge the Legislature to adopt this plan on a bipartisan basis. Doing so will not only demonstrate leadership and good governance, but will avoid the financial cost of further litigation. It will also ensure that there is no need for future litigation regarding the population imbalance in the current Supreme Court lines.[11] The

---

[6] *Id.* at 817.

[7] *Id.* at 816-817.

[8] *Id.* at 817.

[9] *White*, 795 F. Supp. 3d at 816 (noting similarity to legislatively enacted Congressional District 2). An image from the trial record comparing the lines of CD2 with the lines of Supreme Court District 1 under Plaintiffs' proposed plan is appended to this letter as Appendix 2.

[10] *Id.* at 819-831.

[11] The population deviation between the largest and the smallest districts under the current, enjoined Supreme Court lines is greater than 10% and thus presumptively inconsistent with the constitutional requirement of "one person, one vote." *E.g.*, *Evenwel v. Abbott*, 578 U.S. 54, 60 (2016). Accordingly, and were they not already enjoined, these lines still could not be used in any future elections for Public Service Commissioner or Transportation Commissioner. *See* Opinion, *McCray v. Miss. Bd. of Election Comm'rs*, No.

Legislature can also set forth new deadlines for candidate qualification and other elements of the election calendar for those Supreme Court elections which will take place under the new lines in November 2026.

While Plaintiffs retain the right to object to any plans enacted by the Legislature that do not fully comply with the Court's order and the VRA, they would not object to the adoption of the pre-vetted, whole-county plan set out here. It is our hope that the Legislature, consistent with the Court's order, can fulfill its duty to enact a lawful Supreme Court plan. We stand ready to help the Legislature achieve that goal and are happy to meet with any of you at any time.[12]

## Conclusion

Enacting a remedial plan like this one that fully remedies vote dilution will mean a swift, efficient, and just resolution of the remedial process for Mississippi taxpayers and Mississippi voters. Mississippians deserve nothing less.

We remain available and eager to work with the Legislature to ensure passage of a complete remedy along the lines of this proposal.

/s/ Ari Savitzky
Ari Savitzky
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
asavitzky@aclu.org

/s/ Joshua Tom
Joshua Tom
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
jtom@aclu-ms.org

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10007
jyoungwood@stblaw.com

/s/ Joshua Tom
Sabrina Khan
SOUTHERN POVERTY LAW CENTER
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
sabrina.khan@splcenter.org

---

84 Civ. 131 (N.D. Miss. Feb. 12, 1985) (Senter, C.J.) (holding that one-person, one-vote requirement applied to these commissioner positions).

[12] Plaintiffs are also willing to share and discuss other potential districting configurations and electoral mechanisms that could ensure compliance with Section 2 in State Supreme Court elections while remaining consistent with applicable Mississippi law and districting principles. *See, e.g.*, Miss. Const. §§ 145, 145A, 145B (mandating the use of three districts with three justices each).

*Counsel for the* White *Plaintiffs*

cc:    Rex Shannon, Mississippi Office of the Attorney General,
*rex.shannon@ago.ms.gov*

       Michael B. Wallace, Wise Carter Child & Caraway, P.A.,
*mbw@wisecarter.com*

**APPENDIX 1**

The districts in Plaintiffs' proposed remedial plan comprise the following counties:

**District 1:**  Adams, Amite, Attala, Bolivar, Carroll, Claiborne, Coahoma, Copiah, Franklin, Grenada, Hinds, Holmes, Humphreys, Issaquena, Jefferson, Lawrence, Leflore, Lincoln, Madison, Montgomery, Panola, Pike, Quitman, Sharkey, Sunflower, Tallahatchie, Tate, Tunica, Walthall, Warren, Washington, Wilkinson, Yalobusha, and Yazoo.

**District 2:**  Covington, Forest, George, Greene, Hancock, Harrison, Jackson, Jefferson Davis, Jones, Lamar, Marion, Pearl River, Perry, Rankin, Simpson, Stone, and Wayne.

**District 3:**  Alcorn, Benton, Calhoun, Chickasaw, Choctaw, Clarke, Clay, De Soto, Itawamba, Jasper, Kemper, Lafayette, Lauderdale, Leake, Lee, Lowndes, Marshall, Monroe, Neshoba, Newton, Noxubee, Oktibbeha, Pontotoc, Prentiss, Scott, Smith, Tippah, Tishomingo, Union, Webster, and Winston.

## APPENDIX 2

*The below image, from the trial record in* White, *shows the lines of Congressional District 2, which was enacted by the Legislature in 2022 (in red), overlaid on Plaintiffs' proposed remedial plan (districts labeled with black boxes).*

