**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

DYAMONE WHITE; DERRICK SIMMONS; TY
PINKINS; CONSTANCE OLIVIA SLAUGHTER
HARVEY-BURWELL,

      *Plaintiffs*,

      vs.

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his official
capacity as Governor of Mississippi*; LYNN FITCH,
*in her official capacity as Attorney General of
Mississippi*; MICHAEL WATSON, *in his official
capacity as Secretary of State of Mississippi,*

      *Defendants.*

**CIVIL ACTION NO.**
**4:22-cv-00062-SA**

**[PROPOSED] ORDER ON REMEDIES**

Having held a hearing on Tuesday, April 28, 2026, and having reviewed and considered all of the parties' submissions and arguments regarding the appropriate remedy in this matter, and incorporating the relevant trial record in this matter, the Court finds that:

1. The Mississippi Legislature has declined to enact any districting plan to remedy the violation of Section 2 of the Voting Rights Act, despite having had sufficient opportunity to do so;

2. The Mississippi Legislature has therefore not expressed any policy preferences that should be entitled to deference, other than the Legislature's previously stated goal of achieving population equality when it last enacted Supreme Court districts in 1987, *see Miss. NAACP v. State Bd. of Election Commissioners*, 782 F. Supp. 3d 349, 360 & n.5 (S.D. Miss. 2025);

1

3. All three of Plaintiffs' proposed remedial maps will remedy the Section 2 violation by ensuring that Black voters in Mississippi do not "have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice" on account of their race or color, *see Miss. State Conf. of the NAACP v. State Bd. of Election Comm'rs*, 782 F. Supp. 3d 336, 340 (S.D. Miss. 2025) (quoting 52 U.S.C. § 10301(b));

4. All three of Plaintiffs' proposed remedial maps are reasonably configured in that they consist of compact districts composed of whole counties that respect traditional redistricting principles, including by maintaining contiguity, correcting the 1987 districts' now-significant population deviation, respecting county and other political subdivision boundaries, and respecting communities of interest, while ensuring that considerations of race, if any, did not predominate in the districts' design;

5. The creation of an appropriate remedial plan in this case does not depend on creating or identifying a remedial district with any particular racial composition or threshold;

6. Plaintiffs' proposed Remedial Plan 1 is the most appropriate remedial option, because it adheres to traditional redistricting principles, minimizes population deviation between the districts to the greatest extent, and was crafted in a race-blind manner and is thus a durable remedy;

7. Mississippi has demonstrated that it is able to successfully conduct special elections in accordance with the schedule ordered by the three-judge panel in *Miss. State Conf. of NAACP v. State Bd. of Election Comm'rs*, 782 F. Supp. 3d 349, 361 (S.D. Miss. 2025); and

8. There is sufficient time to effectuate special elections in November 2026, to coincide with the general election that is already taking place, in District 1, Places 1 and 3, without disruption to election processes.

Therefore, for the foregoing reasons and substantially the arguments made by Plaintiffs in their submissions, and having weighed all of the relevant equities and considerations, the Court hereby orders and declares that:

1. Plaintiffs' Remedial Plan 1 is immediately adopted as the operative electoral map and shall be used by Defendants and their agents to conduct future elections in place of the 1987 Mississippi Supreme Court districts that this Court has permanently enjoined. The county assignments under the adopted remedial plan are as follows:

   - District 1: Adams, Amite, Attala, Bolivar, Calhoun, Carroll, Choctaw, Claiborne, Coahoma, Copiah, Franklin, Grenada, Hinds, Holmes, Humphreys, Issaquena, Jefferson Davis, Jefferson, Lawrence, Leflore, Lincoln, Madison, Marion, Montgomery, Panola, Pike, Quitman, Sharkey, Sunflower, Tallahatchie, Tunica, Walthall, Warren, Washington, Webster, Wilkinson, Yalobusha, and Yazoo;

   - District 2: Covington, Forrest, George, Greene, Hancock, Harrison, Jackson, Jasper, Jones, Lamar, Pearl River, Perry, Rankin, Simpson, Smith, Stone, and Wayne;

   - District 3: Alcorn, Benton, Chickasaw, Clarke, Clay, DeSoto, Itawamba, Kemper, Lafayette, Lauderdale, Leake, Lee, Lowndes, Marshall, Monroe, Neshoba, Newton, Noxubee, Oktibbeha, Pontotoc, Prentiss, Scott, Tate, Tippah, Tishomingo, Union, and Winston.

2. Defendants shall conduct special elections for the Mississippi Supreme Court for District 1, Places 1 and 3, in November 2026, and may conduct any other elections for Mississippi Supreme Court to be held in 2026, in accordance with the following schedule:

   a. June 1, 2026: Defendants shall provide the district assignments set forth herein and any other necessary data to local election officials so that the new Mississippi Supreme Court districts may be implemented in the Statewide Election Management System;

   b. June 22, 2026: Qualifying Period Begins;

   c. July 13, 2026: Qualifying Period Ends;

   d. September 4, 2026: Deadline to furnish sample ballots to county officials, Miss. Code § 23-15-367;

   e. September 18, 2026: UOCAVA Deadline to Print and Send Overseas Absentee Ballots, 52 U.S.C. § 20302(a)(8)(A);

   f. November 3, 2026: Special General Election Day (coinciding with existing General Election Day for U.S. Congress, Mississippi Supreme Court, and other offices).

SO ORDERED, this the __ __ day of May, 2026

_____
SENIOR UNITED STATES DISTRICT JUDGE