## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DYAMONE WHITE; DERRICK
SIMMONS; TY PINKINS; and
CONSTANCE OLIVIA SLAUGHTER
HARVEY-BURWELL**                                                    **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES**
*in his official capacity as Governor of
Mississippi***; LYNN FITCH** *in her
official capacity as Attorney General of
Mississippi***; and MICHAEL WATSON** *in
his official capacity as Secretary of
State of Mississippi*                                               **DEFENDANTS**

---

### DEFENDANTS' MEMORANDUM RESPONSE TO COURT ORDER

---

As directed by the Court's April 29, 2026 order, defendants submit this memorandum articulating their position on the impact of the U.S. Supreme Court's decision in *Louisiana v. Callais*, --- U.S. ---, 2026 WL 1153054 (U.S. Apr. 29, 2026), on this case and how the Court should proceed with the remedial process. Dkt. 298 at 1. *Callais* requires vacatur of this Court's prior opinion and order on liability (Dkt. 264) presently on appeal at the United States Court of Appeals for the Fifth Circuit. That appeal is stayed pending decisions in *Callais* and in other related redistricting cases before the Supreme Court and the Fifth Circuit. Order, *White v. SBEC*, Dkt. 27, CA5 No. 25-60506 (Sept. 29, 2025). The parties have filed a joint motion at the Fifth Circuit to lift the stay and for vacatur of this Court's August 19, 2025 opinion and order. Motion, *White v. SBEC*, Dkt. 44, CA5 No. 25-60506 (May 6, 2026). This Court should stay further remedial proceedings until the Fifth Circuit decides that motion. If the Fifth Circuit vacates the opinion and

1

order and remands the case as anticipated, no further remedial proceedings would be necessary. And, in that event, the Court should allow the parties 30 days to meet and confer on appropriate next steps to govern further proceedings.

The Fifth Circuit is almost certain to grant the parties' joint motion for vacatur. The parties agree that the *Callais* decision materially alters the legal framework that governs plaintiffs' vote-dilution claim under section 2 of the Voting Rights Act and on which this Court's prior opinion and order rests. *Callais* ruled that a majority-minority electoral district intentionally created by the Louisiana legislature was an unconstitutional racial gerrymander. *Id.* at *17-18. In its ruling, the Supreme Court made clear that section 2 must be read to "focus" on "*intentional* racial discrimination" and "imposes liability only when the evidence supports a strong inference" that state lawmakers "intentionally drew" disputed electoral "districts to afford minority voters less opportunity because of their race." *Id.* at *12, *13; *see id.* at *10-13. After *Callais*, plaintiffs alleging improper vote dilution under section 2 must (among other things) proceed under an "update[d]" "*Gingles* framework" with "realign[ed]" "preconditions," including a refined "'totality of the circumstances' inquiry" that "focus[es] on evidence" of "present-day intentional racial discrimination regarding voting" and not mere "present-day disparities" from alleged "societal discrimination" or "historical evidence" of "[d]iscrimination that occurred some time ago." *Id.* at *15-16, *18.

*Callais*' holdings apply to cases pending at the time of its disposition and govern further proceedings on the merits of plaintiffs' vote-dilution claim here. *See, e.g.*, *Whole Woman's Health v. Young*, 37 F.4th 1098, 1100 (5th Cir. 2022) (per curiam) (vacating injunction and remanding for further consideration in light of *Dobbs v. Jackson Women's Health Organization*); *Kapche v. City of San Antonio*, 304 F.3d 493, 499, 500 (5th Cir. 2002) (per curiam) (vacating and remanding claim

for further consideration, and explaining that "intervening Supreme Court decisions apply to cases on appeal" and a federal court must "apply the law in effect at the time it renders its decision"); *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986) (appellate courts "apply the law as it exists at the time of appellate review" when "a question of controlling precedent interven[es] between the date on which a lower court ruled and the date on which the ruling is considered on appeal"). After the Fifth Circuit's anticipated remand for further liability proceedings, the Court should allow the parties 30 days to meet and confer on an appropriate next steps to govern further proceedings.

THIS the 6th day of May, 2025.

Respectfully submitted,

STATE BOARD OF ELECTION
COMMISSIONERS, TATE REEVES, IN HIS
OFFICIAL CAPACITY AS GOVERNOR OF
MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
MISSISSIPPI, AND MICHAEL WATSON, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF
STATE OF MISSISSIPPI, DEFENDANTS

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

JUSTIN L. MATHENY (MSB #100754)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-3680
Fax:  (601) 359-2003
justin.matheny@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
CHARLES E. COWAN (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651

3

Tel.:  (601) 968-5500
Fax:  (601) 944-7738
mbw@wisecarter.com
chc@wisecarter.com

ATTORNEYS FOR DEFENDANTS

Case: 4:22-cv-00062-SA Doc #: 305 Filed: 05/06/26 4 of 4 PageID #: 10060