**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

|  |  |
|---|---|
| DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL,<br><br>    *Plaintiffs*,<br><br>    vs.<br><br>STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,*<br><br>    *Defendants.* | **CIVIL ACTION NO.<br>4:22-cv-00062-SA** |

**PLAINTIFFS' SUBMISSION REGARDING FURTHER PROCEEDINGS**

Pursuant to this Court's Order dated May 12, 2026, ECF No. 309, Plaintiffs propose that the parties be allowed to submit updated post-trial submissions in light of *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), so that this Court may re-assess the trial record under the updated legal standard and enter a new judgment. To that end, Plaintiffs propose that the Court enter an order that:

1. Incorporates and admits the evidence and testimony received at the remedial hearing on April 28, 2026, into the trial record, including the report and testimony of William Cooper; and

2. Directs the parties to submit Supplemental Proposed Findings of Fact and Conclusions of Law and Supplemental Post-Trial Briefs by June 30, 2026,

1

addressing the application of the additional elements of proof required by *Callais* for proving Section 2 liability.

This course provides for a fair and efficient resolution of this case in light of the updated *Gingles* framework set forth in *Callais*, without any unnecessary delay that could prejudice Plaintiffs' ability to obtain relief in this case. Plaintiffs have already submitted evidence to satisfy the updated framework, as set forth in Plaintiffs' prior submission, ECF No. 306, and Defendants have already had a chance to probe and respond to that evidence. In brief, the three relevant updates to *Gingles* are that Plaintiffs must: provide a race-blind map under the first *Gingles* factor (which Plaintiffs did at the remedial hearing); make a showing of racially polarized voting that controls for partisan affiliation (which was done at trial, based on evidence credited by the Court); and prevail on a totality of the circumstances analysis that places greater weight on current conditions that reflect intentional discrimination (also done at trial, again based on evidence credited by the Court). ECF No. 306 at 7–8; *see Callais*, 146 S. Ct. at 1159-1160. Thus, all that is needed is to incorporate the remedial-phase evidence regarding race-blind maps into the existing trial record and for the parties to submit updating post-trial submissions addressing the application of updated aspects of the legal standard based on the record. This can be done over the course of the next month.

Plaintiffs understand Defendants may propose new pleadings and a new round of discovery. Plaintiffs are unaware what additional discovery Defendants specifically believe to be necessary. Given that Plaintiffs do not need to introduce new evidence or legal theories, Defendants' proposal is not legally justified or practically necessary and will only make it more difficult to put a remedy in place for November 2027 should Plaintiffs again prevail on the merits under the updated vote dilution standard.

Notably, Plaintiffs' proposal is consistent with the approach adopted by the three-judge panel in the Northern District of Alabama in *Allen v. Milligan*, which did not require new pleadings following vacatur and remand of the panel's Section 2 liability finding in light of *Callais*. *See Allen v. Milligan*, No. 25-274, 2026 WL 1282800, at *1 (U.S. May 11, 2026) (vacating and remanding post-*Callais*); *see also* Opinion and Order Granting Preliminary Injunction ("Preliminary Injunction"), *Milligan v. Allen*, No. 2:21-cv-01530, ECF No. 537 (N.D. Ala. May 26, 2026) (enjoining districts post-*Callais*). Instead of resetting the litigation, the three-judge panel set "expeditious deadlines" for the parties to brief a preliminary injunction motion under the *Callais* standard and then issued a decision enjoining the Alabama congressional map as violating both Section 2 and the Equal Protection Clause approximately two weeks after remand. *See* Preliminary Injunction at 26–28, *Milligan*, No. 2:21-cv-01530, ECF No. 537. While the panel did set a new trial date and permit the parties to engage in discovery in the interim absent good cause otherwise, *id.* at 78, that process, unlike this case, will not prejudice the plaintiffs in the Alabama case because the challenged districts in that case are already enjoined and a remedial plan is already in place.

