**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

DYAMONE WHITE; DERRICK
SIMMONS; TY PINKINS; and
CONSTANCE OLIVIA SLAUGHTER
HARVEY-BURWELL                                                     **PLAINTIFFS**

VS.                                            **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES
*in his official capacity as Governor of
Mississippi*; LYNN FITCH *in her
official capacity as Attorney General of
Mississippi*; and MICHAEL WATSON *in
his official capacity as Secretary of
State of Mississippi*                                              **DEFENDANTS**

**RESPONSE TO COURT ORDER**

As directed by the Court's May 12, 2026 order, defendants submit this response setting

forth their position on further proceedings following the United States Court of Appeals for the

Fifth Circuit's vacatur of this Court's prior liability order, Dkt. 308, and the U.S. Supreme Court's

April 29, 2026 decision in *Louisiana v. Callais*, --- U.S. ---, 146 S. Ct. 1131 (2026). In connection

with the Fifth Circuit's vacatur ruling, the parties have stipulated that plaintiffs will not seek relief

ordering special elections for positions on the Mississippi Supreme Court before November 2027.

Ex. 1. But the parties have not agreed on the approach to further proceedings in the case.

The Court should order further proceedings that afford the parties a fair chance to present

evidence and argument in light of *Callais*. *Callais* imposes a new standard that governs plaintiffs'

claim under section 2 of the Voting Rights Act. The U.S. Supreme Court made clear that section

2 protects an "opportunity" to vote that "results from the application of the State's combination of

1

permissible [redistricting] criteria," not a "right" to a "sufficient number of majority-minority districts." *Louisiana v. Callais*, --- U.S. ---, 146 S. Ct. 1131, 1155, 1156 (2026). That interpretation of section 2 required a new "align[ment]" of the prior "*Gingles* framework" with "the statutory text" and "important developments" since *Gingles* was decided. *Id.* at 1157. Under *Callais'* new preconditions, illustrative maps "cannot use race" at all and "must meet all the State's legitimate districting objectives" and plaintiffs must "disentangle race from politics." *Id.* at 1159. And the totality-of-the-circumstances test "must focus on evidence that has more than a remote bearing on … present day intentional discrimination regarding voting." *Id.* at 1160. In cases where "controlling precedent changes" after trial, the parties are "generally" entitled to a "new trial" affording "the opportunity to present evidence relevant to that new standard." *Carter v. Local 556, Transportation Workers Union of America*, 156 F.4th 459, 488 (5th Cir. 2025) (quotations omitted); *see Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) (explaining that, after a change in controlling law, further proceedings allowing the "parties" the "benefit of the new law" and a chance "to present evidence relevant to th[e] new standard" promotes "fairness" and "prevent[s] injustice"). Further proceedings here should include three main features to provide the parties a reasonable opportunity to address plaintiffs' claim in light of *Callais*.

First, the Court should require plaintiffs to file a pleading that identifies the factual allegations on which their section 2 claim rests under the standard set forth in *Callais*. *Callais* ruled that section 2 must be read to "focus" on "*intentional* racial discrimination" and "imposes liability only when the evidence supports a strong inference" that state lawmakers "intentionally drew" disputed electoral "districts to afford minority voters less opportunity because of their race." 146 S. Ct. at 1155-56, 1157; *see id.* at 1153-57. To meet that standard, plaintiffs must (among other

things) satisfy the new "*Gingles* framework" with "realign[ed]" "preconditions" and a new "'totality of the circumstances' inquiry" that "focus[es] on evidence" of "present-day intentional racial discrimination regarding voting" and not mere "present-day disparities" from alleged "societal discrimination" or "historical evidence" of "[d]iscrimination that occurred some time ago." *Id.* at 1159-60, 1162. That burden starts with an adequate complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a "plausible" claim, plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the purpose of Rule 8's pleading requirement is "to give the defendant fair notice" of the "claim" and "the grounds upon which it rests"). Before proceeding any further the defendants should not have to guess what allegations plaintiffs will contend meet their burden under the new *Callais* preconditions and totality-of-the-circumstances inquiry.

Second, the Court should allow the parties an opportunity for discovery. Additional discovery will ensure that both sides get a fair opportunity to develop and present evidence relevant to plaintiffs' claim under the *Callais* standard. *See Carter*, 156 F.4th at 488; *Deffenbaugh-Williams*, 188 F.3d at 282. The Court has already received documents and testimony from fact and expert witnesses at trial and a more recent evidentiary hearing. But those evidentiary submissions occurred before *Callais* was decided. To date, the parties have had no opportunity to conduct any discovery under the new *Callais* framework, examine any witness, or proffer any document with the benefit of knowing the Supreme Court's decision in *Callais*.

Third, the Court should order the parties to submit any new evidence and briefs on a reasonable schedule that requires plaintiffs to file their submission first, followed by an opportunity for defendants to file a responsive submission. Plaintiffs now have the burden to prove

3

their section 2 claim under the *Callais* standard. *See* 146 S. Ct. at 1160. It only makes sense to first afford plaintiffs an opportunity to meet that burden and then to allow defendants to respond. That approach aligns with the normal sequence of presentation of proof and argument at trial, and whenever a party seeks relief from the Court. *See* Local Rule 7(b).

**REQUESTED RELIEF**

The Court should enter an order setting reasonable deadlines for plaintiffs to file an amended or supplemental complaint, for an expedited period of discovery, and for the parties to submit any additional evidence and briefs on plaintiffs' section 2 claim under the *Callais* standard. Defendants submit that the Court's order should include the following (or substantially similar) deadlines:

June 22, 2026: deadline for plaintiffs to file amended/supplemental complaint

July 6, 2026: deadline for defendants to respond to amended/supplemental complaint

August 3, 2026: deadline for plaintiffs' additional expert designations

September 3, 2026: deadline for defendants' additional expert designations

October 30, 2026: discovery deadline

November 20, 2026: deadline for plaintiffs' evidentiary submission and brief

December 11, 2026: deadline for defendants' evidentiary submission and brief

December 28, 2026: deadline for plaintiffs' reply brief

Following completion of this schedule the Court should set a hearing for oral argument and presentation of evidence, if deemed necessary.

THIS the 26th day of May, 2025.

Respectfully submitted,

STATE BOARD OF ELECTION
COMMISSIONERS, TATE REEVES, IN HIS
OFFICIAL CAPACITY AS GOVERNOR OF
MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
MISSISSIPPI, AND MICHAEL WATSON, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF
STATE OF MISSISSIPPI, DEFENDANTS

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

JUSTIN L. MATHENY (MSB #100754)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-3680
Fax:  (601) 359-2003
justin.matheny@ago.ms.gov

MICHAEL B. WALLACE (MSB #6904)
CHARLES E. COWAN (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Tel.:  (601) 968-5500
Fax:  (601) 944-7738
mbw@wisecarter.com
chc@wisecarter.com

ATTORNEYS FOR DEFENDANTS

5