**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL** — **PLAINTIFFS**

**VS.** — **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES *in his official capacity as Governor of Mississippi*; LYNN FITCH *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON *in his official capacity as Secretary of State of Mississippi*** — **DEFENDANTS**

---

**AGREED PROTECTIVE ORDER REGARDING NON-PARTY WITNESS JUSTICE BRANNING'S DEPOSITION**

---

In exchange for the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Plaintiffs and Non-Party Witness Mississippi Supreme Court Justice Jenifer Branning ("the Deponent") hereby agree to the following terms regarding the deposition of Justice Branning taken on October 20, 2026.

**I. General Provisions**

1. Good cause. Good cause exists under Federal Rule of Civil Procedure 26(c)(1) to issue a protective order with respect to Justice Branning's October 20, 2026, deposition. The protection ordered below is limited to the identified discovery and information obtained through it, rather than information acquired independently.

2. Scope. This Order regulates discovery confidentiality for the above-captioned matter. Any restriction on public access to judicial records or proceedings requires the separate determination described below.

## II. Discovery Materials

3. Protected Material. "Protected Material" means pages 16–17, 33–40, 63–64, and 70–71 of the transcript and/or stenographic record of the deposition of Justice Branning on October 20, 2026, including corrected or supplemental versions, copies, excerpts, summaries, and reproductions of the same.

4. Authorized recipients and purposes. Protected Material may be used solely to prepare, prosecute, defend, try, appeal, or resolve this action, including with respect to any motion practice related to Justice Branning's pending or forthcoming motion(s) to seal or for other relief related to her October 20, 2026, deposition. Access is limited to the Court and authorized court personnel; counsel of record, the Deponent's counsel, and their necessary staff; the parties and their officers or employees reasonably necessary to assist counsel; retained experts or consultants reasonably necessary to this action; deposition officers and necessary litigation-support vendors; and witnesses, including the Deponent, only to the extent reasonably necessary for preparation or testimony. Further access requires a court order. Before disclosure to a recipient other than the Court, court personnel, counsel, or their staff, disclosing counsel shall provide this Order and obtain a written acknowledgment in the form attached hereto as Appendix A (the "Acknowledgement"), agreeing to comply with it unless the Court directs otherwise. Counsel shall retain those acknowledgments. Authorized recipients shall use reasonable safeguards against unauthorized access, copying, or disclosure.

5. Express prohibition on public dissemination. Except for judicial use expressly permitted by this Order or a further court order, no party, attorney, or other recipient bound by this

Order shall publish, distribute, broadcast, upload, post, release, furnish, or otherwise disseminate Protected Material to the public at large, the press or other media, social-media platforms, publicly accessible websites or repositories, or any person not authorized to receive it. This prohibition includes oral disclosures, paraphrases, and summaries to the public at large, the press or other media, social-media platforms, and publicly accessible websites or repositories. No recipient may cause, direct, assist, or knowingly permit another person to accomplish a disclosure that this Order prohibits.

6. Permissible trial and evidentiary use preserved. Notwithstanding the above, the Protected Material may be used in any proceeding in this matter for all reasonable and legally allowable purposes under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Local Rules, and the Federal Rules of Appellate Procedure, subject to their requirements and the Court's rulings. Permissible purposes may include, but are not limited to, contradiction or impeachment, rehabilitation, substantive evidence where admissible, refreshing recollection, and completeness. Neither the non-party status of the Deponent nor this Order independently establishes admissibility. All objections, privileges, and rights to seek exclusion are preserved. This Order does not make otherwise inadmissible evidence admissible, waive an objection, or excuse compliance with Rule 32. Confidentiality alone shall not bar a use otherwise permitted by the governing rules and the Court.

7. Court filings. Before filing Protected Material on the public docket, counsel shall give reasonable advance notice to the deponent's counsel and affected parties, consistent with scheduling orders, so that appropriate protection may be sought. The person seeking continued protection must timely request the necessary relief and support it under applicable law and the Court's local rules and procedures. Counsel shall seek measures no broader than necessary,

including redaction or limited sealing where sufficient. Pending the Court's ruling, counsel shall not place the disputed material on the public docket. No recipient may use this process to obstruct a ruling or prevent otherwise permissible trial use.

8. No automatic courtroom closure or judicial-record sealing. This Order does not itself seal a future filing, close a courtroom, restrict access to admitted evidence, or determine the public's right of access to judicial records or proceedings. Those matters require an appropriate application and further ruling under applicable law.

9. Independent sources and required disclosures. This Order does not restrict information lawfully obtained independently of discovery in this action, or information lawfully available to the public through no violation of this Order. Neither exception authorizes release of the Protected Material. A recipient facing a subpoena or other legal demand for the Protected Material shall, to the extent legally permitted, promptly notify the Deponent's counsel and affected parties, provide a copy, and afford a reasonable opportunity to seek protection before disclosure. This Order does not authorize disobedience of a binding legal obligation or court order; disclosure shall be limited to what is required.

10. Unauthorized disclosure; modification; duration. A recipient learning of unauthorized disclosure shall promptly notify counsel for the Deponent and affected parties and take reasonable steps to stop further dissemination and retrieve unauthorized copies. Any affected person may seek clarification, modification, additional protection, or relief from this Order. Its restrictions continue after disposition of this action unless modified or dissolved by the Court. Violations may be addressed through remedies available under applicable law after appropriate notice and opportunity to be heard. Nothing in this Order adjudicates a privilege claim or restricts a lawful challenge to the protection ordered.

IT IS SO ORDERED.

Dated this 12th day of November, 2026.

Judge Jane M. Virden
United States Magistrate Judge

**APPENDIX A**

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL** — **PLAINTIFFS**

**VS.** — **CIVIL ACTION NO. 4:22-cv-00062-SA-JMV**

**STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES *in his official capacity as Governor of Mississippi*; LYNN FITCH *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON *in his official capacity as Secretary of State of Mississippi*** — **DEFENDANTS**

---

**ACKNOWLEDGEMENT**

---

The undersigned hereby certifies that he/she has received a copy of the Agreed Protective Order in the above-captioned case, that he/she has read the Agreed Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof and that he/she agrees to submit to the jurisdiction of the District Court for the Northern District of Mississippi, Greenville Division for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of Court.

Dated: ____________________ Name: ______________________________

Title: ______________________________

Signed: ______________________________