To the extent that the Court is inclined to grant Defendants' request to reopen discovery, the supplemental discovery period should be expedited and limited in scope to new evidence and expert submissions addressing the updates imposed by *Callais*, rather than a full second bite at the elements of the vote-dilution test that were already resolved at trial and that were not affected by *Callais*. *See United States v. Corp. Mgmt., Inc.*, 78 F.4th 727, 749–750 (5th Cir. 2023) (holding that district court has discretion to deny discovery); *e.g.*, *Bogan v. MTD Consumer Grp., Inc.*, No. 1:14-CV-225-SA-DAS, 2020 WL 957414, at *4 (N.D. Miss. Feb. 27, 2020) (declining to reopen discovery after remand), *aff'd*, 839 F. App'x 832 (5th Cir. 2020) (per curiam); *Fruge v. Ulterra*

*Drilling Techs., L.P.*, 883 F. Supp. 2d 692, 702 (W.D. La. 2012) (same). If discovery were to be reopened, Plaintiffs ask that such a supplemental discovery period occur on an expedited basis to preserve the possibility of special elections in November 2027 in the event that Plaintiffs again prevail. Plaintiffs propose the following schedule (again, to the extent that some specific need for additional discovery is identified and the Court determines additional discovery is warranted):

- Any expert disclosures due by July 9, 2026, and any responsive reports due by July 30, 2026.

- All supplemental discovery to be completed by August 14, 2026 (approximately 75 days);

- If necessary, an additional hearing day or days before this Court in August or September 2026, or as soon as the Court is available after the close of discovery, to complete the trial record;

- Submission of Supplemental Proposed Findings of Fact and Conclusions of Law and Supplemental Post-Trial Briefs, regarding both liability and any appropriate remedy, within 21 days of any hearing or, if no hearing is needed, within 21 days of the close of discovery.

**ARGUMENT**

**I.      THERE IS NO LEGAL BASIS TO REQUIRE PLAINTIFFS TO FILE A NEW OR SUPPLEMENTAL COMPLAINT.**

Plaintiffs' Amended Complaint remains operative, and Plaintiffs are unaware of any legal requirement that they amend their pleading at this stage. First principles dictate that the "plaintiff is 'the master of the complaint,' and therefore controls much about her suit." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation omitted); *accord Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("We start with the long-established axiom that a

4

plaintiff is master of his complaint.").  While amendment could be appropriate if Plaintiffs sought to add a new claim or theory of liability or if their existing complaint had been dismissed, neither has occurred in this case.  *Callais* did not create a new legal claim, and the Fifth Circuit Court of Appeals did not reverse this Court's liability finding or otherwise direct the dismissal of Plaintiffs' claim or complaint.

Submitting new pleadings after vacatur and remand is not the usual practice.  Notably, the parties' joint motion to the Fifth Circuit cited two recent cases that were vacated and remanded in light of intervening changes in law: Neither case on remand involved the filing of new complaints or reopening discovery.  *See* Joint Mot. at 2, *White v. State Bd. of Election Comm'rs*, No. 25-60506, Doc. 44 at 6 (5th Cir. May 6, 2026) (citing *Utah v. Su*, 109 F.4th 313, 319 & n.10 (5th Cir. 2024) and *United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025)).  In *Utah*, the parties simply re-briefed their motions for summary judgment in light of the new precedent.  *Utah v. Micone*, 766 F. Supp. 3d 669, 676 (N.D. Tex. 2025) ("After remand, the parties agreed to file supplemental briefs in support of motions for summary judgment and opposing the other parties' summary judgment motion.").  Similarly, in *Rose*, the district court, on remand, merely ordered the parties to file supplemental briefs before issuing a new ruling.  Electronic Order, *Rose v. United States*, No. 3:16-CV-2232, ECF No. 71 (N.D. Tex. May 12, 2025) ("Considering the remand from the Fifth Circuit, . . . , the parties are ORDERED to file supplemental briefing . . . , addressing how *Floyd v. Texas* . . . impacts the movant's sentence.").  Numerous other such examples can be found in the Fifth Circuit.  *E.g.*, *Bogan*, 839 F. App'x at 833, 836 (finding that district court "did not abuse its discretion by denying [party's] request for another evidentiary hearing and additional discovery"); *Rent-A-Center, Inc. v. Barker*, 633 F. Supp. 2d 245, 248 (W.D. La. 2009) (issuing

new decision on remand after directing parties to file "memoranda in support of their positions as to the effect of" intervening Supreme Court precedent).

Similarly, the three-judge panel in in *Milligan*, following a remand in light of *Callais*, proceeded without requiring new pleadings. *See* Preliminary Injunction at 26–28, *Milligan*, No. 2:21-cv-01530, ECF No. 537. Instead, the panel "set expeditious deadlines for preliminary injunction motions" and granted an injunction, under the *Callais* standard, against the challenged districts approximately two weeks after remand. *Id.*

Indeed, requiring Plaintiffs to plead additional facts after a trial has already been held would have no apparent legal purpose and would be inconsistent with the Federal Rules. The time for motions based on the pleadings has long passed. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Additionally, Rule 15(b), which governs amendments of pleadings during and after trial, contemplates that a complaint may be "conform[ed] to the evidence" adduced at trial but that any "failure to amend does not affect the result of the trial of that issue." *See* Fed. R. Civ. P. 15(b)(2); *Haught v. Maceluch*, 681 F.2d 291, 305–06 (5th Cir. 1982). Here, Defendants did not object to any liability or remedial issues as being beyond the scope of the pleadings during any of the prior proceedings, and Plaintiffs do not seek to rely on any facts—let alone new issues or claims—beyond the existing record (including Mr. Cooper's remedial phase testimony and submissions) to re-establish liability under *Callais*. In short, this case has progressed well beyond the point at which the pleadings are legally relevant.

## II.   REOPENING DISCOVERY IS UNNECESSARY.

Plaintiffs understand Defendants' position to be that they need an amended complaint to advise them of Plaintiffs' factual basis for proving a Section 2 violation under *Callais*, as well as possible discovery related to proving intentional racial discrimination. Neither position is justified.

First, the evidentiary basis for Plaintiffs' Section 2 claim is no secret. As outlined in Plaintiffs' brief on May 6, 2026, and as reiterated herein, Plaintiffs will rely on the trial and remedial records, which provide factual support for meeting all of the elements of the *Gingles* test that were updated in *Callais*. Indeed, Plaintiffs have already disclosed a roadmap of their arguments, *see generally* ECF No. 306, and the existing record—including Plaintiffs' extensive proposed factual findings, ECF No. 252—is the best reflection of the factual basis for Plaintiffs' claim.

Second, to the extent that Defendants claim that *Callais* has changed the Section 2 standard to focus more on intentional discrimination, that is not a basis for reopening discovery. For one, *Callais* did not change the fact that Section 2 is ultimately about "results," not intent. 52 U.S.C. § 10301; *accord Callais*, 146 S. Ct. at 1145 ("The House and Senate eventually compromised, and the final product included both an effects test in § 2(a) and a 'robust disclaimer against proportionality' in § 2(b)." (quoting *Allen v. Milligan*, 599 U.S. 1, 13 (2023))); *Milligan*, 599 U.S. at 25 ("§ 2 turns on the presence of discriminatory effects, not discriminatory intent."). The Court's statement in *Callais* that "the circumstances [in a Section 2 case] must give rise to a strong inference of racial discrimination" is not to the contrary. 146 S. Ct. at 1162. Indeed, intentional discrimination and factual circumstances that create an inference of intentional discrimination operating in the political process have *always* been part of the totality of the circumstances analysis under *Gingles*. *See, e.g.*, *Thornburg v. Gingles*, 478 U.S. 30, 36–38 (1986) (reciting factors relevant to totality of circumstances, including record of "official discrimination in the state" and conditions "that may enhance the opportunity for discrimination against the minority group"); *see also United States v. Marengo Cnty. Comm'n*, 731 F.2d 1546, 1565–66, 1567 (11th Cir. 1984) (Wisdom, J.) (discussing application of Section 2 and the Senate factors, which were drawn from

7

*Zimmer v. McKeithen*, 485 F.2d 1297 (5th Cir. 1973) (en banc) and noting that "[t]he surest indication of race-conscious politics is a pattern of racially polarized voting").

Moreover, Defendants have already had a full opportunity to engage in discovery on intentional discrimination with respect to the Mississippi Supreme Court districts. Plaintiffs' original complaint contained a claim of intentional racial discrimination. ECF No. 1 at 53–55. Plaintiffs voluntarily withdrew the intent claim on March 24, 2023, ECF. No. 128, after the time for serving written fact discovery had already passed, and with less than 30 days remaining before the close of discovery, *see* ECF No. 47 at 4. Defendants had already produced their two expert reports on Jan. 6, 2023, ECF No. 106, neither of which addressed intentional discrimination. They cannot now argue that they would have pursued discovery differently if intentional discrimination had been part of the case in the first instance.

The only evidence that Plaintiffs are requesting to incorporate into the trial record, for purposes of meeting the updated *Callais* standard, is the remedial record, particularly the report and testimony of Mr. Cooper, who produced race-blind and other maps for purposes of the remedial hearing. *See* Preliminary Injunction at 43, 53–54, *Milligan*, No. 2:21-cv-01530, ECF No. 537 (reaffirming Section 2 liability post-*Callais* based on plaintiffs' race-blind map). No further reopening of the record is warranted. To the extent that the Court intends to allow the reopening of discovery, it should be limited to evidence that directly addresses *Callais*'s updates to the *Gingles* framework and should take place expeditiously, closing within 75 days, to avoid needlessly delaying a final resolution on the merits.

## III. DELAY WOULD UNDULY PREJUDICE PLAINTIFFS' ABILITY TO SEEK TIMELY RELIEF

Plaintiffs intend to seek special elections for November 2027. *See* ECF No. 306 at 7 n.2. Defendants argued extensively during remedial proceedings that there is a strong state interest in

8

having a nine-month election cycle for any Supreme Court elections, including special elections. ECF No. 295 at 23–25. For that reason, Defendants opposed, in April 2026, the holding of special elections in November 2026. While Plaintiffs disagree with Defendants' position, moving the case expeditiously towards the completion of any supplemental discovery and/or post-trial submissions remains important to maximizing the chance that, if Plaintiffs prevail again, they will be able to obtain relief for the 2027 election.

Defendants' contrary suggestion would likely entail many months of delay, such that this Court would not be in position to rule until the end of this year at the earliest, leaving little time before the start of Defendants' preferred nine-month election cycle. First, Defendants may suggest that Plaintiffs file a new complaint, presumably by mid-June at the earliest. Defendants may then request until July to file a responsive pleading (and notably, Defendants have not disclaimed any intent to file a motion to dismiss, which would introduce additional months of delay). This would be followed by an exchange of unspecified discovery, which, even assuming an expedited 60- or 75-day discovery period, would take until September—and could stretch even deeper into the Fall under Defendants' proposal. If new experts or witnesses are introduced, the parties and the Court may need to hear live testimony at another evidentiary hearing following the close of discovery. And only then would the parties be able to complete supplemental post-trial submissions. Proceeding in this manner would thus mean that the Court might not have the case fully re-submitted until December 2026, even assuming no other motion practice and a fairly expedited supplemental discovery period, giving the Court only a few weeks to issue an opinion with a liability finding and to order any appropriate remedy before the start of the nine-month election cycle that Defendants prefer.[1]

---

[1] This Court, having already given the Mississippi Legislature the time to enact a new plan and having presided over a remedial hearing, can simultaneously enter a remedial order along with any

Under the circumstances, such delay is unwarranted. A course of action that will prevent the case from being fully resubmitted until the end of the calendar year at the earliest is not supported by good cause and could prejudice Plaintiffs' ability to obtain relief in 2027.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order incorporating and admitting the evidence and testimony received at the remedial hearing on April 28, 2026, into the trial record and directing the parties to submit Supplemental Proposed Findings of Fact and Conclusions of Law and Supplemental Post-Trial Briefs on both Liability and Remedy by June 30, 2026. To the extent the Court determines that discovery should be reopened, Plaintiffs ask that such discovery be completed within 75 days and limited to addressing the changes to the *Gingles* framework under *Callais*.

Respectfully submitted,

This the 26th day of May 2026

---

reissued liability finding.

10

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (Miss. Bar No. 106441)
Janet Gochman*
Noah Gimbel*
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

\* Admitted *pro hac vice*

/s/ *Ari J. Savitzky*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ari J. Savitzky*
Ming Cheung*
Nina McKay*
Sophia Lin Lakin*
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*
*mcheung@aclu.org*
*nmckay@aclu.org*
*slakin@aclu.org*

SOUTHERN POVERTY LAW CENTER
Bradley E. Heard*
Sabrina Khan*
150 E Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*
*sabrina.khan@splcenter.org*

*Attorneys for Plaintiffs*

11